HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM MCNAE and RONDA MCNAE, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>ARAG INSURANCE COMPANY,<br><br>Defendant. | No. 2:24-cv-00211-TL<br><br>FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND OTHER REMEDIES |

## I.   PARTIES

1. The plaintiffs are Ronda McNae and William McNae. The McNaes reside in King County, Washington.

2. The defendant is ARAG Insurance Company (ARAG). ARAG is an out-of-state insurance company registered in the State of Washington to sell insurance to residents of our state. ARAG's "state of domicile," according to premium tax forms ARAG submits in Washington, is Iowa.

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND OTHER REMEDIES
(No. 2:24-cv-00211-TL) - 1

Ruiz & Smart LLP
901 Fifth Ave., Ste. 820
Seattle, WA 98164
Tel. 206-203-9100 Fax 206-785-1702

3. Defendant is vicariously liable for the acts and omissions of its employees and agents, including any outside person or entity to whom defendant assigned claims-handling or investigative responsibilities.

## II.   JURISDICTION AND VENUE

4. The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446.

5. This Court has personal jurisdiction over ARAG.

6. Venue is proper in this Court under 28 U.S.C. § 1441(a) and 1446(a) because the King County Superior Court, where the McNaes initiated this action, is a state court in the geographic embrace of this District and this Division.

## III.   CONDITIONS PRECEDENT

7. All conditions precedent were performed or have occurred.

## IV.   FACTUAL ALLEGATIONS

8. ARAG sells "legal insurance."

9. According to ARAG's website[1]:

> Legal insurance isn't just for the rough times in life. The need for legal protection is everywhere, and it's part of everything we do. It's part of life's good times, like adding your newborn to your will, buying that new house, or proudly putting your hard-earned savings into a trust. It's also part of life's struggles, like when kids make mistakes, you get caught speeding, or a true love just doesn't work out.
>
> Fortunately, legal insurance from ARAG is here for you. With a network of thousands of knowledgeable attorneys across the US, ARAG will help you find an attorney nearby, a professional to provide legal advice and consultation,

---

[1] ARAG, *What Is Legal Insurance*, <https://www.araglegal.com/learning-center/topics/why-you-need-legal-insurance/what-is-legal-insurance> (accessed January 11, 2024).

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND OTHER REMEDIES
(No. 2:24-cv-00211-TL) - 2

Ruiz & Smart LLP
901 Fifth Ave., Ste. 820
Seattle, WA 98164
Tel. 206-203-9100 Fax 206-785-1702

review or prepare documents, and even represent you in court. Plus, your network attorney fees are 100% paid in full for most covered matters.

So how does it work? When you're concerned about or experience a legal issue, you have a variety of options. You can speak with a network attorney over the phone or in person, access ARAG's online resources and legal documents, or call our customer care specialists, who will listen to your situation and help guide you throughout the process.

The ARAG legal insurance plan is designed around what works best for you. Discover this valuable, affordable benefit that saves you time and money, plus gives you the confidence that you and your family are protected through life's legal matters. ARAG legal insurance is only available during your employer's annual open enrollment period for benefits. See plan for details.

10. ARAG issued an insurance policy to the McNaes, who paid the premiums on the policy.

11. The certificate of insurance has two titles: "UltimateAdvisor Conversion Plan" and "Legal Expense Insurance Plan."

12. The policy defines "insured" as follows: "the **named insured** only or the **named insured** and the **named insured's** spouse, and/or eligible dependents as defined by mutual agreement between the **policyholder** and **us**." Mr. McNae is the named insured, and Ms. McNae is his spouse.

13. The policy's coverage provision reads:

**We** will pay the attorney fees of the **Network Attorney** for covered **legal services** provided to **you** resulting from an **insured event** which occurs after **your effective date** and while **your Certificate of Insurance** is in effect for the legal matters listed below.

…

Only matters expressly listed are covered **benefits** and are paid as indicated below.

14. The policy defines "insured event" as "any event covered by this policy whose initiation date will be considered the earlier of the date (a) written notice of a **legal dispute** is

FIRST AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND OTHER
REMEDIES
(No. 2:24-cv-00211-TL) - 3

Ruiz & Smart LLP
901 Fifth Ave., Ste. 820
Seattle, WA 98164
Tel. 206-203-9100 Fax 206-785-1702

sent or filed by **you** or received by **you**; or (b) a ticket or citation is issued; or (c) an attorney is hired."

15. "Legal services" is defined as "time spent by **your** attorney and their office staff for **your** covered legal matters which does not include costs such as, but not limited to: filing fees, copy costs, mileage, title insurance, expert witnesses, mediator, home studies, transcriptionists, title search, and title abstracting."

16. The policy provides benefits for defense of civil damages claims, "except claims involving the ownership or use of a motorized vehicle, claims which are covered by other insurance, or claims related to a felony charge."

17. In defense of civil damages claims, there is no policy limit for benefits so long as a network attorney provides the legal services.

18. The policy gives insureds the absolute right to choose their attorney. It states:

> **You** have the unrestricted right to choose an attorney. The attorney is not **our** agent or employed by **us** or the **policyholder**. **We** and the **policyholder** shall at no time control or interfere with the performance of the attorney and **we** do not guarantee the skill of the attorney. Any payment to a **network attorney** for legal services is our responsibility is **our** responsibility up to **your** policy limits.

19. The policy defines "policyholder" as the organization on the declarations page.

20. The policy contains an "exclusions" section with just four items.

A. *Fitzgerald* **Federal Court Action**

21. On July 14, 2022, an action (the *Fitzgerald* federal-court action) was commenced by Michael J. Fitzgerald against Ms. McNae in the United States District Court for the Southern District of Florida, Miami Division. *Fitzgerald v. McNae*, No. 1:22-cv-22171-JEM (S.D. Fla.).

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND OTHER REMEDIES
(No. 2:24-cv-00211-TL) - 4

RUIZ & SMART LLP
901 Fifth Ave., Ste. 820
Seattle, WA 98164
Tel. 206-203-9100 Fax 206-785-1702

22. The *Fitzgerald* federal-court action consisted of civil damages claims for which ARAG owed benefits under the policy. Yaleny de Varona (spouse of Mr. Fitzgerald) was added as a plaintiff.

23. Mr. Fitzgerald later added Mr. McNae as a defendant in the same case.

24. Attorney Alaina Fotiu-Wojtowicz became a network attorney and agreed to provide legal services in Ms. McNae's defense of the *Fitzgerald* federal-court action.

25. Attorney Stephanie Anne Casey agreed to provide legal services in Mr. McNae's defense of the *Fitzgerald* federal-court action.

26. From August 2022 through December 2023, Ms. Fotiu-Wojtowicz provided exemplary legal services to Ms. McNae in defense of the *Fitzgerald* federal-court action.

27. The case was mediated unsuccessfully on or about September 13, 2023.

28. On October 23, 2023, the federal court granted a motion to dismiss the claims against Mr. McNae for lack of subject-matter jurisdiction. The jurisdictional motion was denied with respect to Ms. McNae, although the court dismissed some of the *Fitzgerald* plaintiffs' claims against her.

29. On November 20, 2023, ARAG terminated Ms. Fotiu-Wojtowicz. Neither Ms. Fotiu-Wojtowicz nor Ms. McNae consented to the termination. The letter stated: "ARAG will pay for legal services provided until December 1, 2023, or until withdrawal of representation is complete, whichever is earlier."

30. At the time the McNaes filed this action, trial was scheduled to commence during the two-week period beginning Monday, February 12, 2024, at 9:30 a.m.

31. After the termination letter, Mr. Fitzgerald filed a motion to dismiss Ms. McNae's counterclaim and strike affirmative defenses (November 30, 2023).

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND OTHER REMEDIES
(No. 2:24-cv-00211-TL) - 5

RUIZ & SMART LLP
901 Fifth Ave., Ste. 820
Seattle, WA 98164
Tel. 206-203-9100 Fax 206-785-1702

32.     At the time the McNaes filed this action, Ms. McNae had not been able to secure new counsel.

33.     ARAG attempted to condition the selection of replacement counsel on the agreement of such counsel to limit their services to a value of $100,000.

34.     It would have been impracticable and prejudicial to carry Ms. McNae's defense of the *Fitzgerald* federal-court action through trial for $100,000 or less.

**B.      *Fitzgerald* State Court Action**

35.     ARAG also terminated Ms. Casey's representation of Mr. McNae in the *Fitzgerald* federal-court action, even as Ms. Casey had successfully obtained dismissal of the claims against McNae.

36.     Mr. Fitzgerald has attempted to resurrect his claims against Mr. McNae—dismissed in the federal-court action—in Florida state court (the *Fitzgerald* state-court action), entitled *Michael Fitzgerald v. William McNae*, No. 2023-025855-CA-01 (Fla. 11th Judicial Circuit).

37.     Mr. Fitzgerald tendered the *Fitzgerald* state-court action to ARAG, which denied coverage.

38.     Mr. Fitzgerald amended the complaint on or about February 13, 2024.

39.     The amended complaint alleges a claim for breach of contract, for alleged violation of a confidential settlement agreement—the same alleged violation that was in issue in the *Fitzgerald* federal-court action.

40.     The amended complaint adds: "Plaintiff reserves the right to reassert his defamation and tort claims in the event that the Confidential Settlement Agreement at issue is deemed unenforceable and/or void by this Court."

FIRST AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND OTHER
REMEDIES
(No. 2:24-cv-00211-TL) - 6

RUIZ & SMART LLP
901 Fifth Ave., Ste. 820
Seattle, WA 98164
Tel. 206-203-9100 Fax 206-785-1702

41. Mr. McNae again tendered the claim to ARAG, which continues to claim that it does not owe coverage or a defense.

42. ARAG owes coverage as a defense of a civil damages claim.

43. The exclusion relating to employment does not apply. That exclusion reads: "**Legal services** arising out of a business interest, investment interests, employment matters, employee benefits, your role as an officer or director of an organization, and patents or copyrights."

44. The exclusion relating to post-judgment matters does not apply. That exclusion reads: "**Legal services** in class actions, punitive damages, personal injury, malpractice, court appeals or post judgments (settlement agreement signed by all parties, final binding arbitration, judgment issued by a court)." The settlement agreement that Mr. Fitzgerald alleges was breached was not entered into after any court case and is not in any sense "post judgment."

45. In Washington, exclusions are strictly construed in favor of coverage; ambiguities are resolved in favor of the insureds; and the Court adopts the reasonable reading of an average purchaser of insurance.

46. In Washington, an insurance company is not relieved of the duty to defend unless the claim alleged in the complaint is clearly not covered by the policy; and if a complaint is ambiguous, a court must construe it liberally in favor of triggering the insurer's duty to defend.

*  *  *

47. ARAG is in breach of the policy, including the coverage provision, the unlimited benefits promised in defense of civil damages claims, and the promise by ARAG not to control or interfere with the performance of the attorney.

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND OTHER REMEDIES
(No. 2:24-cv-00211-TL) - 7

Ruiz & Smart LLP
901 Fifth Ave., Ste. 820
Seattle, WA 98164
Tel. 206-203-9100 Fax 206-785-1702

48. Insurance companies owe their policyholders numerous duties upon the occurrence of a loss under an insurance policy. For example:

- Insurance companies owe their policyholders a duty of good faith.

- Insurance companies have an obligation to tell the truth, to have a lawful purpose, to deal fairly with the policyholder, and to give equal consideration to policyholders' interests as they do their own.

- Insurance companies are prohibited from engaging in conduct toward their policyholders that is in any way unreasonable, frivolous, or unfounded.

- Insurance companies must conduct a full, fair, and prompt investigation of all material aspects of the insurance claim at their own expense.

49. The Unfair Claims Settlement Practices Regulation, which is found in chapter 284-30 of the Washington Administrative Code, imposes duties on insurance companies. Defendant owes those duties to plaintiffs. The Unfair Claims Settlement Practices Regulation is incorporated herein by reference. *See* WAC 284-30-330 to -380.

50. Insurance industry standards in the State of Washington require defendant to comply with the Unfair Claim Settlement Practices Regulation. The regulation reflects minimum industry standards. Among other things, insurance companies are prohibited by industry standards and Washington Administrative Code Regulations (*see* WAC 284-30-330 to -380) from failing to adopt and implement reasonable standards for the prompt investigation of claims, failing to assist the insured, refusing to pay claims without a reasonable investigation, and compelling first-party claimants like Ms. McNae to initiate litigation by offering substantially less than the amounts due under policies.

51. To ensure compliance with legal and industry standards:

- insurance companies have a responsibility to properly train employees involved in claims-handling activity; and

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND OTHER REMEDIES
(No. 2:24-cv-00211-TL) - 8

RUIZ & SMART LLP
901 Fifth Ave., Ste. 820
Seattle, WA 98164
Tel. 206-203-9100 Fax 206-785-1702

- insurance companies have a responsibility to supervise, evaluate, investigate, and (when necessary) discipline or terminate claims handlers who fall short of legal, industry, or company standards.

52. Washington law provides insureds seeking a litigation defense under an insurance policy robust protection.

53. ARAG violated the above standards and Washington Administrative Code Regulations.

54. ARAG failed to explain the basis under the policy for cutting off benefits, failed to explain the specific reasons for cutting off benefits, failed to describe internal criteria, failed to explain the specific policy provisions on which its decision was based, failed to provide full and fair review of the claim, failed to establish, maintain, and follow reasonable claims procedures that would yield a decision on the merits of the claim, failed to explain what, if any, additional material or information plaintiffs could provide to secure benefits under the policy, failed to provide a description of any applicable review procedures and time limits, and failed to engage plaintiffs in a meaningful dialogue regarding the claim.

55. The foregoing misconduct constitutes a flagrant and wholesale violation of plaintiffs' rights as benefit claimants under the policy.

56. ARAG's violations place Mr. and Ms. McNae's assets in jeopardy.

57. Because of ARAG's conduct, the McNaes have been damaged in several ways including, without limitation, the following:

- Having to hire counsel to investigate and commence the present action;
- Being denied payment under their policy for all rights and benefits;
- Exposure to increased inconvenience;
- Spending substantial time dealing with the insurance claim; and

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND OTHER REMEDIES
(No. 2:24-cv-00211-TL) - 9

RUIZ & SMART LLP
901 Fifth Ave., Ste. 820
Seattle, WA 98164
Tel. 206-203-9100 Fax 206-785-1702

- Severe emotional distress, aggravation, and anxiety.

## V. CAUSES OF ACTION

### CLAIM NO. 1. DECLARATORY JUDGMENT
### (Against ARAG)

58. Plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

59. Plaintiffs seek a judgment enforcing their rights under the terms of the policy and declaring their rights to future benefits under the policy as follows:

- declaring the existence of coverage;

- clarifying the benefits to which the McNaes are entitled;

- declaring that ARAG breached the policy in its termination of Ms. Fotiu-Wojtowicz and Ms. Casey;

- declaring that ARAG breached the policy in attempting to condition future benefits on an agreement to limit the claim to future benefits to $100,000;

- declaring that ARAG breached the duty to defend with respect to both Mr. and Ms. McNae, including defense of the *Fitzgerald* state-court action;

- declaring that ARAG must pay for Ms. Fotui-Wojtowicz and Ms. Casey to resume and continue their representation of Ms. McNae; and

- declaring that ARAG must pay for Ms. Fotui-Wojtowicz and Ms. Casey's unpaid legal bills.

60. Plaintiffs seek a determination that ARAG is liable for their reasonable attorney under each applicable basis, including *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 51-53, 811 P.2d 673 (1991), *McGreevy v. Oregon Mutual Insurance Co.*, 128 Wn.2d 26, 37, 904 P.2d 731 (1995), and any other basis under law.

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND OTHER REMEDIES
(No. 2:24-cv-00211-TL) - 10

Ruiz & Smart LLP
901 Fifth Ave., Ste. 820
Seattle, WA 98164
Tel. 206-203-9100 Fax 206-785-1702

**CLAIM NO. 2. CONTRACT CLAIM FOR BENEFITS**
**(Against ARAG)**

61. Plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

62. Plaintiffs have the right to bring an action to recover benefits under the policy, to enforce their rights under the terms of the policy, and to clarify their rights to future benefits under the policy.

63. As alleged throughout the complaint, plaintiffs were entitled to benefits under the terms of the policy.

64. Plaintiffs are entitled to full compliance with the policy.

65. Plaintiffs are entitled to coverage and every benefit available to plaintiffs under the policy.

66. Plaintiffs seek recovery of all benefits due to them under the terms of the policy and enforcement of all rights due to plaintiffs by virtue of their status as named insureds and/or claimants under the policy.

67. As a result of the foregoing, plaintiffs suffered actual harm, as the McNaes were denied benefits to which they are entitled under the policy, were deprived of important legal protections, and incurred attorney fees and costs.

68. Plaintiffs seek judgment with respect to all coverages and benefits that apply to the facts of this case, including benefits for multiple losses.

69. Defendant breached its obligations under the policy as alleged throughout this Complaint.

70. Plaintiffs have sustained damage in an amount to be proven at trial.

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND OTHER REMEDIES
(No. 2:24-cv-00211-TL) - 11

RUIZ & SMART LLP
901 Fifth Ave., Ste. 820
Seattle, WA 98164
Tel. 206-203-9100 Fax 206-785-1702

71. In addition to plaintiffs' damages, defendant is liable for reasonable attorney fees and costs under *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 51–53, 811 P.2d 673 (1991).

### CLAIM NO. 3. VIOLATION OF DUTY OF GOOD FAITH
### (Against ARAG)

72. Plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

73. Defendant violated its duty of good faith.

74. Defendant's conduct as alleged throughout this Complaint was unreasonable and in bad faith.

75. Defendant breached its duty to defend.

76. Defendant is in violation of the Unfair Claim Settlement Practices Regulation.

77. Defendant is in violation of industry standards for the handling of insurance claims.

78. Plaintiffs sustained damage because of defendant's conduct.

79. Defendant is liable for plaintiffs' consequential economic and noneconomic damages in addition to reasonable attorney fees and costs under *McGreevy v. Oregon Mutual Insurance Co.*, 128 Wn.2d 26, 37, 904 P.2d 731 (1995).

### CLAIM NO. 4. NEGLIGENT CLAIMS HANDLING
### (Against Defendant)

80. Plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

81. Defendant's handling of the insurance claim was unreasonable.

82. Defendant is in violation of the Unfair Claim Settlement Practices Regulation.

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND OTHER REMEDIES
(No. 2:24-cv-00211-TL) - 12

RUIZ & SMART LLP
901 Fifth Ave., Ste. 820
Seattle, WA 98164
Tel. 206-203-9100 Fax 206-785-1702

83. Defendant is in violation of industry standards for the handling of insurance claims.

84. Plaintiffs sustained damage because of defendant's conduct.

### CLAIM NO. 5. CONSUMER PROTECTION ACT (CPA), RCW 19.86.090
### (Against ARAG)

85. Plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

86. As alleged throughout this Complaint, ARAG engaged in unfair or deceptive acts or practices.

87. Defendant's conduct occurred in trade or commerce.

88. Defendant is in violation of the Unfair Claims Settlement Practices Regulation.

89. Defendant acted in bad faith.

90. Defendant's conduct affected the public interest.

91. Defendant's conduct caused injury to plaintiffs' "business or property," as those terms are defined for purposes of the CPA.

92. Plaintiffs sustained damage as a result of defendant's conduct.

93. In addition to plaintiffs' damages, defendant is liable for attorney fees and costs under RCW 19.86.090. In addition, the Court should order defendant to pay enhanced damages and enter appropriate injunctive relief under RCW 19.86.090.

### CLAIM NO. 5. INJUNCTIVE AND EQUITABLE RELIEF
### (Against ARAG)

94. Plaintiffs incorporate all the preceding paragraphs as if fully set forth herein.

95. Plaintiffs request an injunction restraining ARAG from further violations of the Policy and their rights as claimants thereunder.

FIRST AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND OTHER
REMEDIES
(No. 2:24-cv-00211-TL) - 13

RUIZ & SMART LLP
901 Fifth Ave., Ste. 820
Seattle, WA 98164
Tel. 206-203-9100 Fax 206-785-1702

96. Plaintiffs claim any equitable relief as the Court may determine to be appropriate to redress the harm inflicted by ARAG's misconduct.

### CLAIM NO. 6. INSURANCE FAIR CONDUCT ACT (IFCA)
### (Against ARAG)

97. Ms. McNae incorporates all the preceding paragraphs as if fully set forth herein.

98. Ms. McNae is a first-party claimant to a policy of insurance.

99. ARAG unreasonably denied a claim for coverage or payment of benefits.

100. Ms. McNae experienced actual damage as a result.

101. This Court should enter judgment for Ms. McNae and against ARAG for actual damages sustained, enhanced damages, attorney fees, and costs to the maximum extent authorized by IFCA.

102. Plaintiffs reserve the right to amend this claim to assert a claim on behalf of Mr. McNae.

### REQUEST FOR RELIEF

103. Plaintiffs request that this Court:

- Enter a declaratory judgment as stated;

- Enter a money judgment against defendant in the amount we will prove;

- Enter an injunction;

- Assess enhanced damages pursuant to RCW 19.86.090;

- With respect to Ms. McNae, assess enhanced damages pursuant to RCW 48.30.015.

- Award costs, disbursements, and attorney fees to the maximum extent authorized by law, including without limitation *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), RCW 19.86.090, for

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND OTHER REMEDIES
(No. 2:24-cv-00211-TL) - 14

RUIZ & SMART LLP
901 Fifth Ave., Ste. 820
Seattle, WA 98164
Tel. 206-203-9100 Fax 206-785-1702

defendant's failure to act in good faith, and (in the case of Ms. McNae) RCW 48.30.015;

- Otherwise award plaintiffs' attorney fees and costs; and
- Award such other relief as is just and proper.

RESPECTFULLY SUBMITTED this 19th day of March 2024.

**RUIZ & SMART LLP**

By: *s/Isaac Ruiz*_____
Isaac Ruiz, WSBA #35237
iruiz@ruizandsmart.com
McKean J. Evans, WSBA #52750
mevans@ruizandsmart.com
David Fadduol, WSBA #61126
dfaffuol@ruizandsmart.com

*Counsel for Plaintiffs Ronda McNae and William McNae*

FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND OTHER REMEDIES
(No. 2:24-cv-00211-TL) - 15

RUIZ & SMART LLP
901 Fifth Ave., Ste. 820
Seattle, WA 98164
Tel. 206-203-9100 Fax 206-785-1702