1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12
13
14
15
16

| | |
|---|---|
| WILLIAM MCNAE and RONDA MCNAE, husband and wife, | CASE NO. 2:24-cv-00211-TL |
| Plaintiffs, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER |
| v. | |
| ARAG INSURANCE COMPANY, | |
| Defendant. | |

17
18
19
20
21

This matter is before the Court on Defendant ARAG Insurance Company's Motion for Protective Order re Deposition Scheduling. Dkt. No. 22. Having considered Defendant's motion, Plaintiffs' response (Dkt. No. 28), Defendant's reply (Dkt. No. 30), and the relevant record, the Court GRANTS IN PART AND DENIES IN PART Defendant's motion.

### I.   BACKGROUND

22
23
24

Defendant moves the Court to issue a protective order: (1) preventing Plaintiffs' Rule 30(b)(6) deposition of ARAG from proceeding on July 10 and ordering Plaintiff to re-note it to a

date mutually agreeable to ARAG; and (2) preventing Plaintiffs' deposition from proceeding or, in the alternative, granting ARAG leave to depose Plaintiffs on a subsequent date to be arranged by the parties. Dkt. No. 22 at 2–3.

Plaintiffs served their first written discovery on ARAG on March 22, 2024, and circulated topics for ARAG's Rule 30(b)(6) deposition on April 26, 2024. Dkt. No. 28 at 2, 3. Plaintiff has issued deposition notices for ARAG's 30(b)(6) deposition for July 10, 2024 (Dkt. No. 23-4), Plaintiff Ronda McNae for July 11, 2024 (Dkt. No. 23-6), Plaintiff William McNae (Dkt. No. 23-7), and ARAG's counsel Michael Mullaly for July 16, 2024 (Dkt. No. 23-5). Expert reports are currently due October 21, 2024, and discovery closes December 20, 2024. Dkt. No. 19.

## II.   Legal Standard

A court may issue an order regarding the sequencing of discovery "for the parties' and witnesses' convenience and in the interests of justice." Fed. R. Civ. P. 26(d)(3). When parties cannot arrive at a mutual agreement, a court has wide discretion to establish the time and place of depositions. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994).

## III.   Discussion

### A.   Rule 30(b)(6) Deposition

Shortly after Defendant advised Plaintiffs that its designees were not available on July 10–12 but offered them for the following week (*i.e.*, July 16–18), Plaintiffs issued their Rule 30(b)(6) deposition notice. Dkt. No. 22 at 4. Plaintiffs' counsel are clearly available during that week as they have scheduled Mr. Mullaly's deposition for one day during that time period. The Court is disappointed (to state it mildly) that Plaintiffs' counsel would not work with Defendant's counsel when they offered a date just six days after the requested date, necessitating motions practice. This is simply not a good use of either the Parties' or the Court's time,

especially given the close of discovery is over five months away. The Court, however, is sympathetic to Plaintiffs for wanting to move the case forward as expeditiously as possible and that an early Rule 30(b)(6) deposition often helps frame further discovery. Therefore, while the Court will grant Defendant's request for a protective order preventing Plaintiffs from proceeding with the Rule 30(b)(6) deposition on July 10, 2024, the Court will also order the parties to meet and confer to set a date for this deposition to occur within forty-five (45) days of this Order unless Plaintiffs agree to a date beyond this time frame.

**B.    Depositions of the McNaes**

Plaintiffs have noted their own depositions for July 11 and 12, which they represent are not preservation depositions (Dkt. No. 28 at 8) but is to "develop the factual record for future motions and expert analysis." *Id.* at 3. The Court finds it unusual for a party to note its own deposition other than when it is needed to preserve testimony since the party has access to its own witnesses (here, themselves) and can submit declarations if needed for motions and expert analysis. Normally, parties try to hold all their information as close to their vests as possible for as long as possible. But nothing prevents Plaintiffs from taking their own depositions.

Defendant represents—and Plaintiffs do not dispute—it held off serving discovery because it wished to explore resolution without burdening Plaintiffs with discovery or unnecessary attorney's fees, but Plaintiffs' counsel preferred to discuss resolution after the current round of discovery. Dkt. No. 22 at 10. The Court finds that Defendant will be prejudiced if forced to proceed with the Plaintiffs' depositions before receiving discovery.

The Court strongly encourages the parties to try and work out a mutually acceptable date for the depositions of the Plaintiffs as, again, the close of discovery is over five months away. Nevertheless, the Court will not interfere with Plaintiffs' choice to proceed with their own depositions (bearing the cost of their self-noted depositions) should they insist on proceeding on

July 11 and 12, although it appears it may be more of a strategic decision or gamesmanship to try to force Defendant to depose Plaintiffs before they have adequate discovery. On the other hand, the Court also will not interfere with Defendant's right to sequence discovery as it chooses, especially as the discovery cut off is months away. Therefore, if Plaintiffs choose to proceed with their depositions on July 11 and 12, the Court will allow Defendant to depose Plaintiffs at a subsequent time for seven-hour deposition each with Defendant bearing the costs for the subsequent deposition.

## IV.   CONCLUSION

For these reasons, the Court ORDERS the following:

1. The Court GRANTS Defendant's request for a protective order preventing Plaintiffs from proceeding with the Rule 30(b)(6) deposition on July 10, 2024. The Court further ORDERS the parties to meet and confer to set a mutually agreed upon date for this deposition to occur within forty-five (45) days of this Order.

2. The Court DENIES Defendant's request for a protective order preventing Plaintiffs' self-noted depositions from proceeding on July 11 and 12. Should Plaintiffs choose to proceed with their depositions on July 11 and 12, pursuant to Fed. R. Civ. P. 30(a)(2)(A)(ii), the Court GRANTS Defendant leave to depose each Plaintiff at a subsequent time for a seven-hour deposition.

3. The Court ORDERS the parties to utilize the procedure set forth in Local Civil Rule 37(a) for any future discovery disputes.

Dated this 5th day of July 2024.

Tana Lin
United States District Judge