THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| WILLIAM MCNAE and RONDA MCNAE,<br><br>            Plaintiffs,<br><br>    v.<br><br>ARAG INSURANCE COMPANY,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:24-cv-00211-TL<br><br>DEFENDANT'S FIRST AMENDED<br>ANSWER TO FIRST AMENDED<br>COMPLAINT, FIRST AMENDED<br>AFFIRMATIVE DEFENSES, AND<br>COUNTERCLAIM |

## DEFENDANT'S FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT

Defendant, ARAG Insurance Company ("ARAG"), by and through counsel, answers the First Amended Complaint for Declaratory Relief and Other Remedies ("Amended Complaint") (ECF #14) of Plaintiffs, William McNae ("Mr. McNae") and Ronda McNae ("Ms. McNae"), as follows:

### I.    PARTIES

1.      Admitted that Plaintiffs are Ronda McNae and William McNae.  ARAG lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 1.

2.      Admitted that Defendant is ARAG Insurance Company, a corporation organized under the laws of the State of Iowa.  Further admitted that ARAG's domiciliary state is Iowa

ARAG'S FIRST AMENDED ANSWER TO FIRST
AMENDED COMPLAINT, FIRST AMENDED
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM - 1

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

and that ARAG is authorized to sell casualty insurance in the State of Washington.  ARAG lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 2.

3.      Paragraph 3 is a legal conclusion to which no response is required.  To the extent a response is required, ARAG denies the allegations in paragraph 3.

## II.      JURISDICTION AND VENUE

4.      Paragraph 4 is a legal conclusion to which no response is required.  To the extent a response is required, ARAG admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

5.      Paragraph 5 is a legal conclusion to which no response is required.  To the extent a response is required, ARAG admits that this Court has personal jurisdiction over ARAG with respect to the matters alleged in the Amended Complaint.

6.      Paragraph 6 is a legal conclusion to which no response is required.  To the extent a response is required, ARAG admits that venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

## III.      CONDITIONS PRECEDENT

7.      Denied.

## IV.      FACTUAL ALLEGATIONS

8.      Admitted.

9.      Admitted that the quoted text is present on ARAG's website as of February 22, 2024.  ARAG lacks information sufficient to form a belief about the truth of any remaining allegations in paragraph 9, and therefore denies them.

10.      Admitted that ARAG has provided a Certificate to Mr. McNae.  ARAG denies the remaining allegations in paragraph 10.

ARAG'S FIRST AMENDED ANSWER TO FIRST
AMENDED COMPLAINT, FIRST AMENDED
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM - 2

11.     Denied.

12.     ARAG admits that the Certificate is a written document that speaks for itself and denies the allegations to the extent they are inconsistent with the Certificate.

13.     ARAG admits that the Certificate is a written document that speaks for itself and denies the allegations to the extent they are inconsistent with the Certificate.

14.     ARAG admits that the Certificate is a written document that speaks for itself and denies the allegations to the extent they are inconsistent with the Certificate.

15.     ARAG admits that the Certificate is a written document that speaks for itself and denies the allegations to the extent they are inconsistent with the Certificate.

16.     ARAG admits that the Certificate is a written document that speaks for itself and denies the allegations to the extent they are inconsistent with the Certificate.

17.     Denied.

18.     ARAG admits that the Certificate is a written document that speaks for itself and denies the allegations to the extent they are inconsistent with the Certificate.

19.     ARAG admits that the Certificate is a written document that speaks for itself and denies the allegations to the extent they are inconsistent with the Certificate.

20.     ARAG admits that the Certificate is a written document that speaks for itself and denies the allegations to the extent they are inconsistent with the Certificate.

**A.      *Fitzgerald* Federal Court Action**

21.     Admitted.

22.     Admitted that an individual named Yaleny de Varona was added as a plaintiff to the *Fitzgerald* federal-court action.  Denied that the *Fitzgerald* federal-court action consists of civil damages claims for which ARAG owes benefits.  ARAG lacks information sufficient

ARAG'S FIRST AMENDED ANSWER TO FIRST
AMENDED COMPLAINT, FIRST AMENDED
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM - 3

**JENSEN MORSE BAKER PLLC**
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

1  to form a belief about the truth of the remaining allegations in paragraph 22 and therefore denies

2  them.

3      23.    Admitted that Mr. Fitzgerald added Mr. McNae as a defendant in the *Fitzgerald*

4  federal-court action by amendment.  ARAG denies the remaining allegations in paragraph 23.

5      24.    Denied that Attorney Alaina Fotiu-Wojtowicz became a network attorney.

6  ARAG admits the remaining allegations in paragraph 24.

7      25.    Admitted.

8      26.    ARAG lacks information sufficient to form a belief about the truth of the

9  allegations in paragraph 26 and therefore denies them.

10     27.    ARAG lacks information sufficient to form a belief about the truth of the

11 allegations in paragraph 27 and therefore denies them.

12     28.    Admitted except as to the date.  ARAG denies the date alleged in paragraph 28

13 (compare ECF 83 [Order] with ECF 100 [Amended Order] in the *Fitzgerald* federal-court

14 action).

15     29.    ARAG admits that the November 20, 2023 letter is a written document that

16 speaks for itself, and denies the allegations to the extent that they are inconsistent with the letter.

17 ARAG denies the allegation that ARAG terminated Ms. Fotiu-Wojtowicz.  To the extent

18 paragraph 29 contains any other allegations, ARAG lacks information sufficient to form a belief

19 about their truth and therefore denies them.

20     30.    ARAG lacks information sufficient to form a belief about the truth of the

21 allegations in paragraph 30 and therefore denies them.

22     31.    Admitted that Mr. Fitzgerald filed a motion to dismiss Ms. McNae's

23 counterclaim and to strike affirmative defenses in the *Fitzgerald* federal-court action on

24 November 30, 2023.  ARAG denies the remaining allegations in paragraph 31.

ARAG'S FIRST AMENDED ANSWER TO FIRST
AMENDED COMPLAINT, FIRST AMENDED
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM - 4

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

32.    ARAG lacks information sufficient to form a belief about the truth of the allegations in paragraph 32 and therefore denies them.

33.    Denied.

34.    ARAG lacks information sufficient to form a belief about the truth of the allegations in paragraph 34 and therefore denies them.

**B.    *Fitzgerald* State Court Action**

35.    ARAG denies the allegation that ARAG terminated Ms. Casey.  To the extent paragraph 35 contains any other allegations, ARAG lacks information sufficient to form a belief about their truth and therefore denies them.

36.    ARAG admits that the operative complaints in the *Fitzgerald* federal-court action and in the *Fitzgerald* state-court action are written documents that speak for themselves, and denies the allegations to the extent that they are inconsistent with the same.  To the extent paragraph 36 contains any other allegations, ARAG lacks information sufficient to form a belief about their truth and therefore denies them.

37.    ARAG admits that its reservation of rights letter issued to Mr. McNae through his counsel on February 9, 2024 is a written document that speaks for itself, and denies the allegations to the extent that they are inconsistent with the letter.  To the extent paragraph 37 contains any other allegations, ARAG lacks information sufficient to form a belief about their truth and therefore denies them.

38.    ARAG admits that Mr. Fitzgerald filed an amended complaint in the *Fitzgerald* state-court action on February 13, 2024.  To the extent paragraph 38 contains any other allegations, ARAG lacks information sufficient to form a belief about their truth and therefore denies them.

39.    ARAG admits that the operative complaints in the *Fitzgerald* federal-court

action and in the *Fitzgerald* state-court action are written documents that speak for themselves, and denies the allegations to the extent that they are inconsistent with the same. To the extent paragraph 39 contains any other allegations, ARAG lacks information sufficient to form a belief about their truth and therefore denies them.

40.    ARAG admits that the operative complaint in the *Fitzgerald* state-court action is a written document that speaks for itself, and denies the allegations to the extent that they are inconsistent with the same. To the extent paragraph 40 contains any other allegations, ARAG lacks information sufficient to form a belief about their truth and therefore denies them.

41.    ARAG admits that its reservation of rights letter issued to Mr. McNae through his counsel on February 9, 2024 is a written document that speaks for itself, and denies the allegations to the extent that they are inconsistent with the letter. To the extent paragraph 41 contains any other allegations, ARAG denies them.

42.    Paragraph 42 is a legal conclusion to which no response is required. To the extent a response is required, ARAG denies the allegation in paragraph 42.

43.    Paragraph 43 is a legal conclusion to which no response is required. To the extent a response is required, ARAG admits that Certificate of Insurance C10014-006 01/23 ("Conversion Certificate") is a written document that speaks for itself, and denies the allegations to the extent they are inconsistent with the Conversion Certificate. To the extent paragraph 43 contains any other allegations, ARAG denies them.

44.    Paragraph 44 is a legal conclusion to which no response is required. To the extent a response is required, ARAG admits that the Conversion Certificate is a written document that speaks for itself, and denies the allegations to the extent they are inconsistent with the Conversion Certificate. To the extent paragraph 44 contains any other allegations, ARAG denies them.

**JENSEN MORSE BAKER PLLC**
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

45.    Paragraph 45 is a legal conclusion to which no response is required.

46.    Paragraph 46 is a legal conclusion to which no response is required.

* * *

47.    Denied.

48.    Paragraph 48 is a legal conclusion to which no response is required.  To the extent a response is required, ARAG denies the allegations of Paragraph 48.

49.    Paragraph 49 is a legal conclusion to which no response is required.  To the extent a response is required, ARAG states that Washington Administrative Code 284-30 is a written regulation and denies the allegations to the extent they are inconsistent with those regulations or with federal law (including without limitation federal law preempting said regulation and other aspects of Washington law).  ARAG further denies any allegations that it breached or violated those regulations or federal law.

50.    Paragraph 50 is a legal conclusion to which no response is required.  To the extent a response is required, ARAG states that Washington Administrative Code 284-30 is a written regulation and denies the allegations to the extent they are inconsistent with those regulations or with federal law (including without limitation federal law preempting said regulation and other aspects of Washington law).  ARAG further denies any allegations that it breached or violated those regulations or federal law.

51.    Paragraph 51 is a legal conclusion to which no response is required.  To the extent a response is required, ARAG states that Washington Administrative Code 284-30 is a written regulation and denies the allegations to the extent they are inconsistent with those regulations or with federal law (including without limitation federal law preempting said regulation and other aspects of Washington law).  ARAG further denies any allegations that it breached or violated those regulations or federal law.

ARAG'S FIRST AMENDED ANSWER TO FIRST
AMENDED COMPLAINT, FIRST AMENDED
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM - 7

52.     Paragraph 52 is a legal conclusion to which no response is required.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

## V.     CAUSES OF ACTION

### CLAIM NO. 1.  DECLARATORY JUDGMENT
### (Against ARAG)

58.     ARAG incorporates its responses to paragraphs 1-57 as if fully set forth herein.

59.     Paragraph 59 is a legal conclusion to which no response is required.  To the extent a response is required, ARAG denies that Plaintiffs are entitled to the judgment they seek, and otherwise denies the allegations in paragraph 59.

60.     Paragraph 60 is a legal conclusion to which no response is required.  To the extent a response is required, ARAG denies that Plaintiffs are entitled to the judgment they seek, and otherwise denies the allegations in paragraph 60.

### CLAIM NO. 2.  CONTRACT CLAIM FOR BENEFITS
### (Against ARAG)

61.     ARAG incorporates its responses to paragraphs 1-60 as if fully set forth herein.

62.     Paragraph 62 is a legal conclusion to which no response is required.  To the extent a response is required, ARAG denies the allegations in paragraph 62.

63.     Denied.

64.     Paragraph 64 is a legal conclusion to which no response is required.  To the extent a response is required, ARAG states that the Certificate and the Conversion Certificate are written documents that speaks for themselves and denies the allegations to the extent they

ARAG'S FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT, FIRST AMENDED AFFIRMATIVE DEFENSES, AND COUNTERCLAIM - 8

1  are inconsistent with the same or with applicable law.  ARAG denies the remaining allegations

2  of this paragraph.

3       65.    Paragraph 65 is a legal conclusion to which no response is required.  To the

4  extent a response is required, ARAG states that the Certificate and the Conversion Certificate

5  are written documents that speaks for themselves and denies the allegations to the extent they

6  are inconsistent with the same or with applicable law.  ARAG denies the remaining allegations

7  of this paragraph.

8       66.    ARAG denies that Plaintiffs are entitled to the judgment they seek, and

9  otherwise denies the allegations in paragraph 66.

10      67.    Denied.

11      68.    ARAG denies that Plaintiffs are entitled to coverage and the judgment they seek,

12  and otherwise denies the allegations in paragraph 68.

13      69.    Denied.

14      70.    Denied.

15      71.    Paragraph 71 is a legal conclusion to which no response is required.  To the

16  extent a response is required, ARAG denies that Plaintiffs are entitled to the judgment they seek

17  and otherwise denies the allegations in paragraph 71.

18           **CLAIM NO. 3.  VIOLATION OF DUTY OF GOOD FAITH**
             **(Against ARAG)**
19

20      72.    ARAG incorporates its responses to paragraphs 1-71 as if fully set forth herein.

21      73.    Denied.

22      74.    Denied.

23      75.    Denied.

24      76.    Denied.

ARAG'S FIRST AMENDED ANSWER TO FIRST
AMENDED COMPLAINT, FIRST AMENDED
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM - 9

1    77.    Denied.

2    78.    Denied.

3    79.    Paragraph 79 is a legal conclusion to which no response is required. To the

4    extent a response is required, ARAG denies that Plaintiffs are entitled to the judgment they seek

5    and otherwise denies the allegations in paragraph 79.

6                    **CLAIM NO. 4.  NEGLIGENT CLAIMS HANDLING**
                                    **(Against ARAG)**
7

8    80.    ARAG incorporates its responses to paragraphs 1-79 as if fully set forth herein.

9    81.    Denied.

10   82.    Denied.

11   83.    Denied.

12   84.    Denied.

13            **CLAIM NO. 5.  CONSUMER PROTECTION ACT (CPA), RCW 19.86.090**
                                    **(Against ARAG)**

14   85.    ARAG incorporates its responses to paragraphs 1-84 as if fully set forth herein.

15   86.    Denied.

16   87.    Paragraph 87 is a legal conclusion to which no response is required.

17   88.    Denied.

18   89.    Denied.

19   90.    Paragraph 90 is a legal conclusion to which no response is required. ARAG

20   denies the allegations of this paragraph.

21   91.    Paragraph 91 is a legal conclusion to which no response is required. ARAG

22   denies the allegations of this paragraph.

23   92.    Denied.

24

ARAG'S FIRST AMENDED ANSWER TO FIRST
AMENDED COMPLAINT, FIRST AMENDED
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM - 10

93.     Paragraph 93 is a legal conclusion to which no response is required.  To the extent a response is required, ARAG denies that Plaintiffs are entitled to the judgment they seek and otherwise denies the allegations in paragraph 93.

### CLAIM NO. 5 [sic].  INJUNCTIVE AND EQUITABLE RELIEF
### (Against ARAG)

94.     ARAG incorporates its responses to paragraphs 1-93 as if fully set forth herein.

95.     ARAG denies any violation, denies that Plaintiffs are entitled to an injunction, and lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 95 and therefore denies them.

96.     ARAG denies any misconduct, denies any harm to Plaintiffs, denies any equitable relief is appropriate, and lacks information sufficient to form a belief about the truth of the remaining allegations in paragraph 96 and therefore denies them.

### CLAIM NO. 6 [sic].  INSURANCE FAIR CONDUCT ACT (IFCA)
### (Against ARAG)

97.     ARAG incorporates its responses to paragraphs 1-96 as if fully set forth herein.

98.     Paragraph 98 is a legal conclusion to which no response is required.  To the extent a response is required, ARAG lacks information sufficient to form a belief about the truth of the allegations in paragraph 98 and therefore denies them.

99.     Denied.

100.    Denied.

101.    Paragraph 101 is a legal conclusion to which no response is required.  To the extent a response is required, ARAG denies that Plaintiffs are entitled to the judgment they seek and otherwise denies the allegations in paragraph 101.

102.    Paragraph 102 is a legal conclusion to which no response is required.  To the extent a response is required, ARAG denies the allegations in paragraph 102.

ARAG'S FIRST AMENDED ANSWER TO FIRST
AMENDED COMPLAINT, FIRST AMENDED
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM - 11

**JENSEN MORSE BAKER PLLC**
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

1

## REQUEST FOR RELIEF

2       103.    Paragraph 103 is a legal conclusion to which no response is required.  To the

3   extent a response is required, ARAG denies that Plaintiffs are entitled to the judgment they seek

4   and otherwise denies the allegations in paragraph 103.

5

## GENERAL DENIAL

6       For avoidance of doubt, ARAG denies each and every allegation in the Amended

7   Complaint not specifically admitted herein.  Fed. R. Civ. P. 8(b)(3).

8   ///

9   ///

10

## FIRST AMENDED AFFIRMATIVE DEFENSES

11      By alleging the affirmative defenses set forth below, ARAG intends no alteration of the

12  burden of proof and/or burden of going forward with evidence which otherwise exists with

13  respect to any particular issue at law or equity.  Furthermore, all such defenses are pleaded in

14  the alternative, and do not constitute an admission of liability or that plaintiff is entitled to any

15  relief whatsoever.  ARAG does not knowingly or intentionally waive any defenses and reserves

16  the right to raise additional defenses.

17      FOR FURTHER ANSWER BY WAY OF AFFIRMATIVE DEFENSE, ARAG alleges

18  as follows:

19

### FIRST AFFIRMATIVE DEFENSE

20      Plaintiffs' state law claims are expressly preempted by ERISA's express preemption

21  provision, Section 514(a) [29 U.S.C. § 1144(a)], and are conflict preempted under ERISA's

22  civil enforcement scheme, Section 502(a) [29 U.S.C § 1132(a)].

23

### SECOND AFFIRMATIVE DEFENSE

24      The Amended Complaint fails to state a claim for which relief may be granted.

ARAG'S FIRST AMENDED ANSWER TO FIRST
AMENDED COMPLAINT, FIRST AMENDED
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM - 12

### THIRD AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Whether to afford relief pursuant to 28 U.S.C. § 2201 is within the Court's discretion.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to perform conditions precedent, including without limitation timely written notice to ARAG of the Insurance Fair Conduct Act claim as required by RCW 48.30.015(8)(a).

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate any damages.

### SEVENTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Any claimed injury to Plaintiffs was caused, in whole or in part, by their own respective conduct, actions, omissions, delay, or failure to act.

### NINETH AFFIRMATIVE DEFENSE

Any claimed injury to Plaintiffs was caused, in whole or in part, by the conduct, actions, omissions, delay, or failure to act of third parties not under the control of ARAG.

### TENTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, by waiver and/or estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, by accord and satisfaction.

ARAG'S FIRST AMENDED ANSWER TO FIRST
AMENDED COMPLAINT, FIRST AMENDED
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM - 13

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are not covered by the Certificate or the Conversion Certificate due to the operation of various terms, conditions, and provisions thereof.

## THIRTEENTH AFFIRMATIVE DEFENSE

ARAG has insufficient information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  ARAG therefore reserves the right to assert additional affirmative defenses in the event discovery or other sources of information indicate that they may be appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, ARAG respectfully requests final judgment in its favor on all counts of the Amended Complaint and dismissal of the Amended Complaint with prejudice, together with its costs, attorneys' fees, and such other and further relief as is just.

//

//

ARAG'S FIRST AMENDED ANSWER TO FIRST
AMENDED COMPLAINT, FIRST AMENDED
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM - 14

## COUNTERCLAIM[1]

Counterclaimant ARAG Insurance Company ("ARAG"), by and through counsel, for its Counterclaim against Plaintiffs, William McNae ("Mr. McNae") and Ronda McNae ("Ms. McNae"), alleges as follows:

### I.    NATURE OF THE ACTION

1.    This is an action for a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 and Fed. R. Civ. P. 57.  ARAG seeks an adjudication of its rights and obligations under Certificate of Insurance C10014-006 01/23, issued in connection with an ARAG Legal Expense Insurance Plan ("Certificate").

2.    ARAG seeks a declaration that it is not obligated to provide or pay for the defense of Mr. McNae in connection with the lawsuit captioned *Michael Fitzgerald v. William McNae*, Case No. 2023-025855-CA-01, Circuit Court of the 11th Judicial Circuit for Miami Dade County, Florida ("State Court Litigation").

### II.    PARTIES

3.    Counterclaimant ARAG is a corporation organized under the laws of the State of Iowa.  Its principal place of business is in Des Moines, Iowa.

4.    Counterclaim Defendant Mr. McNae is a citizen of the State of Washington.

5.    Counterclaim Defendant Ms. McNae is a citizen of the State of Washington.

### III.    JURISDICTION AND VENUE

6.    The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.  *See* ARAG's Notice of Removal to Federal Court

---

[1] ARAG's Counterclaim is restated here, without alteration, for the convenience of the Court and the parties.

ARAG'S FIRST AMENDED ANSWER TO FIRST
AMENDED COMPLAINT, FIRST AMENDED
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM - 15

[DE 1] at ¶¶ 16-18; Declaration of Gabe Baker [DE 1-3] at Ex. B, ¶ 6 ("As to Defendant W[illiam] McNae, the amount in controversy is at least $657,228 in economic damages."). Notably, the breach of contract claim asserted against Mr. McNae in the State Court Litigation parallels that asserted against him in the lawsuit captioned *Michael Fitzgerald v. Ronda McNae et al.*, No. 1:22-cv-22171-JEM, U.S. District Court for the Southern District of Florida ("Federal Court Litigation"), from which the court dismissed Mr. McNae without prejudice on August 2, 2023.

7.     The Court has personal jurisdiction over Mr. McNae and Ms. McNae.

8.     Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(1).

## IV.     CONDITIONS PRECEDENT

9.     All conditions precedent were performed or have occurred.

## V.     FACTUAL ALLEGATIONS

### A.     The Certificate

10.     Mr. McNae is the **Insured** under the Certificate.[2]

11.     The Policy Period of the Certificate is October 1, 2023 to December 31, 2023.

12.     The Certificate provides:

> **We** will pay the attorney fees of the **Network Attorney** for covered **legal services** provided to **you** resulting from an **insured event** which occurs after **your effective date** and while **your Certificate of Insurance** is in effect for the legal matters listed below.

> **You** can choose a **Non-Network Attorney** instead of a **Network Attorney**. If **you** choose a **Non-Network Attorney** for covered **legal services** provided to **you** resulting in an **insured event** which occurs after **your effective date** and while **your Certificate of Insurance** is in effect, **we** will reimburse **you** for

---

[2] Terms in bold are defined in the Certificate.

ARAG'S FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT, FIRST AMENDED AFFIRMATIVE DEFENSES, AND COUNTERCLAIM - 16

the attorney fees for covered **legal services** up to the maximum amounts listed below.

Only matters expressly listed are covered **benefits** and are paid as indicated below.

13.    The Certificate further provides:[3]

**Network Attorney Services**

*** If **you** choose a **Network Attorney** to provide covered **legal services**, the **Network Attorney** will bill **us** directly for his/her attorney fees.

**Non-Network Attorney Services**

If **you** choose a **Non-Network Attorney**, **we** will pay **your** attorney fees for covered **legal services** according to the **Non-Network Attorney indemnity benefits** schedule. ***

14.    The Certificate lists many **benefits**, including "Defense of Civil Damage Claims."  The Certificate defines that **benefit** as follows:

---

[3] Not all terms, conditions, and exclusions of the Certificate are quoted herein.  The full text of the Certificate is incorporated herein by reference.

ARAG'S FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT, FIRST AMENDED AFFIRMATIVE DEFENSES, AND COUNTERCLAIM - 17

**JENSEN MORSE BAKER PLLC**
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

| | | Network Attorney | Non-Network Attorney (Indemnity Benefit) | |
|---|---|---|---|---|
| | **Defense of Civil Damage Claims** **Legal services** for an **insured** in defense against civil damage(s) claims, except claims involving the ownership or use of a motorized vehicle, claims which are covered by other insurance, or claims related to a felony charge. | Paid in Full | $800* | |
| | **Trial** for three (3) days or less | Paid in Full | $1,800** | |
| | **Trial** starting on day four (4) until completion | Paid in Full | $100,000*** | |

15.     The asterisks following the limits stated in the "Non-Network Attorney (Indemnity Benefit)" column indicate as follows:

        \* **Non-Network Attorney Indemnity Benefits** are up to the stated amount

        \*\* **Trial Indemnity Benefits** are ($300 per 1/2 day of **Trial** time) up to the stated amount

        \*\*\* **Trial Indemnity Benefits** are ($400 per 1/2 day of **Trial** time) up to the stated amount

16.     Definitions in the Certificate include the following:

        a.      "**BENEFITS**" means "the legal coverages listed on the declarations page of the policy or in the **benefits** section of the **Certificate of Insurance**."

        b.      "**CERTIFICATE OF INSURANCE**" or "**CERTIFICATE**" means "the document provided by **us** to the **named insured** that describes the **benefits** and terms of the insurance policy."

        c.      "**EFFECTIVE DATE**" means "the date on which the **policyholder** enrolls the **named insured** and from which date premium has been paid for **you**."

ARAG'S FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT, FIRST AMENDED AFFIRMATIVE DEFENSES, AND COUNTERCLAIM - 18

d. **"INDEMNITY BENEFITS"** means "covered **legal services** which are reimbursed to the **insured** up to the **benefit** amount indicated under the specific coverage. The **insured** is responsible for all **legal services** which may exceed the amount paid by **us**."

e. **"INSURED EVENT"** means "an event covered by this policy whose initiation date will be considered the earlier of the date (a) written notice of a **legal dispute** is sent or filed by **you** or received by **you**; or (b) a ticket or citation is issued; or (c) an attorney is hired."

f. **"LEGAL DISPUTE"** means "a disagreement between you and any other party regarding your legal rights."

g. **"LEGAL SERVICES"** means "time spent by **your** attorney and their office staff for **your** covered legal matters which does not include costs such as, but not limited to: filing fees, copy costs, mileage, title insurance, expert witnesses, mediator, home studies, transcriptionists, title search, and title abstracting."

h. **"NETWORK ATTORNEY"** means "an attorney with whom **we** have contracted to perform covered **legal services** in the United States for **you** and who has contracted with **us** to provide the specific covered **legal services** for which **you** are seeking assistance."

i. **"NON-NETWORK ATTORNEY"** means "an attorney, who is not a **Network Attorney**, chosen by **you** to perform **legal services** covered under the **indemnity benefits** of this policy."

j. **"TRIAL"** means "the proceeding in court or in a covered administrative proceeding when the parties try their case beginning with the impaneling of a jury in a jury **trial** or with opening statement if the parties are in a non-jury **trial**. **Trial** does not include things such as hearings, appearances on motions, negotiated pleas, pre-**trial** conferences, or appearances, and continuances by the court."

k. **"WE"**, **"US"**, and **"OUR"** mean "ARAG Insurance Company."

l. **"YOU"** and **"YOUR"** mean "an **insured**."

17. Exclusions set forth in the Certificate include the following. The exclusion numbered three is the "Settlement Agreement Exclusion."

**We** do not provide coverage for: ***

2. **Legal services** arising out of a business interest, investment interests, employment matters, employee benefits, **your** role as

ARAG'S FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT, FIRST AMENDED AFFIRMATIVE DEFENSES, AND COUNTERCLAIM - 19

an officer or director of an organization, and patents or copyrights.

3. **Legal services** in class actions, punitive damages, personal injury, malpractice, court appeals or post judgments (settlement agreement signed by all parties, final binding arbitration, judgment issued by a court).

4. **Legal services** deemed by **us** to be frivolous or lacking merit, or in legal matters where … in **our** reasonable belief **you** are not actively and reasonably pursuing resolution in **your** case.

18.    The following are among the Conditions set forth in the Certificate:

**Policy Period and Territory**

This policy applies to **insured events** which occur worldwide while **your Certificate of Insurance** is in effect. If an **insured event** occurs outside the United States **indemnity benefits** apply.

Any **insured event** which occurs prior to the **effective date** of an **insured** will be considered excluded and no **benefits** will apply.

**Coordination of Benefits**

*** If **you** are entitled to receive **legal services** or reimbursement for **legal services** from any other person or organization, **our** coverage will be excess.

**Payment Limitations**

You may not make claims under separate **benefits** for one legal matter.

**Notice of Claim, Proof of Expense Incurred and Payment of Claim**

**You** or **your** representative must submit a written notice of claim to **us** within one year after the **insured event**. ***

**You** are responsible for verifying **your** legal matter is covered under **your** legal plan with **us** prior to receiving **legal services**. **You** will be responsible for payment to the attorney at their usual and customary rate if **your** matter is not covered. ***

ARAG'S FIRST AMENDED ANSWER TO FIRST
AMENDED COMPLAINT, FIRST AMENDED
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM - 20

1

**B.      The State Court Litigation**

2        19.      On November 2, 2023, Michael J. Fitzgerald ("Mr. Fitzgerald") filed the State

3    Court Litigation against Mr. McNae.  A true copy of the Complaint in that litigation ("State

4    Court Complaint") is attached as **Exhibit 1**.

5        20.      The State Court Complaint alleged in "Count I – Breach of Contract" that Mr.

6    McNae entered into and then breached a Confidential Settlement Agreement.  Ex. 1 at ¶ 9,

7    ¶¶ 17-18, and Ex. A (Confidential Settlement Agreement).

8        21.      The State Court Complaint also alleged, in the alternative, several libel per se

9    claims against Mr. McNae based on five written "statements" of Mr. McNae, attached as

10   exhibits to the State Court Complaint [*see* Ex. 1 at Ex. B, C, D, E, & F], that Mr. Fitzgerald

11   alleged to be defamatory in addition to in violation of the Confidential Settlement Agreement.

12       **C.      Mr. McNae's Demand For Coverage**

13       22.      Following his receipt of the State Court Complaint, Mr. McNae demanded that

14   ARAG provide or pay for his defense against the State Court Litigation.

15       23.      On February 9, 2024, ARAG, through its counsel, issued a written reservation

16   of rights to Mr. McNae, through his counsel.  Said letter is incorporated herein by reference.

17   The letter informed Mr. McNae of ARAG's current understanding that "no coverage exists

18   under the **Certificate** for **Legal Services** in connection with the [State Court] Complaint" and

19   provided reasons for that understanding.  It further stated that:

20          **[W]ithout waiver of and expressly reserving all its rights and
           defenses**, [ARAG] will do one of the following at the election of
21          Mr. McNae:

22          (1) Tender to Mr. McNae $800.00, which amount corresponds to
           the full limit of the **Certificate's** pre-**Trial Non-Network**
23          **Attorney Indemnity Benefit** for the "Defense of Civil Damages
           Claims" **benefit**, and, in the event of any **Trial** in the civil action
24          commenced by the Complaint, tender to Mr. McNae $300.00 per

ARAG'S FIRST AMENDED ANSWER TO FIRST
AMENDED COMPLAINT, FIRST AMENDED
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM - 21

half-day of **Trial** time for the first three days of such **Trial** and, for the fourth and any subsequent day of such **Trial**, tender to Mr. McNae $400.00 per half-day of **Trial** time; or, alternatively,

(2) Until further notice pay for a **Network Attorney** of Mr. McNae's choosing to provide **Legal Services** to Mr. McNae for the purpose of defending him against the Complaint, provided such **Network Attorney** is and remains willing to provide such representation and is currently listed in ARAG's online directory of **Network Attorneys**.

**D.    Amended Complaint In The State Court Litigation**

24.    Thereafter, on February 13, 2024, Mr. Fitzgerald filed an amended complaint in the State Court Litigation ("Amended State Court Complaint"). A true copy of the Amended State Court Complaint is attached as **Exhibit 2**.

25.    The Amended State Court Complaint includes only a single cause of action ("Count I – Breach of Contract"). As before, this count alleges that Mr. McNae entered into and then breached a Confidential Settlement Agreement. Ex. 2 at ¶ 9, ¶¶ 16-17, and Ex. A (Confidential Settlement Agreement).

26.    The Amended State Court Complaint includes no libel per se or other tort claims. *See generally* Ex. 2.

27.    Because the sole count of the Amended State Court Complaint alleges and seeks to recover damages for breach of the Confidential Settlement Agreement, it is clear that the Settlement Agreement Exclusion bars any coverage that might otherwise exist relative to the defense of Mr. McNae in the State Court Litigation (although, for avoidance of doubt, no coverage existed even before the filing of the Amended State Court Complaint).

28.    Nevertheless, Mr. McNae, though counsel, persists in his demand that ARAG, under the Certificate, provide or pay for his defense in the State Court Litigation.

29.    Through their Complaint in the instant case [DE 1-1], Mr. McNae and Ms.

ARAG'S FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT, FIRST AMENDED AFFIRMATIVE DEFENSES, AND COUNTERCLAIM - 22

McNae have made it apparent that, in the event a judgment enters against even just one of them in the State Court Litigation or the Federal Court Litigation, as applicable, both intend to seek purported damages from ARAG. Accordingly, effective relief requires ARAG to secure a declaration that binds both Mr. McNae and Ms. McNae.

## COUNT I – DECLARATORY JUDGMENT
### (Against Mr. McNae and Ms. McNae)

30.     ARAG repeats each and every allegation in paragraphs 1-29 as if fully set forth herein.

31.     An actual and justiciable controversy exists between ARAG, on the one hand, and Mr. McNae and Ms. McNae, on the other hand, concerning whether ARAG has any obligation under the Certificate to provide or pay for the defense of Mr. McNae in connection with the State Court Litigation.

32.     ARAG has no such obligation for many reasons, including without limitation those identified in ARAG's February 9, 2024 reservation of rights letter and the applicability of the Settlement Agreement Exclusion to the sole count pleaded—i.e., Count I for breach of the Confidential Settlement Agreement—in the Amended State Court Complaint.

33.     ARAG is entitled to a declaration that it has no obligation to provide or pay for the defense of Mr. McNae in connection with the State Court Litigation.

WHEREFORE, Counterclaimant ARAG Insurance Company respectfully requests entry of judgment in its favor and against Mr. McNae and Ms. McNae as follows:

A.     A declaration that ARAG has no obligation to provide or pay for the defense of Mr. McNae in connection with the State Court Litigation; and

B.     An award of costs and such other relief as this Court deems just and equitable under the circumstances.

ARAG'S FIRST AMENDED ANSWER TO FIRST
AMENDED COMPLAINT, FIRST AMENDED
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM - 23

1      DATED: July 9, 2024, at Seattle, Washington.

2

                                 JENSEN MORSE BAKER PLLC

3

4

                By   *s/Gabriel Baker*
5                      Gabriel Baker, WSBA No. 28473
                     gabe.baker@jmblawyers.com

6

7                 By   *s/Benjamin Roesch*
                     Benjamin Roesch, WSBA No. 39960
8                      benjamin.roesch@jmblawyers.com
                     520 Pike Street; Suite 2375
9                      Seattle, WA  98101

10                      Attorneys for Defendant ARAG Insurance
                     Company

11

12                      SQUIRE PATTON BOGGS (US) LLP

13                      Michael T. Mullaly (*pro hac vice*)
                     michael.mullaly@squirepb.com
14                      2000 Huntington Center
                     41 South High Street
15                      Columbus, OH  43215

16                      Attorneys for Defendant, ARAG Insurance
                     Company

17

18

19

20

21

22

23

24

ARAG'S FIRST AMENDED ANSWER TO FIRST
AMENDED COMPLAINT, FIRST AMENDED
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM - 24

## CERTIFICATE OF SERVICE

Pursuant to RCW 9A.72.085, the undersigned certifies under penalty of perjury under the laws of the United States of America and the State of Washington, that on the 9th day of July, 2024, the document attached hereto was delivered to the below counsel in the manner indicated:

*Counsel for Plaintiffs*

Isaac Ruiz, WSBA #35237
McKean J. Evans, WSBA #52750
David Fadduol, WSBA #61126
Ruiz & Smart LLP
901 Fifth Avenue, Suite 820
Seattle, WA 98164
iruiz@ruizandsmart.com
mevans@ruizandsmart.com
dfadduol@ruizandsmart.com
CJarman@ruizandsmart.com
Plewis@ruizandsmart.com
Smckeon@ruizandsmart.com

☒ Via CM/ECF
☒ Via electronic mail
☐ Via U.S. Mail, postage prepaid
☐ Via Facsimile
☐ Via Courier
☐ Via Overnight delivery

*Co-Counsel for ARAG Insurance Company*

Michael T. Mullaly (*pro hac vice*)
Squire Patton Boggs (US) LLP
2000 Huntington Center
41 South High Street
Columbus, OH  43215
michael.mullaly@squirepb.com

☒ Via CM/ECF
☒ Via electronic mail
☐ Via U.S. Mail, postage prepaid
☐ Via Facsimile
☐ Via Courier
☐ Via Overnight delivery

DATED this 9th day of July, 2024, in Kansas City, MO.

By *s/Gwendolyn M. Wall*
Gwendolyn M. Wall, Paralegal

ARAG'S FIRST AMENDED ANSWER TO FIRST
AMENDED COMPLAINT, FIRST AMENDED
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM - 25