*EXHIBIT 15*

**Mullaly, Michael T.**

---

| | |
|---|---|
| **From:** | Ronda McNae <prose.rmcnae@gmail.com> |
| **Sent:** | Friday, February 14, 2025 3:05 PM |
| **To:** | Mullaly, Michael T. |
| **Cc:** | ann.cosimano@araglegal.com; Will McNae |
| **Subject:** | Re: [EXT] Urgent Request for Motion to Stay Proceedings & Settlement Consideration [I-AMS.FID5425010] |

Dear Michael and ARAG,

Thank you for your response and for ARAG's willingness to extend the scheduling order by six months. However, after careful consideration, I must respectfully decline the proposed extension as it does not resolve the fundamental issues preventing me from litigating this case fairly at this time.

As previously outlined, I intend to move for a Motion to Stay the proceedings, as an extension alone fails to address the following critical concerns:

1. The Ongoing Criminal Investigation Requires a Stay

- The Miami Beach Police Department (MBPD) has assigned a new detective to the criminal case related to my assault, based on new forensic evidence, witness testimony, and corporate misconduct findings.
- This investigation directly overlaps with facts in this litigation, and allowing this case to proceed risks interference with law enforcement efforts and potential conflicts in legal findings.
- Proceeding with discovery while an active criminal investigation is underway is prejudicial and could compromise due process.

2. The Prejudice Caused by ARAG's Conduct

- ARAG has failed to acknowledge its role in my inability to secure effective legal representation, forcing me to litigate pro se for 282 days—over nine months, equivalent to 77% of an entire year.
- ARAG's unauthorized disclosure of confidential information to opposing counsel in the Florida federal case is a serious legal violation and is now subject to law enforcement and regulatory review.
- The harm caused by ARAG's bad faith actions cannot be resolved through simple deadline extensions. A full stay is necessary to assess the total impact of these violations before moving forward.

3. Florida Federal Litigation and Personal Hardship Necessitate a Stay

- My Florida federal case is set for trial in April 2025, and newly uncovered evidence may result in additional legal developments, including motions for reconsideration and possible re-opening of discovery.

1

- The court in Florida has denied my motion to supplement the record, further underscoring the procedural failures caused by ARAG-appointed counsel. I need sufficient time to correct these legal missteps before proceeding in this case.
- I am finalizing the adoption of my niece and nephew, which legally restricts my ability to travel without court approval. This process imposes court-mandated obligations that cannot be ignored or delayed by arbitrary litigation deadlines.

4. ARAG's Inconsistencies Raise Concerns

- ARAG initially opposed any further extensions beyond 90 days, yet now concedes that six months is necessary. This directly contradicts its prior stance and suggests that a longer delay is warranted.
- ARAG claims that an indefinite stay is problematic, yet it has provided no valid reason why a temporary pause—until the Florida trial and criminal investigation conclude—is unreasonable.
- If ARAG is truly interested in judicial efficiency and fairness, it should not oppose a stay that allows for a complete and accurate assessment of these critical legal issues before forcing further litigation.

Given these circumstances, I will be moving forward with a Motion to Stay Proceedings, as the facts and legal complexities in this case warrant more than a simple deadline extension.

If ARAG chooses to oppose the stay, I will left to present the full extent of the legal, ethical, and procedural violations that have occurred—including ARAG's disclosure of confidential information to opposing counsel, its bad faith handling of my legal defense, and the severe prejudice I continue to suffer as a result.

I encourage ARAG to reconsider its position in light of these realities. If ARAG wishes to engage in meaningful discussions about a potential resolution, I remain open to those discussions, but I will not agree to a procedural maneuver that merely prolongs my hardship without addressing the core issues at stake.

Please confirm ARAG's final position regarding the stay. Otherwise, I will proceed with filing my motion with the Court.

Best regards,
Ronda McNae


On Fri, Feb 14, 2025 at 10:52 AM Mullaly, Michael T. <michael.mullaly@squirepb.com> wrote:

> Dear Ronda and Will,-
>
>
> Thanks for your reply, Ronda.  Although ARAG is unwilling to stay the case, in the spirit of compromise ARAG will agree to jointly move for a six-month extension of all scheduling order deadlines.  I would like to emphasize that this is double the length of the extension that ARAG offered just days ago, comes on the heels of a 120-day extension that ARAG agreed to in October, and may be a longer deferral of the scheduling order deadlines than the Court is willing to permit without seeing how things actually develop over the next several months.  I also would like to reiterate a couple

2

things. First, that you remain free to file motions with the Court seeking any further timing accommodations that you feel are necessary based on future events or constraints as they actually develop. Second, that ARAG agreed to the last significant extension of the scheduling order deadlines based in part on a commitment from you and Will to respond to ARAG's discovery requests by no later than January 23, 2025 (a 90-day extension from the already-extended October 25, 2024 deadline), which has not occurred. This second point is not to suggest that ARAG is unwilling to permit a further extension of your time to respond to ARAG's discovery requests (provided that the scheduling order deadlines are extended, as the current ones do not permit continued flexibility). Rather, it is just one of the circumstances that make ARAG deeply uncomfortable with a complete and indefinite standstill, particularly when it is based on forecasts of what might happen in the future rather than known facts and circumstances.

I hope that each of you will carefully consider ARAG's offer to submit a joint motion to extend the scheduling order deadlines by six months. If you both agree to this, please let me know so I can adjust the draft that I recently circulated. As before, I am not addressing in this email the other topics raised below because I understand your priority to be a resolution of case scheduling matters. Thank you and hope that you both are well.

Best regards,

Mike

**From:** Ronda McNae <prose.rmcnae@gmail.com>
**Sent:** Thursday, February 13, 2025 3:45 PM
**To:** Mullaly, Michael T. <michael.mullaly@squirepb.com>
**Cc:** ann.cosimano@araglegal.com; Will McNae <prose.wmcnae@gmail.com>
**Subject:** Re: [EXT] Urgent Request for Motion to Stay Proceedings & Settlement Consideration [I-AMS.FID5425010]

Dear Michael an ARAG,

Thank you for your prompt response and ARAG's willingness to extend the scheduling order by 120 days. However, after careful consideration of the ongoing developments in my legal proceedings, I must respectfully maintain my request for a Motion to Stay the Case rather than a simple extension.

While I acknowledge ARAG's concerns regarding the Court's discretion in granting a longer stay, an extension alone does not resolve the underlying issues that prevent me from fully and fairly litigating this matter at this time. The extraordinary circumstances in this case—including a pending criminal investigation, newly uncovered evidence, and unresolved procedural failures stemming from ARAG-appointed counsel's withdrawal—necessitate a temporary stay rather than merely extending deadlines.

Reasons Why an Extension Is Insufficient and a Stay is Necessary

1. Newly Uncovered Evidence and Pending Criminal Investigation

3

Recent developments in the criminal investigation concerning the rape and potential corporate cover-up introduce substantial complexity to this case. Given that key facts are still emerging and could lead to further re-opening of discovery or other procedural changes, it is premature to set any firm deadlines until these matters are resolved.

Moreover, given ARAG's legal and ethical obligations, it is concerning that ARAG would object to a stay while this investigation is still ongoing, particularly when the evidence uncovered may directly impact my claims.

2. Unfair Prejudice Without a Stay

- The Florida trial date is still uncertain and may be subject to further continuances based on the unfolding investigation. Proceeding with this case without clarity on those proceedings puts me in a position of defending myself in multiple jurisdictions without adequate resources.
- The denial of my motion to supplement the record in the Florida case underscores that prior ARAG-appointed counsel failed to protect my rights by neglecting to submit critical evidence. Before this case can proceed further, I need the opportunity to rectify these errors, which may require additional motions in Florida federal court.

3. Substantial Personal Hardship and Family Obligations

Beyond the legal complexities, my adoption of my niece and nephew is ongoing, and the legal process requires court appearances and compliance with Iowa state laws. Traveling to Florida for trial without a court-approved caregiver places me in direct conflict with state adoption and guardianship regulations.

Given the serious nature of these constraints, a simple deadline extension does not alleviate these challenges. A stay, however, ensures that I can properly balance these legal and personal obligations without suffering additional undue hardship.

## ARAG's Position on a Stay Raises Concerns

While I appreciate ARAG's willingness to extend deadlines, I must respectfully question why ARAG is unwilling to agree to a stay when:

- The facts in this case continue to develop, making future adjustments likely necessary.
- The Court would not be burdened by a temporary stay, as both parties would have the opportunity to seek modifications when appropriate.
- ARAG's prior failure to provide adequate representation has already necessitated corrective legal action, which makes it unreasonable to expect me to proceed under current conditions.

## Proposal for a Reasonable Resolution

Given these circumstances, I propose the following:

1. Agree to a Motion to Stay the Case until at least 30 days following the resolution of the Florida trial or the completion of the pending criminal investigation, whichever occurs first. This ensures that I am not unduly prejudiced by deadlines set without consideration of external legal developments.

2. If ARAG is unwilling to agree to a full stay, then I request at minimum a stay for a defined period of 6 months, with a joint status update required before any further scheduling changes.
3. If ARAG continues to oppose a stay, I will proceed with filing a formal motion to stay the proceedings with the Court, outlining the extraordinary circumstances and procedural failures that necessitate a pause in litigation.

I am open to further discussion on this matter, but I respectfully urge ARAG to reconsider its position in light of the substantial and documented hardships I am facing. Please confirm ARAG's stance at your earliest convenience so that I may proceed accordingly.

Best regards,
Ronda McNae

On Thu, Feb 13, 2025 at 11:42 AM Mullaly, Michael T. <michael.mullaly@squirepb.com> wrote:

Hi Ronda. Thanks for your response. ARAG proposed a 90-day extension of the scheduling order deadlines based in part on our estimation of what a court is likely to permit given circumstances as they currently exist (rather than as they might develop). Needless to say, our powers of estimation are imperfect, and we cannot offer you legal advice concerning what a court is likely to grant. All that said, ARAG is willing to jointly seek a 120-day extension of the scheduling order deadlines and then see how the circumstances confronting the parties, including some you reference below, continue to develop. ARAG has concerns about the viability of a motion seeking to extend the scheduling order deadlines by more than 120 days and would prefer to proceed more incrementally.

I understand from the below that you may be seeking to further extend the trial date in the Florida federal court action. If you succeed in those efforts and a later trial date—or other life circumstances—significantly affect your ability to comply with the scheduling order in this matter (as extended by 120 days, hopefully), then you would be free to make a future motion to the Court explaining the facts that you believe constitute good cause to obtain further extensions.

Please let me know if this approach is agreeable to you and Will.  If so, I will adjust the proposed joint motion to extend the scheduling order dates so that we instead seek 120 days.  We can address the other matters you raise below separately, as I know you are eager to resolve case scheduling.  Thanks again.

Best regards,

Mike

---

From: Ronda McNae <prose.rmcnae@gmail.com>
Sent: Thursday, February 13, 2025 12:22 AM
To: Mullaly, Michael T. <michael.mullaly@squirepb.com>
Cc: ann.cosimano@araglegal.com; Will McNae <prose.wmcnae@gmail.com>
Subject: Re: [EXT] Urgent Request for Motion to Stay Proceedings & Settlement Consideration [I-AMS.FID5425010]

Dear Michael,

Thank you for your email and for providing the proposed 90-day extension. After reviewing my circumstances, I believe a 90-day extension will not suffice for the following reasons:

1. Criminal Investigation and Newly Uncovered Evidence
   Recent developments in the criminal investigation related to the rape and potential corporate cover-up are both complex and ongoing. Based on newly uncovered evidence, my counsel anticipates the court may grant a limited re-opening of discovery—or possibly outright dismissal—in the Florida case. We need ample time to review and integrate this evidence before proceeding.
2. Counsel's Trial Preparations
   My counsel cannot be reasonably expected to prepare for an April trial in a case of this magnitude. With over 14,000 pages of discovery—including voluminous depositions—and her existing caseload, it is unrealistic to fully and fairly address all issues by April.
3. Adoption Process Constraints
   I am in the process of adopting my niece and nephew, which requires various court approvals and may not be finalized by April. Traveling to Florida for a month-long trial (including the time I need beforehand due to PTSD) is infeasible without violating Iowa State Court orders and Prudent Parenting Laws, particularly since there is no remote learning option for children their age and I do not have a court-approved caregiver for an extended period. Under these circumstances, a longer continuance in the Florida case is absolutely necessary.
4. Confidentiality and Privacy Concerns
   With respect to the attached call recording, my concern extends beyond potential policy-limit disclosures. On the call, ARAG's representative asked, "Is this for the restraining order?"—

6

    revealing private information to Ms. Gussin. According to guidance I have received, this may violate privacy laws across multiple jurisdictions, and both Ms. Gussin's conduct and the ARAG representative's disclosure could constitute further legal and ethical violations.
5. Assessing the Extent of Damage in the Florida Case
    I am still assessing the full extent of the damage in my Florida case, particularly because ARAG terminated my legal counsel, and the replacement counsel was highly ineffective—most notably failing to file a significant motion for summary judgment. If it becomes necessary to address these issues in court before the Honorable Judge Lin, scheduling a hearing would be beneficial. Both Will McNae and I can provide additional context regarding these matters at that time.

Given these factors, I respectfully maintain that a longer stay of the current schedule is necessary given ongoing investigations. We are still open to a settlement offers however with prior ineffective counsel, that has further added to damages (I included a draft of what we plan to seek). While I remain open to exploring settlement discussions, adjusting the schedule to accommodate the ongoing investigations and my personal obligations, a 90-day extension alone does not fully address these concerns.

I would appreciate ARAG's prompt response, as I must keep the court informed of my position regarding these scheduling and procedural issues. In the meantime, I will continue to prepare my motion for a stay.

Sincerely,
Ronda McNae


On Wed, Feb 12, 2025 at 4:44 PM Mullaly, Michael T. <michael.mullaly@squirepb.com> wrote:


Dear Ronda and Will,-

Many thanks for your email.  As before, ARAG cannot agree to a stay of the case but is willing to submit a joint motion to extend all scheduling order deadlines by another 90 days.  That is designed to ensure the next scheduling order deadline is comfortably after the current trial date of the case in Florida federal court.  I have prepared and attached for your consideration a proposed joint motion to seek the Court's permission.

Your email also mentions interest in exploring settlement.  ARAG will happily discuss settlement with you any time you wish.  Due to the amount of time it can take to reach a resolution, though, we think it is prudent to approach the Court now with a request to extend the case schedule.  The most helpful information that you can provide to begin a settlement discussion is a specific statement of what you seek.  I'll pass that along to ARAG and we can go from there.

Finally, your email below makes a number of allegations concerning ARAG.  Although ARAG has a different view, I do not want to take the time to address that now at the expense of responding to you quickly.  That said, I would like to respond to your allegation that "an ARAG representative engaged in a discussion with opposing counsel in my federal case, disclosing details regarding my legal insurance policy."  I am familiar with a call during which Mr. Fitzgerald's counsel requested information from ARAG concerning any policy limits and reasons for attorney withdrawal.  ARAG has produced a recording of that call to you in this litigation, and for your convenience the recording is attached here

7

as well. As you will hear, the ARAG representative declines to provide any information to Mr. Fitzgerald's counsel. Please confirm that this recording fully resolves your concern.

Thanks and look forward to hearing from you.

Best regards,

Mike

From: Ronda McNae <prose.rmcnae@gmail.com>
Sent: Tuesday, February 11, 2025 6:32 PM
To: ann.cosimano@araglegal.com; Mullaly, Michael T. <michael.mullaly@squirepb.com>; Will McNae <prose.wmcnae@gmail.com>
Subject: [EXT] Urgent Request for Motion to Stay Proceedings & Settlement Consideration

Dear ARAG Legal Insurance,

I am writing regarding my ongoing federal bad faith litigation against ARAG, as well as recent developments that further support my claims of improper handling of my legal defense.

Given new evidence and a newly assigned law enforcement investigation, I request that ARAG take immediate steps to support a Motion to Stay the case until law enforcement completes its investigation and all regulatory complaints have been reviewed.

Additionally, I am willing to settle this case to avoid another high-profile legal dispute, particularly in light of new evidence brought to light in Miami, FL, implicating Michael Fitzgerald. This evidence was significant enough that the Executive Assistant to the Chief of Police personally called me this morning to inform me that a new detective has been assigned to the investigation.

Furthermore, Nichelle Womble officially appeared in my case yesterday, though securing new legal representation for this matter has been a significant challenge due to the extensive time required to interview potential counsel. Additionally, on January 3rd, the appellate court in Iowa upheld the ruling for parental termination of my niece and nephew, and I have been actively preparing for their adoption, which involves substantial paperwork, medical evaluations, and court proceedings.

The Federal Judge's Ruling Confirmed Prior Counsel's Failures
Additionally, the judge recently ruled that the deposition transcripts I attempted to introduce into the record should have been submitted during pretrial motions while Richard Gomez was still representing me. The court denied my motions to supplement the record, further proving that ARAG-appointed counsel failed to properly prepare my case, meet deadlines, or fulfill essential pretrial obligations. This failure significantly prejudiced my defense and further supports my claims of ARAG's bad faith and legal malpractice.

Given these circumstances, which option does ARAG agree to?

    1. A Motion to Stay the case to allow for legal and investigative developments.

    2. Settlement negotiations to avoid further unnecessary litigation, stress, and resource expenditure.

Additionally, as I have pursued due diligence in understanding ARAG's legal and ethical responsibilities, I have had to report aspects of my federal case to various regulatory bodies, including:

- Securities and Exchange Commission (SEC) – Reported potential securities fraud and failure to disclose material risks before SoftwareONE (SWO)'s IPO.

- Swiss Exchange (SIX Swiss Exchange) – Reported SWO's potential violations of financial disclosure regulations.

- U.S. Department of Justice (DOJ) – Reported obstruction of justice, witness retaliation, and corporate misconduct.

- Federal Bureau of Investigation (FBI) – Reported obstruction of justice, financial coercion, and securities fraud.

- U.S. Attorney's Office – Southern District of Florida – Requested a federal investigation into obstruction, retaliation, and due process violations.

- State Attorney's Office (Florida) – Reported local law enforcement's failure to properly investigate and pursue charges.

- State Bar Association – Reported ethical violations by attorneys involved in suppressing evidence and obstructing justice.

- Florida Bar – Reported litigation abuse and legal misconduct involving attorneys suppressing evidence, retaliatory lawsuits, and unethical legal tactics.

- Judicial Conference of the United States – Reported issues related to litigation and requested judicial reform.

Additionally, I recently discovered that an ARAG representative engaged in a discussion with opposing counsel in my federal case, disclosing details regarding my legal insurance policy. Opposing counsel inquired about policy limits and attorney withdrawal reasons, which could have strategically harmed my legal defense. This raises serious concerns about confidentiality, potential wire fraud, and ARAG's compliance with ethical standards. I am evaluating whether additional regulatory action is necessary regarding this disclosure.

I am also deeply concerned about information I recently received from a lawyer I randomly connected with, who was familiar with ARAG Legal and mentioned that criminal charges were brought against the company in Germany. I have requested supporting documentation regarding this but want to ensure that this is not the case.

Please confirm ARAG's position within the next 48 hours, as I need to prepare a motion as a pro se plaintiff while navigating the filing procedures in Washington State Federal Court.

Sincerely,
Ronda McNae



Over 40 Offices across 4 Continents

This message is confidential and may be legally privileged or otherwise protected from disclosure. If you are not the intended recipient, please telephone or email the sender and delete this message and any attachment from your system; you must not copy or disclose the contents of this message or any attachment to any other person.

For information about how Squire Patton Boggs processes personal data that is subject to the requirements of applicable data protection laws, please see the relevant Privacy Notice regarding the processing of personal data about clients and other business contacts at [www.squirepattonboggs.com](www.squirepattonboggs.com).

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities. Please visit [www.squirepattonboggs.com](www.squirepattonboggs.com) for more information.

#US