*EXHIBIT 17*

THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM MCNAE and RONDA MCNAE,<br><br>Plaintiffs,<br><br>v.<br><br>ARAG INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:24-cv-00211-TL |

**DEFENDANT ARAG INSURANCE COMPANY'S RESPONSES
AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF
<u>INTERROGATORIES AND REQUESTS FOR PRODUCTION</u>**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Defendant ARAG Insurance Company ("ARAG") responds and objects to Plaintiffs' Second Set of Interrogatories and Requests for Production as follows.

**OBJECTIONS TO PRELIMINARY STATEMENT AND DEFINITIONS**

ARAG objects to the Preliminary Statement and to the Definitions to the extent either seeks to enlarge ARAG's obligations beyond those provided for in the Federal Rules of Civil Procedure and/or the Local Rules of the Western District of Washington.

ARAG objects to the Definition of "Policy" as vague and ambiguous. For purposes of providing the within responses and objections to Plaintiffs' discovery requests, ARAG has

DEFENDANT'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' SECOND SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION - 1
NO. 2:24-CV-00211

**JENSEN MORSE BAKER PLLC**
520 PIKE ST., SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

construed the term "Policy" to refer to the Certificate of Insurance issued under the Microsoft Corporation Legal Expense Insurance Plan with policy period January 1, 2022 to December 31, 2022, which certificate ARAG has produced in this litigation as ARAG002934-ARAG002969.

ARAG objects to the Definition of "Subject Claim" as vague and ambiguous. For purposes of providing the within responses and objections to Plaintiffs' discovery requests, ARAG has construed the term "Subject Claim" to refer to Plaintiffs' claim under the Policy with respect to *Michael Fitzgerald et al. v. Ronda McNae et al.*, No. 1:22-cv-22171, United States District Court for the Southern District of Florida.

ARAG objects to the Definition of "Relevant Period" to the extent it asserts the relevance of, or calls upon ARAG to produce, information or documents from "five years preceding the date of loss to the present." That said, none of Plaintiffs' discovery requests appear to incorporate the term.

**RESPONSES AND OBJECTIONS**

**INTERROGATORY NO. 8:** If You contend that the Policy or subject claim is governed by ERISA, state all facts and identify all documents relied on in support of that contention.

**Response to Interrogatory No. 8:** ARAG objects that the interrogatory is a broad contention interrogatory and lacks proportionality because it purports to require ARAG to provide a detailed narrative and analysis of its defensive case, notwithstanding that it is Plaintiffs' burden to establish liability, if any. ARAG objects that this contention interrogatory is premature because discovery in this matter is in its early stages. ARAG objects that some documents and information bearing on the referenced issue may be outside ARAG's possession, custody, control, and/or knowledge—and in some instances may be within Plaintiffs' or Microsoft's possession, custody, control, and/or knowledge.

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION - 2
NO. 2:24-CV-00211

JENSEN MORSE BAKER PLLC
520 PIKE ST., SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

1    ARAG objects that the interrogatory seeks disclosure of the mental impressions,

2 conclusions, opinions, or legal theories of counsel or other representatives of ARAG concerning

3 the litigation.

4    ARAG objects to the request to the extent it seeks information protected by the attorney-

5 client privilege, work product doctrine, or any other privileges.

6    Subject to and without waiver of any objections, ARAG states as follows and reserves

7 the right to amend and/or supplement this response:

8    ARAG incorporates herein by reference the contents of Defendant ARAG Insurance

9 Company's Motion for Leave to File Amended Answer Instanter (ECF 26), together with

10 Exhibits A, B, C, and D to the Declaration filed in support thereof (ECF 27.1, 27.2, 27.3, and

11 27.4, respectively).

12    Further responding, ARAG states that each year Microsoft would send the Summary

13 Plan Description (SPB) to ARAG to review, edit, update, and/or supplement the section in the

14 SPD regarding legal insurance. ARAG would make edits/revisions and comments and send the

15 marked up SPD back to Microsoft.

16    Further responding, ARAG states that each year ARAG provided Microsoft with

17 information necessary for Microsoft's completion of its Form 5500.

18    Further responding, ARAG states that it prepared customized open enrollment materials

19 for Microsoft, created marketing materials specific to Microsoft's legal plan, customized New

20 Member on-boarding materials, etc.

21    **REQUEST FOR PRODUCTION NO. 21:** Produce all documents identified in the

22 preceding interrogatory.

23    **Response to Request for Production No. 21:** ARAG incorporates by reference the

24 objections stated in the response to Interrogatory No. 8.

DEFENDANT'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' SECOND SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION - 3
NO. 2:24-CV-00211

JENSEN MORSE BAKER PLLC
520 PIKE ST., SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

Subject to and without waiving any objections, ARAG has conducted a reasonable search and will produce all non-privileged/non-work-product documents responsive to the request within a mutually agreed reasonable time. ARAG reserves the right to amend and/or supplement this response and/or the associated production(s).

**REQUEST FOR PRODUCTION NO. 22:** Produce all documents reflecting any analysis of the application of ERISA to the Policy or the subject claim.

**Response to Request for Production No. 22:** ARAG objects that the interrogatory seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of counsel or other representatives of ARAG concerning the litigation.

ARAG objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other privileges.

Subject to and without waiving any objections, ARAG has conducted a reasonable search and will produce all non-privileged/non-work-product documents responsive to the request within a mutually agreed reasonable time. ARAG reserves the right to amend and/or supplement this response and/or the associated production(s).

**REQUEST FOR PRODUCTION NO. 23:** Produce all documents relating to the underwriting of the Policy.

**Response to Request for Production No. 23:** ARAG objects that the request, by seeking "all documents" relating to the underwriting of the Policy, lacks proportionality and seeks many documents not relevant to any party's claims or defenses. ARAG is not withholding any specific documents based on these objections but has accounted for them in determining the scope of its reasonable obligations under Fed. R. Civ. P. 26(b)(1).

ARAG objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other privileges.

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION - 4
NO. 2:24-CV-00211

**JENSEN MORSE BAKER PLLC**
520 Pike St., Suite 2375
Seattle, Washington 98101
Phone: 206.682.1550

1   Subject to and without waiving any objections, ARAG has conducted a reasonable
2   search and will produce all non-privileged/non-work-product documents responsive to the
3   request within a mutually agreed reasonable time.

4   **REQUEST FOR PRODUCTION NO. 24:** Produce all documents relating to the
5   marketing of the Policy, including, without limitation, all communications with the Plaintiffs,
6   the Microsoft Corporation, or any employee welfare benefit plan.

7   **Response to Request for Production No. 24:** ARAG objects that the request, by
8   seeking "all documents" relating to the marketing of the Policy, lacks proportionality and seeks
9   many documents not relevant to any party's claims or defenses. ARAG is not withholding any
10  specific documents based on these objections but has accounted for them in determining the
11  scope of its reasonable obligations under Fed. R. Civ. P. 26(b)(1).

12  ARAG objects that the request, to the extent it seeks communications with "any
13  employee welfare benefit plan" other than the Microsoft Corporation Welfare Plan, lacks
14  proportionality and seeks documents not relevant to any party's claims or defenses.

15  ARAG objects to the request to the extent it seeks information protected by the attorney-
16  client privilege, work product doctrine, or any other privileges.

17  Subject to and without waiving any objections, ARAG has conducted a reasonable
18  search and will produce all non-privileged/non-work-product documents responsive to the
19  request within a mutually agreed reasonable time.

20  **REQUEST FOR PRODUCTION NO. 25:** Produce all documents relating to the sale
21  of the Policy to, or enrollment in coverage under the Policy of, the Plaintiffs, including, without
22  limitation, all communications with the Plaintiffs, the Microsoft Corporation, or any employee
23  welfare benefit plan.

24

DEFENDANT'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' SECOND SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION - 5
NO. 2:24-CV-00211

**JENSEN MORSE BAKER PLLC**
520 PIKE ST., SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

1       **Response to Request for Production No. 25:** ARAG objects that the request, by

2   seeking "all documents" relating to the sale of the Policy to Plaintiffs and/or the enrollment of

3   Plaintiffs in the Policy, lacks proportionality and seeks many documents not relevant to any

4   party's claims or defenses. ARAG is not withholding any specific documents based on these

5   objections but has accounted for them in determining the scope of its reasonable obligations

6   under Fed. R. Civ. P. 26(b)(1).

7       ARAG objects that the request, to the extent it seeks communications with "any

8   employee welfare benefit plan" other than the Microsoft Corporation Welfare Plan, lacks

9   proportionality and seeks documents not relevant to any party's claims or defenses.

10      ARAG objects to the request to the extent it seeks information protected by the attorney-

11  client privilege, work product doctrine, or any other privileges.

12      Subject to and without waiving any objections, ARAG has conducted a reasonable

13  search and will produce all non-privileged/non-work-product documents responsive to the

14  request within a mutually agreed reasonable time.

15      **REQUEST FOR PRODUCTION NO. 26:** Produce all documents relating to the

16  conversion or continuation of coverage under the Policy, including, without limitation, all

17  communications with the Plaintiffs, the Microsoft Corporation, or any employee welfare benefit

18  plan.

19      **Response to Request for Production No. 26:** ARAG objects that the request, by

20  seeking "all documents" relating to conversion or continuation of coverage under the Policy,

21  lacks proportionality and seeks many documents not relevant to any party's claims or defenses.

22  ARAG is not withholding any specific documents based on these objections but has accounted

23  for them in determining the scope of its reasonable obligations under Fed. R. Civ. P. 26(b)(1).

24

DEFENDANT'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' SECOND SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION - 6
NO. 2:24-CV-00211

**JENSEN MORSE BAKER PLLC**
520 PIKE ST., SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

ARAG objects that the request, to the extent it seeks communications with "any employee welfare benefit plan" other than the Microsoft Corporation Welfare Plan, lacks proportionality and seeks documents not relevant to any party's claims or defenses.

ARAG objects to the request to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other privileges.

Subject to and without waiving any objections, ARAG has conducted a reasonable search and will produce all non-privileged/non-work-product documents responsive to the request within a mutually agreed reasonable time.

**INTERROGATORY NO. 9:** Identify all premium, fee, or contribution payments made in connection with the Policy by (a) nature of payment; (b) date; (c) payor; (d) dollar amount; (e) recipient; and (f) method of payment.

**Response to Interrogatory No. 9:** ARAG objects that the interrogatory, to the extent it seeks information concerning any premium, fee, or contribution payment not specific to Plaintiffs, or seeks information concerning the specific payments made on behalf of Plaintiffs, lacks proportionality and seeks substantial information not relevant to any party's claims or defenses.

Subject to and without waiver of any objections, ARAG states as follows and reserves the right to amend and/or supplement this response:

Microsoft deducted monthly premium payments from enrolled employees' paychecks and, in turn, remitted the total monthly premium payments to ARAG. Said monthly premiums were as follows:

2018: $19.75/mo.

2019: $19.75/mo.

2020: $19.90/mo.

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION - 7
NO. 2:24-CV-00211

JENSEN MORSE BAKER PLLC
520 PIKE ST., SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

2021:  $19.90/mo.

2022:  $20.57/mo.

2023:  $20.57/mo.

**REQUEST FOR PRODUCTION NO. 27:** Produce all documents reflecting the payments identified in response to the foregoing interrogatory.

**Response to Request for Production No. 27:** ARAG objects that the request, to the extent it seeks information concerning any premium, fee, or contribution payment not specific to Plaintiffs, or seeks information concerning the specific payments made on behalf of Plaintiffs, lacks proportionality and seeks documents not relevant to any party's claims or defenses.

Subject to and without waiving any objections, ARAG will produce documents sufficient to show the total amount of premiums received from Microsoft in 2022 under the process described in the response to Interrogatory No. 9.  ARAG reserves the right to amend and/or supplement this response and/or the associated production(s).

**INTERROGATORY NO. 10:** Identify all administrative responsibilities of Microsoft Corporation or the Microsoft Corporation Welfare Plan relating to the Policy or the subject claim.

**Response to Interrogatory No. 10:** ARAG objects that the interrogatory lacks proportionality to the extent it seeks identification of "all administrative responsibilities of Microsoft or the Microsoft Corporation Welfare Plan"—however slight, remote, nonspecific, or insignificant—with respect to the Policy or the Subject Claim.  ARAG is not withholding any specific information based on these objections but has accounted for them in determining the scope of its reasonable obligations under Fed. R. Civ. P. 26(b)(1).

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION - 8
NO. 2:24-CV-00211

JENSEN MORSE BAKER PLLC
520 PIKE ST., SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

ARAG objects that some documents and information bearing on the referenced issue may be outside ARAG's possession, custody, control, and/or knowledge—and in some instances may be within Plaintiffs' or Microsoft's possession, custody, control, and/or knowledge.

Subject to and without waiver of any objections, ARAG states as follows and reserves the right to amend and/or supplement this response:

Microsoft Corporation's or the Microsoft Corporation Welfare Plan's administrative responsibilities relating to the Policy or the subject claim included:

- Providing/distributing ARAG legal insurance flyers to its employees;
- Conducting annual open enrollment on its platform for its employees to sign up for the various benefits/voluntary benefits the company offered, including ARAG legal insurance;
- Remitting to ARAG a member file listing those employees who enrolled in the legal insurance during that year's open enrollment;
- Deducting the monthly premium payment from the paychecks of those employees who were enrolled in the legal insurance and remitting the total monthly premium amount collected to ARAG along with a list of employees for whom the monthly premium payment was for;
- Informing ARAG when an employee enrolled in the legal plan was no longer participating in the plan; and
- Arranging for ARAG to conduct seminars for its employees regarding how ARAG legal insurance works, coverages available, etc.

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION - 9
NO. 2:24-CV-00211

JENSEN MORSE BAKER PLLC
520 PIKE ST., SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

1   **REQUEST FOR PRODUCTION NO. 28:** Produce all documents relating to the administrative responsibilities of Microsoft Corporation or the Microsoft Corporation Welfare Plan relating to the Policy or the investigation of the subject claim.

**Response to Request for Production No. 28:** ARAG incorporates by reference the objections stated in the response to Interrogatory No. 10.

Subject to and without waiving any objections, ARAG has conducted a reasonable search and will produce all non-privileged/non-work-product documents responsive to the request within a mutually agreed reasonable time. ARAG reserves the right to amend and/or supplement this response and/or the associated production(s).

**REQUEST FOR PRODUCTION NO. 29:** Produce all policies, training, or procedures intended to ensure compliance with ERISA and 29 CFR § 2560.503-1 in the handling of the subject claim.

**Response to Request for Production No. 29:** ARAG has conducted a reasonable search and will produce all non-privileged/non-work-product documents responsive to the request within a mutually agreed reasonable time.

**INTERROGATORY NO. 11:** Identify all persons covered under the Policy and the dates they became covered.

**Response to Interrogatory No. 11:** ARAG objects that the interrogatory, to the extent it seeks information concerning any person(s) whose coverage from ARAG is not derivative of the coverage conferred upon William McNae under the Policy, lacks proportionality and seeks substantial information not relevant to any party's claims or defenses.

Subject to and without waiver of any objections, ARAG states as follows and reserves the right to amend and/or supplement this response:

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION - 10
NO. 2:24-CV-00211

**JENSEN MORSE BAKER PLLC**
520 PIKE ST., SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

William McNae was enrolled in the Microsoft plans in effect for the years 1/1/2018 through 9/30/2023.  In addition to the Microsoft employee who enrolled in the plan, eligible dependents are also covered under the plan.  The plan defines eligible dependents as: Spouse or both same and opposite sex domestic partner and children until the end of the month when they reach age 26 regardless of student or marital status.  Incapacitated children age 26 and older are covered.  An incapacitated dependent is one that is unable to sustain employment due to a developmental disability or physical handicap that existed before the child reached age 26.  The individual is chiefly dependent on the member for support.

**INTERROGATORY NO. 12:** Identify all consideration paid to or received from Microsoft Corporation or the Microsoft Corporation Welfare Plan in connection with the Policy.

**Response to Interrogatory No. 12:** ARAG incorporates by reference the objections and responses stated in the response to Interrogatory No. 9.  Subject to and without waiver of any objections, ARAG further states as follows and reserves the right to amend and/or supplement this response:

No consideration, aside from that identified in the response to Interrogatory No. 9, was paid to or received from Microsoft Corporation or the Microsoft Corporation Welfare Plan in connection with the Policy.

**REQUEST FOR PRODUCTION NO. 30:** Produce all documents reflecting any consideration paid to or received from Microsoft Corporation or the Microsoft Corporation Welfare Plan in connection with the Policy.

**Response to Request for Production No. 30:** ARAG incorporates by reference the objections and responses stated in the response to Interrogatory No. 12.  Subject to and without

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION - 11
NO. 2:24-CV-00211

**JENSEN MORSE BAKER PLLC**
520 PIKE ST., SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

waiver of any objections, ARAG further states as follows and reserves the right to amend and/or supplement this response:

No consideration, aside from that identified in the response to Interrogatory No. 9, was paid to or received from Microsoft Corporation or the Microsoft Corporation Welfare Plan in connection with the Policy.

**INTERROGATORY NO. 13:** Identify the persons or entities responsible for payment of benefits due under the Policy and the source of the funds used to make such payments.

**Response to Interrogatory No. 13:** ARAG objects that the interrogatory is vague and unclear with respect to the phrases "responsible for payment of benefits due under the Policy" and "source of the funds used to make such payments." ARAG construes the former to include, without limitation, responsibility that is delegated from an ERISA plan. ARAG construes both to seek the identity of the entity directly issuing payment.

ARAG objects that the interrogatory, to the extent it seeks information concerning the specific path of the particular funds used to make any payment, lacks proportionality and seeks substantial information not relevant to any party's claims or defenses.

Subject to and without waiver of any objections, ARAG states as follows and reserves the right to amend and/or supplement this response:

ARAG incorporates its response to Interrogatory No. 9.

ARAG further states that its claims department processes claims and where appropriate arranges for payment(s) to be issued. ARAG Insurance Company is the paying entity and appears as such on the check/payment.

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION - 12
NO. 2:24-CV-00211

JENSEN MORSE BAKER PLLC
520 PIKE ST., SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

DATED: August 12, 2024, at Seattle, Washington.

JENSEN MORSE BAKER PLLC

By *s/Benjamin Roesch*
Gabriel Baker, WSBA No. 28473
gabe.baker@jmblawyers.com
Benjamin Roesch, WSBA No. 39960
benjamin.roesch@jmblawyers.com
520 Pike Street, Suite 2375
Seattle, WA  98101

Attorneys for Defendant ARAG Insurance Company


SQUIRE PATTON BOGGS (US) LLP

Michael T. Mullaly (*pro hac vice*)
michael.mullaly@squirepb.com
2000 Huntington Center
41 South High Street
Columbus, OH  43215

Attorneys for Defendant, ARAG Insurance Company

**VERIFICATION OF RESPONDING PARTY**

I declare under penalty of perjury that I am the General Counsel of Defendant and am authorized to make the foregoing interrogatory answers.  I declare that I have read the foregoing interrogatory answers, know the contents thereof, and believe them to be true and correct.

Dated this 12th day of August, 2024.

By _____
Ann Cosimano

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION - 13
NO. 2:24-CV-00211

JENSEN MORSE BAKER PLLC
520 Pike St., Suite 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

# **CERTIFICATE OF SERVICE**

The undersigned certifies under penalty of perjury under the laws of the United States of America that, on the 12th day of August, 2024, the document attached hereto was delivered to the below counsel in the manner indicated:

| *Counsel for Plaintiffs* | |
|---|---|
| Isaac Ruiz, WSBA #35237<br>McKean J. Evans, WSBA #52750<br>David Fadduol, WSBA #61126<br>Ruiz & Smart LLP<br>901 Fifth Avenue, Suite 820<br>Seattle, WA  98164<br>iruiz@ruizandsmart.com<br>mevans@ruizandsmart.com<br>dfadduol@ruizandsmart.com | ☐ Via CM/ECF<br>☒ Via electronic mail<br>☐ Via U.S. Mail, postage prepaid<br>☐ Via Facsimile<br>☐ Via Courier<br>☐ Via Overnight delivery |

DATED this 12th day of August, 2024, in Columbus, Ohio.

By */s/ Michael T. Mullaly*
　　Michael T. Mullaly

DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION - 14
NO. 2:24-CV-00211

**JENSEN MORSE BAKER PLLC**
520 PIKE ST., SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550