*EXHIBIT 4*

# Fee Agreement - Hourly Rate



This Agreement ("Agreement") is made and effective 01/11/2023, by and between Colson Hicks Eidson, an attorney with principal place of business at 255 Alhambra Cir Ste Ph, Miami, FL 33134 ("Attorney") and ARAG North America Incorporated, an Iowa corporation with principal place of business at 500 Grand Avenue, Suite 100, Des Moines, Iowa 50309 ("ARAG").

Attorney and ARAG agree to the following terms:

### 1. Definitions.
    A. "Plan Member" is the client identified in Section 2.
    B. "Policyholder" is the company providing the group legal plan to Plan Member.

### 2. Engagement.
Subject to Plan Member approval of Attorney's representation, ARAG hereby engages Attorney, and Attorney accepts engagement, to provide legal services to the best of their ability and to exhibit due diligence in the representation of Plan Member in ARAG Case Confirmation Number: 3266236-001

    A. Scope of Legal Representation: Attorney will represent Plan Member in the matter of: Defense of Civil Damage
    B. Plan Member coverage, including exclusions, if applicable: Legal services for an insured in defense against civil damage(s) claims, except claims involving the ownership or use of a motorized vehicle, claims which are covered by other insurance, or claims related to a felony charge.
    EXCLUSIONS
    1. Matters against us, the policyholder or an insured against the interests of the named insured under the same Certificate.
    2. Legal services arising out of a business interest, investment interests, employment matters, employee benefits, your role as an officer or director of an organization, and patents or copyrights.
    3. Legal services in class actions, punitive damages, personal injury, malpractice, court appeals or post judgments (settlement agreement signed by all parties, final binding arbitration, judgment issued by a court).
    4. Legal services deemed by us to be frivolous or lacking merit, or in actions where you are the plaintiff and the amount we pay for your legal services exceeds the amount in dispute, or in our reasonable belief you are not actively and reasonably pursing resolution in your case.
    C. If Attorney becomes aware that the legal matter is no longer covered, Attorney should direct Plan Member to contact ARAG and may bill Plan Member for services provided for the non-covered matters.
    D. Plan Member Information: William McNae
    E. If services are not for Plan Member,
    i. Who are services being provided for?
    ii. What is their relationship to Plan Member?
    F. Plan Member ID#: 177202672170
    G. Attorney ID#: 363396261314
    H. Policyholder: MICROSOFT CORPORATION
    I. Loss Date: 07/15/2022

J. Plan Member Effective Date: 01/01/2022 (NOTE: If Attorney determines the legal matter arose prior to the plan member's effective date, please contact ARAG immediately).

### 3. Obligations of Attorney.

Attorney verifies they meet the following:

A. Currently an active member of the State Bar in good standing.
B. Maintains a law office and is regularly engaged in the practice of law.
C. Maintains a current W9 Form with ARAG.
D. Shall notify ARAG of any actual or impending circumstances which might affect their status as an attorney, including any complaints filed with or any disciplinary action of any nature made by any attorney disciplinary authority or court concerning Attorney, including any criminal activity by Attorney's employees effecting client, including but not limited to embezzlement of client funds.
E. Agrees to notify ARAG in writing of any change in A through D.

### 4. Obligations of ARAG.

ARAG verifies it will meet the following:

A. ARAG will not interfere with or control the performance of the duties of Attorney to Plan Member.
B. ARAG will routinely contact Attorney to verify the status of the Legal Representation throughout Engagement, providing clarification of policy language and other information as needed.

### 5. Payment.

A. Attorney may invoice ARAG at the following rates for actual time spent on Legal Representation:
   1. Attorney $550 per hour.
B. Attorney shall provide a detailed invoice of actual time spent on Legal Representation to ARAG on at least a monthly basis. If your billing system rounds up, it cannot round to any greater than the next quarter-hour increment. (Example – You spend nine minutes on a case and your billing system will not bill for exactly nine minutes. You can bill for ten minutes, or you can bill for 15 minutes, but you cannot bill for 20 minutes.) Failure to submit the invoice as indicated may result in ARAG deducting at least 25% from the total amount of each delinquent billing statement. The actual time spent on Legal Representation as indicated in Section 5.A. shall be specified separately for each agreed upon individual.
C. The Attorney whom ARAG has entered into this Fee Agreement with shall have primary responsibility for the case. If the primary Attorney delegates work to another attorney in the firm, not specifically referenced in this section, that attorney's fees will be paid at the same hourly rate as Attorney unless new Attorney's fees are lower. In no case will more than one (1) attorney bill for this case simultaneously without prior written approval of ARAG.
D. Attorney shall submit invoices which include a tax identification number through the online claims process as follows:
   1. Log in to the Attorney Portal at www.ARAGLegal.com/login/sr
   2. Go to "Claims/Payment History" on the Attorney Portal home page
   3. Submit claim
E. Payment will be mailed by ARAG to Attorney's address:  255 Alhambra Cir Ste Ph, Miami, FL 33134
F. This entire Section 5 shall survive termination of the Agreement.

### 6. Billing Guidelines.

A. **Attorney may invoice Plan Member for the following non-covered expenses:**
   1. Costs, including but not limited to court filing fees; court reporter fees; transcript fees; expert fees; witness fees; subpoena fees; private investigators fees; delivery service fees; fax charges; postage; telephone charges; copy/printing charges; mock-ups or models; any computer, audio or visual

© 2023 ARAG North America, Inc                                                                                                                 21678_v7

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER                                                                              ARAG006402

equipment or rental of; and title work. Travel expenses, including but not limited to, mileage, meals, and parking fees.

2. Attorney understands Plan Member cannot authorize payment of any additional attorney fees on behalf of ARAG.

B. **Attorney shall not invoice ARAG or Plan Member for the following overhead costs. ARAG reserves the right to remove any of the following from invoices:**

1. Intra-office or intra-firm communication including, but not limited to, conferences, discussions or briefings between attorneys, paralegals, legal assistants or office managers.

2. Expenses related to opening or organizing the client file or associated with billing ARAG, including preparation of the invoice and questions to ARAG related to the invoice.

3. Case Activities – activities considered to be case activities include but are not limited to: intra-office conferences; simultaneous work by more than one attorney or paralegal at a time; any file review performed when the file is transferred to a new attorney or paralegal; leaving a voice mail; having a brief conversation or telephone communication.

4. Unless specified in Section 5.A., time spent traveling.

5. Secretarial – time spent by staff on activities considered to be secretarial and/or clerical include, but are not limited to, filing, scanning, faxing, e-mailing, copying, word processing, setting up and maintaining a file, inserting documents into and retrieving documents from the file, Bates stamping documents, maintenance of attorney calendars, drafting or preparing a basic cover letter, acknowledgement letters, preparing form letters and pleadings, making travel arrangements; scheduling meetings; and scheduling depositions.

6. Overhead/Administrative – activities considered to be overhead or administrative include but are not limited to preparation of invoices or responses to billing inquires, time spent analyzing firm's conflict issues, opening or closing the file, and preparation of a status update to ARAG. Under no circumstances shall these items be billed to the Plan Member.

C. **Award of attorney's fees**

If Plan Member is awarded attorney fees pursuant to this legal representation, such fees will first be given to Plan Member for any Attorney's fees paid by Plan Member, then reimburse ARAG for any fees paid by ARAG, with the remainder to Attorney, if applicable.

D. This entire Section 6 shall survive termination of the Agreement.

## 7. Representation.

A. Attorney will not withdraw from representation until they take reasonable steps to avoid prejudice to the rights of Plan Member.

B. Attorney will promptly notify ARAG of withdrawal and allow time for employment of other counsel.

C. Attorney will direct Plan Member to call ARAG regarding coverage rather than referring the Plan Member to another attorney.

D. Attorney will deliver all papers and property to the Plan Member that the Plan Member is entitled to receive and comply with all applicable laws and rules.

E. Attorney shall not refuse to provide legal services, or otherwise discriminate against, a Client due to their race, color, religion, sex, age, national origin, disability, pregnancy, veteran status, sexual orientation, marital status, genetic information, or any other characteristics protected by federal, state, or local law.

F. This entire Section 7 shall survive termination of the Agreement.

## 8. Termination.

Either party may terminate this Agreement effective immediately for any reason or no reason at any time by providing written notice to the other party.

© 2023 ARAG North America, Inc                                                                                                                21678_v7

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER                                                                           ARAG006403

### 9. Records.
Attorney will keep accurate and current books and records concerning Engagement, including the subject on which advice was given or representation offered or provided; the length of any conferences; the amount of time spent by Attorney in providing advice or representation; the disposition of the matter. Attorney will make such books and records available to ARAG at reasonable times. Nothing in this Agreement will require Attorney to reveal any confidential attorney-client information. Attorney acknowledges that ARAG may have a fiduciary and/or regulatory obligation to access information within Plan Member files to adequately administer payments under insurance and ERISA qualified legal plans and, to the extent that Plan Member interests are not prejudiced by doing so, agrees to seek waivers from Plan Members, where necessary, to assist ARAG in meeting these obligations. Any information revealed to ARAG will not be disclosed without proper authorization.

### 10. Indemnification.
Each party will defend, indemnify and hold harmless the other party from any liability or alleged liability which arises out of the acts, omissions, fraud, abusive behavior in the performance of services, including the acts of any subcontractor. "Liability" includes, without limitation, all costs and expenses incurred, including reasonable fees and court costs. "Alleged Liability" includes all claims and demands.

### 11. Waiver of Breach.
The waiver by either party of a breach of any provision of this Agreement shall not operate as, or be construed to be, a waiver of any subsequent breach hereunder.

### 12. Non-Waiver.
The failure of either party to enforce strict compliance with this Agreement, in whole or in part, or to exercise any right does not constitute a waiver of any other rights and will not be held to constitute a course of conduct or waiver of a subsequent breach of that or any other provision.

### 13. Effect of Invalid or Unenforceable Provision.
If any provision of this Agreement is held to be invalid or unenforceable by reason of conflict with applicable law or regulation, the Agreement will be considered amended to the minimum extent necessary to give effect to the balance of the Agreement as if the offending provision(s) was not present.

### 14. Assignment or Subcontracting.
Neither party shall assign its rights or delegate its duties in this Agreement or subcontract any portion of its performance without the other party's prior written consent, which such consent shall not be unreasonably withheld. Any such assignment, delegation or subcontract without such consent shall be void.

### 15. Amendment.
This Agreement, specific policy language and exclusions are subject to revocation, amendment or other modification at any time by ARAG, but any such revocation, amendment or modification will not change the rights accrued or obligations incurred prior to such action.

### 16. Mediation.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER    ARAG006404

    A. Parties agree that should a disagreement arise; they will use their best efforts to cooperate in finding an appropriate solution. In the event a solution cannot be found, the parties agree that before filing any legal action in accordance with the jurisdiction and venue provisions outlined in this agreement, they will participate in at least four hours of mediation in accordance with the Commercial Mediation Procedures of American Arbitration Association to be held in Des Moines, Iowa. The parties agree to bear their own travel costs to attend the mediation but will share equally in the costs of the actual mediation. The mediation shall be administered by a mutually agreed upon mediator.

    B. The entire Section 16 shall survive termination of the Agreement.

### 17. Jurisdiction; Venue.

    A. Following mediation as outlined in section 16, the parties agree that any dispute, action or proceeding arising out of or related to this Agreement will be commenced in the state courts of Polk County, Iowa or, in the United States District Court for the Southern District of Iowa where proper subject matter jurisdiction exists. Each party irrevocably submits and waives any objections to the exclusive personal jurisdiction and venue of such courts, including any objection based on claims of unsuitable court.

    B. The entire Section 17 shall survive termination of the Agreement.

### 18. Limitations on Liability.

    A. In no event will either party be liable for any indirect, incidental, exemplary, punitive, lost profits, special, consequential, or similar damages arising out of or related to this Agreement, even if the other party has been advised of the possibility of such damages.

    B. The entire Section 18 shall survive termination of the Agreement.

### 19. Independent Contractor.

Attorney is and throughout this Agreement shall be an independent contractor and not an employee, partner or agent of ARAG. Attorney shall not be entitled to nor receive any benefit normally provided to ARAG's employees including, but not limited to, vacation payment, retirement, health insurance, legal expense insurance, or sick pay. Attorney shall not be entitled to participate in ARAG's 401(k) plan. ARAG shall not be responsible for withholding income or other taxes from the payments made to Attorney. Attorney shall be solely responsible for filing all returns and paying any income, social security or other tax levied upon or determined with respect to the payments made to Attorney pursuant to this Agreement.

### 20. Controlling Law.

This Agreement shall be governed by and construed in accordance with the laws of the State of Iowa.

### 21. Final Agreement.

This Agreement constitutes the final understanding and agreement between the parties with respect to the subject matter hereof and supersedes all prior negotiations, understandings and agreements between the parties, whether written or oral. All amendments, assignments, and service reimbursement rates shall be set forth in writing prior to the time at which services are rendered.

© 2023 ARAG North America, Inc    21678_v7

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER    ARAG006405

This Agreement has been agreed upon and executed by the following authorized representatives.

Attorney:

_[signature]_
Attorney Signature

1/12/23
Date

ARAG:

_Teresa Hoisington for Ann Cosimano_  Teresa Hoisington
2023.01.13 07:27:34
-06'00'

Ann Cosimano, General Counsel

_____
Date

© 2023 ARAG North America, Inc

21678_v7

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

ARAG006406