# Exhibit A

**Mary E. Owen Esq.**
*Consulting and Mediation Services*

3023 18th Ave Ct NW Gig Harbor, WA 98335
MaryOwenConsulting.com
(206) 406 - 6104

October 18, 2024

Re:    **McNae v. ARAG Insurance Company**
      **U.S. District Court, Western District of Washington, Case No. 2:24-cv-00211**

### DISCLOSURE AND OPINIONS OF MARY E. OWEN, ESQ.

### QUALIFICATIONS OF MARY E. OWEN, ESQ.

I am a licensed, practicing Attorney in the state of Washington.    The focus of my practice has been in the area of Insurance Law for over 30 years.    Initially, I worked in the private sector, representing both insurance entities and their insureds for 15 years.    In that capacity, I worked with some of the largest carriers in the country.    Not only was I engaged in the representation of the clients, I also provided tutorials and seminars for the Claims Departments of the various carriers, in which I addressed Washington law, including governing WAC provisions, and current statutory and case law.    In addition, I assisted in the representation of corporate clients in employment discrimination cases and presented tutorials and seminars to clients to apprise them of the standards and laws governing general conduct in the workplace and employee rights.

The proper handling of property and liability claims has been a major focus of my practice.    I was involved in the initial evaluations(s) of numerous claims in which I assisted in determining coverage.    I advised the claims departments in the proper handling of cases pursuant to Washington law, and reviewed files in which bad faith was alleged to have occurred.    In 1997, I commenced my relationship with GEICO to act as the Managing Attorney for Washington and opened the first Staff Counsel Office in Washington, located in Seattle.    During my tenure in this position, GEICO grew from holding the 12th position for market shares in the country for underwriting automobile policies to 2nd place.    Our office became the largest GEICO staff counsel office on the West Coast.

As the company grew, I opened a second office in Tacoma in 2011.    In addition to personally handling hundreds of cases involving liability, damages and policy interpretation, I oversaw thousands of cases, while supervising the attorneys working in both the Seattle and Tacoma offices.    I have been engaged in all aspects of case handling, from the initial referrals to litigating jury trials and appellate review.

While managing the Washington staff counsel offices, I assisted the claims department in educating examiners and promoting the need for compliance with the mandates of Washington law, as well as other jurisdictions the claims examiners handled.    As new opinions were decided in state and federal courts throughout Washington, I would provide analysis and practical advice

to the claims department for implementing best practices to assure compliance with the changing law governing the insurance industry's claims handling procedures.

I have been asked to speak at numerous legal seminars and law schools in Eastern and Western Washington, regarding various topics of Insurance Law, including Bad Faith, Duty to Defend, UM/UIM claims, first and third-party claims handling practices, unfair claims practices/IFCA, effective settlement negotiation tactics and trial techniques.    I prepared materials for each seminar that I was a participant.    The majority of the seminars for which I was a speaker were certified for continuing education for insurance claims professionals.  From my casework, developing and presenting seminars on claim practices trends, and from the subjects I constantly study, I have specialized experience and training in insurance claim practices and the practices of the insurance industry.  I have addressed insurance claim practices to both attorneys and claim examiners in a variety of forums.

I have been designated as the sole arbitrator in numerous cases in various counties in Washington state.  These arbitrations have addressed issues, including, but not limited to, catastrophic injury claims, contract disputes, real property boundary disputes, and insurance law cases.  I have presided over in excess of a hundred arbitration hearings throughout Washington.

I have been retained as an expert witness/consultant on behalf of the policy holder in approximately ninety percent of the cases in which I have served as an expert/witness consultant, and by the carrier in approximately ten percent of the cases in which I have been retained.   In cases in which the defendant was an insurance company while I was actively in private practice, I represented the defendant ninety percent of the time, and the insured, ten percent of the time.

In 2018, I co-authored the update to Volume II of the WSAJ Auto Deskbook, Chapter 6: The Defense - Strategies & Tactics Utilized in Defending Plaintiff Personal Injury Claims.

I have consulted in numerous cases regarding Insurance and Employment Law.   I have provided expert opinions in the following matters:

1. <u>YE v. STATE FARM INSURANCE COMPANY</u>, UIM ARBITRATION;
2. <u>BARGE v. STATE FARM INSURANCE COMPANY</u>, U.S. District Court, Western District of Washington, Case No. 2:l6-cv-00249;
3. <u>E POLAK d/b/a VRP AUBURN v. THE CHARTER OAK FIRE INSURANCE COMPANY,</u> U.S. District Court, Western District of Washington, Case No. 2:l 5-cv-00253;
4. <u>JULIE LUTOVSKY v. TRAVELER'S HOME and MARINE INSURANCE COMPANY</u>, U.S. District Court, Western District of Washington, Case No. 2:15-cv-01847;
5. <u>OUNG ET AL. v. ALLSTATE INSURANCE COMPANY</u>, U.S. District Court, Western District of Washington, Case No. 2:16-cv-01200;
6. <u>TYLER v. USAA INSURANCE COMPANY</u>, King County Superior Court Cause No. 15-2-018854-3;

7. <u>MOHOMED v. BOBMAN ET AL.</u>, Pierce County Superior Court Case No. 16-2-08639-5;

8. <u>SHEPARD v. USAA INSURANCE COMPANY</u>, King County Superior Court Cause No. 16-2-07283-6;

9. <u>DECOOK v. PROGRESSIVE INSURANCE COMPANY</u>, U.S. District Court, Western District of Washington, Case No. 1:16-cv-00056;

10. <u>LOCK v. AMERICAN FAMILY INSURANCE COMPANY</u>, King County Superior Court Cause No. 15-2-05573-9;

11. <u>VIGNOLA v. MUTUAL OF ENUMCLAW INSURANCE COMPANY</u>, King County Superior Court Cause No. 16-2-21876-8;

12. <u>CRUM & FORSTER SPECIALTY INSURANCE COMPANY v. HARBOR PACIFIC CONTRACTORS, INC</u>., et al., U. S. District Court, Western District of Washington, Case No. 3:17-cv-05112;

13. <u>EANW NORTHWEST PC v. SENTINEL INSURANCE COMPANY LTD</u>, U.S. District Court, Western District ofWashington, Case No. 2:18-cv-01312;

14. <u>SMITH v. STEADFAST</u>, King County Superior Court, Case No. 17-2-32914-2 SEA;

15. <u>GUNZEL v. USAA</u>, Franklin County Superior Court Case No. 18-2-50263-11;

16. <u>DANIEL v. GARRISON PROPERTY & CASUALTY INSURANCE COMPANY</u>, King County Superior Court, Cause No. 18-2-21495-5 KNT;

17. <u>BRUCE v. AMERICAN FAMILY MUTUAL INSURANCE COMPANY ET AL.</u>, U.S. District Court, Western District of Washington, Case No. 2:2019-cv-00127;

18. <u>LOW v. SAFECO INSURANCE COMPANY OF ILLINOIS</u>, King County Superior Court Cause No. 19-2-11608-1 SEA;

19. <u>MELDER RANCH, LLC ET AL. v. HYBRID HOMES v. MUTUAL OF ENUMCLAW</u>, Lincoln County Superior Court Case No. 17-2-00092-3;

20. <u>BONTKOWSKI v. ALLSTATE INSURANCE COMPANY</u>, U.S. District Court, Western District of Washington, Case No. 3:18-cv-05790;

21. <u>BRAY v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY</u>, Pierce County Superior Court Case No. 19-2-04772-6;

22. <u>SMAGINA v. USAA</u>, King County Superior Court Cause No. 19-2-31249-1 SEA;

23. <u>CAPPS v. ALLSTATE</u>, Pierce County Superior Court Case No. 18-2-10664-3;

24. <u>716 WEST FOURTH AVENUE LLC v. NAVIGATORS SPECIALTY INSURANCE COMPANY</u>, Superior Court of Alaska, Third Judicial District at Anchorage, Case No. 3AN-15-9785;

25. <u>TACOMA SOUTH HOSPITALITY LLC v. NATIONAL GENERAL INSURANCE</u>, Pierce County Superior Court, Cause No. 19-2-11573-0;

26. <u>YOHANES AND GEBREKIDAN v. JAMES RIVER INSURANCE COMPANY ET AL.</u>, U.S. District Court, Western District of Washington, Case No. 2:20-CV-00101;

27. <u>SMAGINA vs. USAA CASUALTY INSURANCE COMPANY</u>, King County Superior Court Cause No. 19-2-31249-1 SEA;

28. <u>LACROIX vs. UNITED SERVICES AUTOMOBILE ASSOCIATION</u>, King County Superior Court Cause No. 19-2-31104-5 SEA;

29. <u>BUEHLER v. BRANHAM AND FIRST NATIONAL INSURANCE COMPANY OF AMERICA ET AL.</u>, Spokane County Superior Court Case No. 19-2-05270-32;

30. <u>PEREZ v. AMERICAN FAMILY INSURANCE COMPANY</u>, U.S. District Court, Western District of Washington, Case No. 2:20-cv-00849-RSM;

31. <u>MULUGETA ASARESU v. ALLSTATE</u>, Snohomish County Superior Court Case No. 19-2-01711-31;

32. <u>HAMLIN v. GRANITE STATE INSURANCE COMPANY</u>, U.S. District Court, Western District of Washington, Case No. 2:19-cv-01179;

33. <u>KORTJE v. USAA</u>, U.S. District Court, Western District of Washington, Case No. 2:20- cv-00873;

34. <u>LISTON v. ALLSTATE INSURANCE COMPANY</u>, Clark County Superior Court, Case No. 16-2-00035-9;

35. <u>PATIENCE AND BONN v. STATE FARM INSURANCE COMPANY</u>, King County Superior Court Cause No. 21-2-03446-9 SEA;

36. <u>BROOKS v. USAA</u>, U.S. District Court, Western District of Washington, Case No. 3:21-cv-05249;

37. <u>VALENCIA ET ANO vs USAA CASUALTY INSURANCE CO.</u>, King County Superior Court Cause No. 20-2-15039-8 SEA;

38. <u>DRYKE v. AMERICAN FAMILY INSURANCE COMPANY</u>, U.S. District Court, Western District of Washington, Case No. 3:20-cv-05723;

39. <u>MONTGOMERY v. USAA</u>, U.S. District Court, Eastern District of Washington, Case No. 2:20-cv-00264;

40. <u>COOPER v. FARMERS INSURACE COMPANY OF WASHINGTON</u>, Snohomish County Superior Court Case No. 21-2-01138-31;

41. <u>BLEIFUSS v STROEVE</u>, King County Superior Court Cause No. 18-2-54855-1;

42. <u>YOUNG v. THE STANDARD FIRE INSURANCE CO.</u>, U.S. District Court, Eastern District of Washington, Case No. 2:18-cv-00031;

43. <u>JOHNSON v. STATE FARM AUTOMOBILE INSURANCE COMPANY</u>, Jefferson County Superior Court Case No. 20-2-00078-16;

44. <u>HUNT v. USAA GENERAL INDEMNITY COMPANY</u>, U.S. District Court, Western District of Washington, Case No. 3:20-cv-05536;

45. <u>BAUDINO V. FNIC/LIBERTY MUTUAL</u>, U.S District Court, Eastern District of Washington, Case No. 2:20-cv-00457- TOR-6;

46. <u>CAPRICE JOHNSON V. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY</u>, U.S. District Court, Western District of Washington, Case No: 3-20-cv-05208-JCC;

47. <u>MCKEAG v. PEMCO MUTUAL INSURANCE COMPANY</u>, Jefferson County Superior Court Case No. 22-2-00124-16;

48. <u>MELROSE v. FIRST NATIONAL INSURANCE COMPANY OF AMERICA</u>, King County Superior Court Cause No. 20-2-15942-5;

49. <u>KILLINGER v. PROGRESSIVE INSURANCE COMPANY</u>, Grant County Superior Court Case No. 21-2-00768-13;

50. <u>NOLAN v. NATIONWIDE AGRIBUSINESS INSURANCE COMPANY</u>, U.S. District

Court, Western District of Washington, Case No. 3:20-cv-06198;

51. O'CONNOR v. JAMES RIVER INSURANCE COMPANY (Pre-litigation);

52. BUEHLER v BRANHAM ET AL., Spokane County Superior Court Cause No. 19-2-05270-32;

53. NGETHPHARAT & KELLEY V. STATE FARM/ FAYSAL AND JAMA V. STATE FARM, U.S. District Court, Western District of Washington, Case No. C20-454 MJP/ U.S. District Court, Western District of Washington, Case No. 20-652 MJP;

54. DEZELL V. IDS PROPERTY CASUALTY INSURANCE COMPANY, UIM Claim No. 2565633-BR318;

55. PAULUS v. ALLSTATE INSURANCE COMPANY, U.S. District Court, Eastern District of Washington, Case No. 2:19-CV-0287-TOR.

56. JOHNSON v. STATE FARM MUTUAL INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No 3:20-cv-05208;

57. AGERE v. SHIFERAW & NATIONWIDE, Spokane County Superior Court Cause No. 19-2-03579-32;

58. KOCHHAR ET AL. vs. STANDARD FIRE INS. CO ET AL., U.S. District Court, Western District of Washington, Case No. C21-1192 JCC-MLP;

59. CASTRO-FLORES ET ANO. V. FIRST NATIONAL INSURANCE COMPANY OF AMERICA; U.S. District Court, Western District of Washington, Case No. 2:22-cv- 00596-MJP;

60. VALENCIA ET ANO vs USAA CASUALTY INSURANCE CO., King County Superior Court Cause No. 20-2-15039-8 SEA;

61. KASEL V. ESTATE OF GRURASIC ET AL., King County Superior Court Cause No. 18- 2-55142-1 SEA;

62. CURTIS V. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 3:22-cv-05436-BHS

63. DAWSON V. STATE FARM FIRE & CASUALTY COMPANY (Pre-Litigation);

64. FOULGER V. BAUMGARTNER, King County Superior Court Case No. 21-2-09096-2 KNT;

65. KINSALE V. WEEPING RIDGE, LLC ET AL., U.S. District Court, Eastern District of Washington, Case No. 2:21-CV-186-SAB

66. HUEBNER V. AMERICAN FAMILY CONNECT PROPERTY AND CASUALTY INSURANCE COMPANY, United States District Court, Western District of WA, Case No. 2:22-cv-00882-RSL;

67. KIZIS V. AMERICAN FAMILY INSURANCE COMPANY, King County Superior Court Cause No. 20-2-03627-7 KNT;

68. DAVID MYDANS V. FARMERS INS. CO. OF WASHINGTON, King County Superior Court Cause No. 22-2-11999-3 SEA;

69. NELSON V. MCKINLAY ET ANO., King County Superior Court Cause No. 22-2-05738-6 KNT;

70. NEWELL ET AL. vs. USAA INS. CO., King County Superior Court, Cause No. 20-2-14814-8 SEA;

71. PALUSKA vs. USAA INS. CO., King County Superior Court, Case No. 20-2-14584-

0;

72. <u>SCHOR & WINKLER V. MID-CENTURY INSURANCE COMPANY</u>, U.S. District Court, Western District of Washington, Case No. 2:21-cv-1690 LK;

73. <u>SCHWERZLER ET AL. V. STATE FARM INS. CO.</u>, Mason County Superior Court Case No. 21-2-00149-23;

74. <u>JACOBS V. AMERICAN FAMILY INSURANCE ET AL.</u>, King County Superior Court Cause No. 22-2-09897-0 SEA;

75. <u>WEBER V. USAA</u>, Snohomish County Superior Court Case No. 20-2-03303-31;

76. <u>SHIN V. ALLSTATE INSURANCE COMPANY</u>, U.S. District Court, Western District of Washington, Case No. 2:21-cv-01524-DWC;

77. <u>WRIGHT v. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY</u>, U.S. District Court, Case No. 2:21-cv-00335-DGE;

78. <u>YOAKUM V. REGENCE BLUE SHIELD</u>, Okanagan County Superior Court Case #19- 20028924;

79. <u>KLOCH v. ALLSTATE INSURANCE COMPANY</u>, U.S. District Court, Western District of Washington, Case No. 2:22 -cv-01852-JHC;

80. <u>HAGEL v. MCCARTNEY & STANDARD FIRE INSURANCE COMPANY</u>, King County Superior Court Cause No. 22-2-10396-5 KNT;

81. <u>CUNLIFFE v. HICKS ET AL.</u>, Snohomish County Superior Court Case No. 22-2-00171-31;

82. <u>FETCHERO v. AMICA MUTUAL INSURANCE COMPANY</u>, U.S. District Court, Western District of Washington, Case No. 2:22-cv-00400-TL;

83. <u>SZTROIN v. DITURI CONSTRUCTION COMPANY & AMERICAN ALTERNATIVE INSURANCE CORPORATION</u>, Grays Harbor County Superior Court Case No. 22-2-00400-14;

84. <u>MULVANEY v. USAA INSURANCE COMPANY</u>, Snohomish County Superior Court Case No. 22-2-02522-31;

85. <u>BARNETT and LAY V. SMITH ET ANO.</u>, King County Superior Court Cause No. 22-2-07315-8 SEA;

86. <u>BURKE v. STANDARD FIRE INSURANCE COMPANY</u>, U.S. District Court, Western District of Washington, Case No. 2:23−cv−00691−TL;

87. <u>HEREDIA ET AL. vs. VUONG ET AL.</u>, King County Superior Court Cause No. 22-2-02836-KNT;

88. <u>YERIN v. ALLSTATE INSURANCE COMPANY</u>, King County Superior Court Cause No. 22-2-20865-1 SEA;

89. <u>MANN v. FARMERS INSURANCE COMPANY</u>, Spokane County Superior Court Case No. 22-2-03945-32;

90. <u>MILLER v. UNITED FINANCIAL CASUALTY COMPANY & SAFECO INSURANCE</u>, King County Superior Court Cause No. 22-2-02836-0 KNT;

91. <u>JONES v. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA</u>; U.S. District Court, Western District of Washington, Case No. 3:23-cv-05704-BHS;

92. <u>CARLSON v. AMERICAN FAMILY INSURANCE COMPANY</u>, King County Superior Court Cause No. 23-2-02463-0 KNT;

93. <u>SARLY & ROH v. AMERICAN FAMILY CONNECT PROPERTY AND CASUALTY INSURANCE COMPANY</u>, U.S. District Court, Western District of Washington, Case No. 2:23−cv−00048-MJP;
94. <u>ORTIZ v. ALLSTATE INSURANCE COMPANY</u>, U.S. District Court, Eastern District of Washington, Case No. 1:23-cv-03202-SAB; and,
95. <u>HERNANDEZ ET AL. v. INTERSTATE FIRE AND CASUALTY COMPANY</u>; U.S. District Court, Western District of Washington, Case No. 2:23-cv-01440.

I have been deposed in the following cases:

1. <u>E POLAK d/b/a VRP AUBURN v. THE CHARTER OAK FIRE INSURANCE COMPANY</u>, U.S. District Court, Western District of Washington, Case No. 2:15-cv-00253;
2. <u>JULIE LUTOVSKY v. TRAVELER'S HOME and MARINE INSURANCE COMPANY</u>, U.S. District Court, Western District of Washington, No. 2:15-cv-01847;
3. <u>OUNG ET AL. v. ALLSTATE INSURANCE COMPANY</u>, U.S. District Court, Western District of Washington, Case No. 2:16-cv-01200;
4. <u>VIGNOLA v. MUTUAL OF ENUMCLAW INSURANCE COMPANY</u>, King County Superior Court Cause No. 16-2-21876-8;
5. <u>CHOE ET AL. v. AAIC ET AL.</u>, U.S. District Court, Western District of Washington, Case No. 3:17-cv-05978;
6. <u>LOW v. SAFECO INSURANCE COMPANY OF ILLINOIS</u>, King County Superior Court Cause No. 19-2-11608-1 SEA;
7. <u>JOHNSON v. STATE FARM MUTUAL INSURANCE COMPANY</u>, U.S. District Court, Western District of Washington, Case No 3:20-cv-05208;
8. <u>MONTGOMERY v. USAA</u>, U.S. District Court, Eastern District of Washington, Case No. 2:20-cv-00264;
9. <u>AGERE v. SHIFERAW & NATIONWIDE</u>, Spokane County Superior Court Cause No. 19-2-03579-32;
10. <u>HAGEL v. MCCARTNEY & STANDARD FIRE INSURANCE COMPANY</u>, King County Superior Court Cause No. 22-2-10396-5 KNT;
11. <u>FETCHERO v. AMICA MUTUAL INSURANCE COMPANY</u>, U.S. District Court, Western District of Washington, Case No. 2:22-cv-00400-TL;
12. <u>BARNETT and LAY V. SMITH ET ANO.</u>, King County Superior Court Cause No. 22-2-07315-8 SEA;
13. <u>MILLER v. UNITED FINANCIAL CASUALTY COMPANY & SAFECO INSURANCE</u>, King County Superior Court Cause No. 22-2-02836-0 KNT; and,
14. <u>JONES v. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA</u>; U.S. District Court, Western District of Washington, Case No. 3:23-cv-05704-BHS.

I have also provided trial testimony in the following cases:

1. <u>LOCK v. AMERICAN FAMILY INSURANCE COMPANY</u>, King County Superior

Court Cause No. 15-2-05573-9;

2.  VIGNOLA v. MUTUAL OF ENUMCLAW INSURANCE COMPANY, King County Superior Court Cause No. 16-2-21876-8;

3.  YOUNG v. THE STANDARD FIRE INSURANCE CO., U.S. District Court, Eastern District of Washington, Case No. 2:18-cv-00031;

4.  JOHNSON v. STATE FARM AUTOMOBILE INSURANCE COMPANY, Jefferson County Superior Court Case No. 20-2-00078-16;

5.  AGERE v. SHIFERAW & NATIONWIDE, Spokane County Superior Court Cause No. 19-2-03579-32; and,

6.  MANN v. FARMERS INSURANCE COMPANY, Spokane County Superior Court Case No. 22-2-03945-32.

I served as Discovery Master in the following cases:

1.  PONDERAY NEWSPRINT COMPANY V. PUBLIC UTILITY DISTRICT NO. 1 OF PEND O'REILLE COUNTY ET AL., Spokane County Superior Court Case No. 16-2-00072-4 (2017 - 2018); and

2.  RHODES V. BARNETT, Spokane County Superior Court Case No. 14-2-4684-1 (2017 - 2018).

I was appointed as Special Mediation Master in the following cases:

1.  GONZALES V. UNITED STATES OF AMERICA, United States District Court, Eastern District of Washington, Case No. 1:18-CV-3027-RMP (2020); and

2.  MAGALLON AND PADILLA V. UNITED STATES OF AMERICA, United States District Court, Eastern District of Washington, Case No. 2:16-CV-283-RMP (2017).

## EXPERT FEES AND COSTS

My billing rate is $425.00 per hour. Court appearances and/or expert testimony will be billed at a rate of $550.00 per hour. Deposition and court testimony requires at least one-week advance written notice and is subject to a two (2) hour minimum charge. Standby fees are billed as a two (2) hour minimum charge.

## OPINIONS

The opinions expressed in this report are based upon, and informed by, my review and analysis of the documentation provided, my direct and extensive knowledge of insurance claims handling, my experience in assisting and instructing upper level management of multiple insurers, my familiarity with insurance claims handling customs and practices in the insurance industry, my training, education, and, my knowledge of the regulatory standards imposed upon insurers in their handling of insurance claims in Washington and other states.  I do not purport to provide legal opinions.  Any reference to case law, statutory or administrative mandates is addressing the foundation of regulatory standards which directly govern the appropriate handling of claims by

insurers in Washington state and other jurisdictions.

It is my understanding that discovery in this matter continues. It is therefore possible that additional information will be provided for my review that may bear upon the opinions expressed herein. My further and additional review of materials and testimony in this matter could result in my supplementing, modifying and/or expanding my opinions and/or rebuttal replies, in these proceedings as may be appropriate.

## MATERIALS REVIEWED

- Plaintiff's Complaint
- Deposition of Michael Mullaly with exhibits
- Deposition of Meagen Adams with exhibits
- Deposition of Ann Cosimano with exhibits
- *Insurance Claims and Disputes* – Allan D. Windt (1982)
- *Aggressive Good Faith and Successful Claims Handling* – Willis P. Rokes, First Edition (1987)
- *The Claims Environment* – James J. Markham, 1st Edition (1993)
- *The Claims Environment* – Doris Hoopes, 2nd Edition, (2000)
- *The Legal Environment of Insurance* – James J. Lorimer (1993)
- *Principles of Insurance* – Robert Irwin Mehr & Emerson Cammack, 5th Edition (1974)
- *Claim Basics* - Kaplan Financial Education, 4th Edition (2018).

After 35 years as a practicing defense attorney, I have reviewed countless treatises, CLE materials, reports, Law Review articles, research materials, case law, statutory authority, legislative history, and numerous other resources addressing the topics of Bad faith, Insurance Claim Handling, Insurance Industry Standards for Claim handling, as well as my personal knowledge based on my experience. It would be impossible to list all of the specific sources. Therefore, the opinions expressed in my report are based upon, and informed by, my review and analysis of the documentation provided by counsel, my direct and extensive knowledge of insurance claims handling, my experience in assisting and instructing upper level management of multiple insurers, my familiarity with insurance claims handling custom and practices within the industry, my training and education, and my knowledge of the regulatory standards imposed upon insurers in the handling of claims in Washington and other states.

## CASE BACKGROUND

I was retained by counsel for William and Ronda McNae (hereinafter collectively referred to as the "McNaes") and was asked to review the facts and circumstances surrounding the conduct of ARAG Insurance Company (hereinafter referred to as "ARAG") in its provision of a defense of the McNaes in connection with civil litigation filed by Michael Fitzgerald. More particularly, I was asked to offer opinions regarding whether ARAG's handling of the McNaes' defense was in

accordance with generally recognized and accepted claims handling custom and practices in the insurance industry, as well as the governing provisions of the Washington Administrative Code (hereinafter referred to as "WAC") and other regulatory standards to the extent these reflect industry standards. Where appropriate, I have included significant case law which interprets the WAC and statutory provisions governing the conduct of the claims handling relevant to this case.

## FACTUAL BACKGROUND

William and Ronda McNae purchased "legal insurance" from ARAG, an Iowa corporation which does business in the State of Washington. According to ARAG's website, this coverage puts attorneys at the insureds' disposal, providing everything from legal advice to representation in court. The policy purchased by the McNaes states that it will pay attorney fees of a Network Attorney for covered legal services arising out of an insured event. The policy also states that the insured has the unrestricted right to select an attorney. No maximum coverage benefit was identified in the policy or the accompanying documentation.

On July 14, 2022, Michael Fitzgerald sued Ronda McNae, asserting a claim for civil damages arising out the alleged breach of a non-disclosure agreement. Attorneys, Alaina Fotiu-Wojtowicz and Stephanie Anne Casey completed the application and approval process, becoming "in network" attorneys through ARAG. Ms. Fotiu-Wojtowicz and Ms. Casey performed legal services on behalf of the McNaes between August of 2022 and December of 2023. The parties to the litigation attempted to mediate their dispute in September of 2023, but were unsuccessful. In October of 2023, Ms. Casey obtained dismissal of a portion of the claims against Mr. McNae.

On May 26, 2023, Andrea Morse, the Chief Financial Officer for ARAG, contacted Cathie Kyle, a Claims Analyst, to express concerns about ARAG having expended more than $400,000.00 in defense of this case. She followed up on May 30, 2023, noting that "this has become a very expensive claim." Later that year, during the Fall of 2023, Ms. Morse raised concerns regarding the cost of litigation, noting that more than $800,000.00 in costs and fees had been incurred in connection with the defense of the McNaes. Ann Cosimano, who serves as General Counsel for ARAG, met with Jeff LeMay, Director of Customer Care and Claims and Jennifer Beck, Vice President for Customer Experience and Insights to discuss the McNae claim. Per Ms. Cosimano, they discussed questions regarding billing and whether there had been any duplication of efforts by Alaina Fotiu-Wojtowicz and Stephanie Casey. Notwithstanding that representation, Ms. Cosimano acknowledged that no effort was made to identify any such duplications, and that none of those present reviewed invoices submitted by the McNaes' attorneys in an effort to identify the same. Ms. Cosimano also acknowledged that there had been no discussion of these concerns with counsel prior to their termination on November 20, 2023. Per Ms. Cosimano, concerns were also raised regarding whether the McNaes had made a good faith effort to reach a settlement with Mr. Fitzgerald. Despite this issue being discussed, Ms. Cosimano has acknowledged that no effort was undertaken to discuss any such proposals with the McNaes or their attorneys. Nonetheless, Ms. Cosimano has testified that she believed that ARAG had been led to believe that there was a greater likelihood of settlement than ultimately proved to be the case. As with the other issues discussed at the meeting, Ms. Cosimano conceded that there had

been no discussion of these concerns with counsel, or the McNaes, prior to November 20, 2023.

On November 20, 2023, ARAG terminated Ms. Fotiu-Wojtowicz and Ms. Casey, informing the McNaes that it would only continue to pay for their legal services until December 1, 2023, "or until withdrawal of representation [was] complete."  On November 21, 2023 Meagen Adams, Manager of Case Coordination and Claims for ARAG, informed Karissa Banning, a Claims Supervisor for ARAG, Heather Preston, a Senior Claims Specialist for ARAG, Diane Schmuck, a Senior Claims Services Specialist, Cathie Kyle, a Customer Advocate for ARAG, and several others that "ARAG has communicated to the McNaes and their current SR attorneys that it was ceasing coverage for cases 3266236001 and 3107432003.  The attorneys have been notified that we are terminating our contracts with them effective December 1, 2023.  The plan members have been advised that ARAG will pay for services from their current attorneys through December 1, 2023.  After that date, the PM has two options: use indemnity with a non-network attorney or locate their own network attorney to assist them."

When her deposition was taken, Ann Cosimano testified that she could not identify or recall any other instances in which ARAG had pulled or terminated counsel for its insureds prior to the resolution of any litigation.  She testified that she was unaware of any complaints regarding the quality of legal representation provided by Alaina Fotiu-Wojtowicz and Stephanie Casey.  She further testified that she was unaware of any concerns regarding these issues, or any others, regarding Ms. Fotiu-Wojtowicz and Ms. Casey prior to November 20, 2023.  She also confirmed that no investigation was ever conducted into their billing, despite that issue having formed at least part of the basis for ARAG's decision to terminate them, and that she did not prepare any notes outlining her concerns or the basis, or bases, for those concerns.

On December 6, 2023, the ARAG Legal Department sent correspondence to the McNaes stating as follows: "We understand you may want to continue to use the law firm you previously selected.  We are in no way indicating you are unable to continue utilizing the services of your selected counsel.  You are and always have been their client.  As we have indicated to you in prior correspondence, your above referenced legal plan will not cover the fees for their services after December 1, 2023, except for the above."  That correspondence also included a reminder that "[u]nder the the terms of your Policy the insured (you) are required to actively pursue all reasonable avenues of settlement for any disputed matter where you seek coverage under your insurance policy.  Failure to reasonably pursue resolution of your matter can result in future loss of coverage."  ARAG acknowledged the McNaes' participation in alternative dispute resolution efforts, but stated that "[o]ther than your participation in...mediation based on the full record of the case as well as your counsel's billings to date we have no record of any other reasonable efforts that you have participated in to resolve the above referenced case and all related matters." The correspondence concluded with the note that ARAG had contacted three ARAG network attorneys identified by the McNaes, but that those attorneys uniformly "indicated that they were unable to assist you under the terms of ARAG's contract with them."  In response to concerns raised by Stephanie Casey, ARAG denied that Ms. Casey had been "terminated without cause" and likewise denied that ARAG's actions had "prejudiced or harmed Mr. McNae in any way." Notwithstanding its termination of Alaina Fotiu-Wojtowicz and Stephanie Casey, ARAG stated

that their withdrawal had been "of [their] own volition" and denied that ARAG was "responsible for [their] election to withdraw as [McNae's] counsel."

On January 3, 2024, ARAG informed William McNae that it was the company's position that there was no coverage under his policy, as "Plaintiff's claims in Count One arise out of business interests involving Plaintiff and you as an employee of Microsoft at the time of the claimed actions and communications and Plaintiff as an officer and representative of a Microsoft vendor SoftwareONE at the time of the claimed actions and communications Count One would also be excluded because the claims made in Count One are related to employment matters arising out of workplace policies adopted and implemented by Microsoft your former employer along with communications among personnel and advisors of Microsoft Software ONE." One year earlier, when this same question was discussed, Meagan Adams took the position that there was coverage under the policy because "the reference to employment is simply part of the description of how these people met and not an integral part of the current lawsuit."

When the notice of termination was received, the case was scheduled for trial commencing on February 12, 2024. The McNaes found themselves unable to obtain new counsel, and ARAG attempted to secure an agreement that replacement counsel would not incur more than $100,000.00 in billing for future legal services. The McNaes filed suit against ARAG on an emergency basis in January of 2024.

## INDUSTRY STANDARDS FOR CLAIMS HANDLING

In order to fully understand the actions of ARAG in this matter, it is imperative to analyze the obligations inherent to claims handling within the insurance industry, the relevant case law interpreting the common law, administrative and statutory standards governing the insurance industry as well as the specific regulations governing insurance companies' conduct in Washington State. The duties of good faith and fair dealing are inherent to claims processing. The claims professional is strictly prohibited from engaging in any action, or inaction, adversely impacting the right of the insured to receive benefits under the policy.

The duties of good faith and fair dealing are the foundation for proper claims processing. The claims professional is prohibited from adversely affecting the rights of the insured to receive benefits under the policy. Knowing and following the underlying basis of claims regulations is crucial to fair claims practices. For example, an insurer must, at a minimum, adjust the claim (either pay it or deny it) within a reasonable amount of time as specified in the jurisdiction of the claim. In addition, the insurer must provide in writing a detailed reason for denying the claim, specifying each contract term or provision upon which the examiner relies.

The insurance company must interpret its policies reasonably, pursuant to the well-recognized insurance industry rules for insurance policy construction, which obligate the claim professional to interpret exclusions narrowly and interpret the insuring agreements broadly, and to consider the facts as alleged in the complaint, not just those that may support a denial of coverage or the insurer's other duties. In addition, the claim professional must implement reasonable standards

for handling claims and conducting a thorough investigation.

A proper investigation is the cornerstone for the proper handling of any claim. The investigation must commence and be completed promptly. In analyzing the insured's claim, the claims professional must give at least equal consideration to the insured's interest as s/he would give to the carrier.

The claims professional must be aware of and understand the laws and regulations in the jurisdiction of the claim s/he is handling. In order to assure that the insured is provided adequate information in pursuing a claim, it is the carrier's obligation to assist the insured in presenting the claim, and disclose all relevant coverages, conditions and restrictions under the policy. When responding to correspondence, emails, and phone calls, the claim professional must do so promptly. These requirements are often outlined with specific time frames in the state where the claim is processed.

The claims examiner must know and comply with the applicable laws and regulations that govern the insurance industry within the jurisdiction of the claim. They are required to implement those regulations when dealing with insureds and claimants. The requirements of the law must be met.

The claims professional MUST ACT IN GOOD FAITH at all times. The claims representative must attempt to promptly, fairly and equitably settle claims, where liability is reasonably clear. Indeed, claims adjusters and insurers must weigh the insured's interest equal with its own in every action taken and cannot prefer its interests over those of its insured in any respect when making decisions or taking actions. Claims must be paid in a timely manner, which are undisputed amounts owed under the policy.

These claim handling principles or insurance industry standards are well known within the industry and they are often written within procedural claims handling guidelines and best practices. These regulations are found in numerous publications, including insurance textbooks. Industry standards include these obligations and are clearly detailed in Markham, J. J. (1993) The Claims Environment: AIC-33 (Associate in Claims) First Edition, p.12, where it states, in part, "claims representatives should have expert knowledge of insurance policy coverages, the law, and determination of damages."

Industry standards require claims handlers to know and comply with applicable law and regulations that impact claims handling and treat policyholders in a manner consistent with requirements of the law in the jurisdiction for the claim. The National Association of Insurance Commissioners created the "Model Unfair Claims Practices Act" that provides statutory and regulatory standards for the handling of insurance claims. The majority of states have adopted these governing mandates. In Washington, the Insurance Fair Conduct Act (hereinafter referred to as "IFCA") was a voter-approved initiative which took effect on December 6, 2007. The law made it illegal for insurance companies to unreasonably deny an insurance claim or violate laws that govern unfair claim settlement practices.

The industry recognizes the importance of the Model Act and addresses it in the "The Claims Environment." It was developed as a guide for insurance regulators in every state to establish reasonable claims practices. Markham, supra, at 297. Washington has enacted these regulations within the common law, and the statutory and administrative authorities governing the insurance industry.

There are dual obligations on the part of the insured and the carrier in any insurance contract analysis. The claim representative's principal tasks are to investigate, evaluate, and resolve the claim. Thus, it is the duty and responsibility of the insurer to investigate and evaluate both potential liability and damages. It is the insured's responsibility to cooperate with the investigation.

This duty to investigate is central to proper claims handling. Industry standards include this obligation and are clearly detailed in "The Claims Environment," where it states, "A thorough investigation is the foundation of good faith claim handling. Claim representatives must conduct a prompt and objective investigation, collecting all relevant evidence. Investigation should continue as long as new facts develop or become available." Id. at 249.

"The Claims Environment" further highlights the importance of proper investigation of coverage, where it states, "Coverage disputes are delicate and serious matters." Id. at 13. An investigation must often be undertaken to fully develop the facts needed to determine coverage. Good faith claims practices require that this investigation be objective, thorough, and timely." Id. at 29.

The textbook, "Aggressive Good Faith and Successful Claims Handling" (Rokes, First Edition, 1987) discusses the failure to conduct a proper investigation and states the following:

> "Where the insurer fails to investigate the case properly, however, there is no question that the insurer is in breach of contract. Further, there is no question that the insurer has been negligent by omitting to conduct a proper investigation, one of the responsibilities under the contract. The right to recover for breach of contract or for the tort of negligence would seem to be apparent. Whether the failure to investigate constitutes an extraordinary showing of disingenuous or dishonest failure to carry out a contract is certainly a question of fact. It demonstrates the existence of a nebulous threshold between negligence and what is considered to be "bad faith." Aggressive Good Faith and Successful Claims Handling (Rokes, First Edition, 1987).

## WASHINGTON REGULATORY STANDARDS FOR CLAIMS HANDLING

The Washington common law, as well as the Washington Legislature, both impose separate duties of good faith upon insurance companies. RCW 48.01.030 establishes a duty of all parties to preserve the integrity of the insurance process, which is mirrored under the common law.

The business of insurance is one affected by the public interest requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. Upon the insurer, the insured, their providers, and their representatives rests the duty of preserving inviolate the integrity of insurance. RCW 48.01.030.

The Washington Administrative Code (WAC) identifies various unfair claims settlement practices and prescribes minimum standards for acknowledging communications, investigating claims, and settling claims. An insurer's breach of any of these regulations is also evidence of common law bad faith. *Coventry Associates v. American States Ins. Co.,* 126 Wn.2d 269, 276-279 (1998).

Although these authorities are legal in nature, they reflect the industry standards that apply to claims handling. I do not intend to give legal conclusions in my testimony, but I will offer testimony relating to (1) industry standards and (2) the expectation that insurance company representatives have knowledge and training relating to regulatory requirements.

Pursuant to WAC 284-30-370, every insurer has an obligation to promptly investigate claims:

Every insurer must complete its investigation of a claim within thirty days after notification of a claim unless the investigation cannot reasonably be completed within that time. All persons involved in the investigation of a claim must provide reasonable assistance to the insurer in order to facilitate compliance within this provision. WAC 284-30-370.

WAC 284-30-330 provides nineteen causes of action that can be brought against insurance companies for unfair, claim settlement practices, violations of which are also a violation of near identical common law duties that are also owed. Under WAC 284-30-330, in this case, relevant causes of action follow:

> (1) Misrepresenting pertinent facts or insurance policy provisions.
>
> (2) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.
>
> (3) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.
>
> (4) Refusing to pay claims without conducting a reasonable investigation.
>
> (5) Failing to affirm or deny coverage of claims within a reasonable time after fully completed proof of loss documentation has been submitted.
>
> (6) Not attempting in good faith to effectuate prompt, fair and equitable

settlements of claims in which liability has become reasonably clear. In particular, this includes an obligation to promptly pay property damage claims to innocent third parties in clear liability situations. If two or more insurers share liability, they should arrange to make appropriate payment, leaving to themselves the burden of apportioning liability…

(7) Compelling a first party claimant to initiate or submit to litigation, arbitration or appraisal to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in such actions or proceedings.

(8) Attempting to settle a claim for less than the amount to which a reasonable person would have believed he or she was entitled by reference to written or printed advertising material accompanying or made part of an application.

…

(11) Delaying the investigation or payment of claims by requiring a first party claimant or his or her physician to submit a preliminary claim report and then requiring subsequent submissions which contain substantially the same information.

(12) Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.

(13) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

…

(16) Failing to adopt and implement reasonable standards for the processing and payment of claims after the obligation to pay has been established. Except as to those instances where the time for payment is governed by statute or rule or is set forth in an applicable contract, procedures which are not designed to deliver payment, whether by check, draft, electronic funds transfer, prepaid card, or other method of electronic payment to the payee in payment of a settled claim within fifteen business days after receipt by the insurer or its attorney of properly-executed releases or other settlement documents are not

acceptable. Where the insurer is obligated to furnish an appropriate release or settlement document to a claimant, it must do so within twenty working days after a settlement has been reached.

WAC 284-30-330.

The Washington Consumer Protection Act (CPA) serves as additional authority to prohibit "unfair or deceptive acts or practices in trade or commerce." The Insurance Fair Conduct Act provides that a first party claimant "who is unreasonably denied a claim for coverage or payment of benefits by an insurer" may bring an action for this conduct. RCW 48.30.015(5). Some Washington case law interpret "denial of benefits" to encompass "underpayments" or disputes about the value of the claim, even where the insurer had not denied coverage. See e.g., *Ainsworth v. State Farm Cas. Ins. Co.,* 180 Wn. App 52, 78-80 (2016); *Morella v. Safeco Ins. Co. of Illinois*, No. C12-0672- RSL, 2013 WL, 1562032 at 3 – 4 (W.D. Wash. April 12, 2013). Insurance companies that are found to have made deceptive promises in their advertising, marketing and other solicitations which they fail to honor and fulfill in their dealings with the insureds they promise to protect, can be determined to have violated the CPA.

A first party carrier must deal fairly with its policy holder and give "equal consideration" to the insured's interests. *Van Noy v. State Farm Mut. Auto. Ins. Co.,* 142 Wn.2d 784, 796 (2001). In Washington, the obligations placed upon the insurer to act in good faith, and to assure compliance with governing statutory, and regulatory laws, are clear and concise. If performed thoroughly, an investigation of a claim should allow for consideration of all factors giving rise to the claim for damages. Reasonable minds can differ regarding evaluation, but when there is an appearance of ignoring the evidence in favor of the insured's claim, the evaluation on the part of the insurer is clearly and inherently flawed and violative of the duties owed to the insured.

## ARAG'S CONDUCT

### FAILURE TO INVESTIGATE

WAC 284-30-370 specifically requires that "[e]very insurer must complete its investigation of a claim within thirty days after notification of claim, unless the investigation cannot reasonably be completed within that time." WAC 284-30-370 is implicated here because decisions regarding coverage were made without any apparent effort to inquire into the merits of the concerns raised internally, within ARAG. As outlined above, no clear explanation for ARAG's decision to terminate the McNaes' attorneys was ever provided, but Ann Cosimano, General Counsel for ARAG identified a number of possibilities, including excessive billing, duplicative billing and failure to make good faith efforts to reach a settlement. When asked what efforts ARAG had undertaken to evaluate these issues, Ms. Cosimano acknowledged that no formal audit of the billing submitted by the McNaes' attorneys was undertaken to determine whether the billing was reasonable and necessary, or whether counsel were duplicating one another's efforts. Ms. Cosimano acknowledged that she did not even sit down with billing records and conduct an informal review to identify possible duplications. Accordingly, notwithstanding the fact that

these allegations formed the backbone of ARAG's justification for termination of Alaina Fotiu-Wojtowicz and Stephanie Casey, there is no evidence to suggest that any serious inquiry was performed into the merits of the allegations. Similarly, Ms. Cosimano indicated that ARAG had concerns regarding the efforts of counsel and the McNaes to reach an agreed resolution of the claim presented by Michael Fitzgerald. During her deposition, Ms. Cosimano testified that no one from ARAG contacted counsel or the McNaes to discuss this concern, to inquire about the terms of any settlement proposals circulating between the parties or to further evaluate the situation. To the extent that these concerns formed the basis for decisions pertaining to coverage, it was incumbent upon ARAG to perform an investigation. It does not appear that this requirement was satisfied here.

## FAILURE TO EXPLAIN

ARAG's conduct gives rise to concerns with respect to WAC 284-30-330(13) which requires the insurer to provide a reasonable explanation, factually or legally, for the denial of any claim. Here, ARAG sold a policy with no identified coverage limit to the McNaes. The McNaes were in the midst of self-funded litigation by a high net worth litigant. Less than 90 days before their case was scheduled for trial, ARAG terminated their attorneys. Additionally, the McNaes found that other attorneys affiliated with ARAG would not be willing to assume responsibility for their representation due to the limits that ARAG placed on the McNae insurance benefits. When her deposition was conducted, Ann Cosimano, General Counsel for ARAG acknowledged that there was never a written statement of the reasons for termination of the McNaes' attorneys, either in ARAG's files or in correspondence to the McNaes or their counsel.

Per Ms. Cosimano, a "consensus" decision was reached between herself, Jeff LeMay and Jennifer Beck regarding the decision to terminate Alaina Fotiu-Wojtowicz and Stephanie Casey and impose limitations upon the McNaes' counsel going forward, but that consensus was never reduced to writing. Because the basis, or bases, for these decisions was not written down, there was no clear explanation provided to Ms. Fotiu-Wojtowicz, Ms. Casey or the insureds.

When asked whether there was precedent for such a decision, specifically whether ARAG had terminated counsel without the knowledge and/or approval of the insured during the course of litigation, Ms. Cosimano could not recall any similar instances. While testifying, Ms. Cosimano suggested that duplicative billing had been a concern, but none of the correspondence to counsel or the McNaes identifies that as an issue, and no effort was made to seriously address that concern in the form of an audit or review. Ms. Cosimano was able to identify a number of possible concerns when her deposition was conducted, but she conceded that the concerns had not been investigated and that neither counsel nor the insured had been apprised of those concerns until after November 20, 2023.

## UNREASONABLE DENIAL OF BENEFITS

WAC 284-30-330(7) states that it is an unfair claims practice to compel "a first party claimant to initiate or submit to litigation, arbitration, or appraisal to recover amounts due under an insurance

policy by offering substantially less than the amounts ultimately recovered in such actions or proceedings." Under Washington law, the term "denial of benefits" contemplates "underpayments" or disputes about the value of the claim, even where the insurer had not denied coverage. See e.g., *Ainsworth v. State Farm Cas. Ins. Co.,* 180 Wn. App 52, 78-80 (2016); *Morella v. Safeco Ins. Co. of Illinois,* No. C12-0672- RSL, 2013 WL, 1562032 at 3 – 4 (W.D. Wash. April 12, 2013). Here, ARAG terminated counsel in the midst of litigation and attempted to condition continued benefits upon the McNaes' acceptance of a limitation upon future payments. During her deposition, Ms. Cosimano acknowledged that the policy purchased by the McNaes had no stated limitation on benefits, but maintained that various limitations and exclusions contained in the policy imposed a de facto limitation. Notwithstanding that assertion, Ms. Cosimano was unable to identify any specific exclusion that would support ARAG's position with respect to its concerns that billing in the McNaes' case was "excessive" or that it had afforded to the McNaes benefits to which they were not entitled.

## FORCING ITS INSURED INTO LITIGATION

Pursuant to WAC 284-30-330(7) it is an "unfair" or "deceptive" act or practice to compel a first party claimant to "initiate or submit to litigation, arbitration, or appraisal to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in such actions or proceedings." Here, there are legitimate concerns regarding both the decision to terminate the McNaes' attorneys and the timing of that decision. If this court concludes that either was improper, there is support for the contention that the McNaes had no alternative but to file suit against their insurer.

## CONCLUSIONS AND OPINIONS

It is my opinion that ARAG failed to meet reasonable industry standards in the handling of the McNaes' claim. This includes, but is not limited to, the failure to conduct an appropriate investigation into concerns that were raised regarding coverage, and the limits thereof, failure to reasonably and honestly explain the reasons why ARAG was withholding benefits and placing its financial interests ahead of its insureds' legal jeopardy.

Based on a review of the information to date, ARAG appears to have considered its own interests above those of the insured and failed to handle the McNae claim in a manner consistent with industry standards. It is the opinion of the undersigned, that on a more probable than not basis, pursuant to the applicable insurance policy in effect, the handling of this claim was not carried out in accordance with generally accepted and recognized claims handling and custom in the insurance industry for the processing of similar claims.

Mary E. Owen

# Exhibit B



3023 18th Ave Ct NW Gig Harbor, WA 98335
MaryOwenConsulting.com
(206) 406 - 6104

QUALIFICATIONS OF MARY E. OWEN, ESQ.

I am a licensed, practicing Attorney in the state of Washington.    The focus of my practice has been in the area of Insurance Law for over 30 years.    Initially, I worked in the private sector, representing both insurance entities and their insureds for 15 years.    In that capacity, I worked with some of the largest carriers in the country.    Not only was I engaged in the representation of the clients, I also provided tutorials and seminars for the Claims Departments of the various carriers, in which I addressed Washington law, including governing WAC provisions, and current statutory and case law.    In addition, I assisted in the representation of corporate clients in employment discrimination cases and presented tutorials and seminars to clients to apprise them of the standards and laws governing general conduct in the workplace and employee rights.

The proper handling of property and liability claims has been a major focus of my practice.  I was involved in the initial evaluations(s) of numerous claims in which I assisted in determining coverage.  I advised the claims departments in the proper handling of cases pursuant to Washington law, and reviewed files in which bad faith was alleged to have occurred.   In 1997, I commenced my relationship with GEICO to act as the Managing Attorney for Washington and opened the first Staff Counsel Office in Washington, located in Seattle.   During my tenure in this position, GEICO grew from holding the 12th position for market shares in the country for underwriting automobile policies to 2nd place.     Our office became the largest GEICO staff counsel office on the West Coast.

As the company grew, I opened a second office in Tacoma in 2011.    In addition to personally handling hundreds of cases involving liability, damages and policy interpretation, I oversaw thousands of cases, while supervising the attorneys working in both the Seattle and Tacoma offices. I have been engaged in all aspects of case handling, from the initial referrals to litigating jury trials and appellate review.

While managing the Washington staff counsel offices, I assisted the claims department in educating examiners and promoting the need for compliance with the mandates of Washington law, as well as other jurisdictions the claims examiners handled.   As new opinions were decided in state and federal courts throughout Washington, I would provide analysis and practical advice to the claims department for implementing best practices to assure compliance with the changing law governing the insurance industry's claims handling procedures.

I have been asked to speak at numerous legal seminars and law schools in Eastern and Western Washington, regarding various topics of Insurance Law, including Bad Faith, Duty to Defend, UM/UIM claims, first and third-party claims handling practices, unfair claims practices/IFCA,

1

effective settlement negotiation tactics and trial techniques. I prepared materials for each seminar that I was a participant. The majority of the seminars for which I was a speaker were certified for continuing education for insurance claims professionals. From my casework, developing and presenting seminars on claim practices trends, and from the subjects I constantly study, I have specialized experience and training in insurance claim practices and the practices of the insurance industry. I have addressed insurance claim practices to both attorneys and claim examiners in a variety of forums.

I have been designated as the sole arbitrator in numerous cases in various counties in Washington state. These arbitrations have addressed issues, including, but not limited to, catastrophic injury claims, contract disputes, real property boundary disputes, and insurance law cases. I have presided over in excess of a hundred arbitration hearings throughout Washington.

I have been retained as an expert witness/consultant on behalf of the policy holder in approximately ninety percent of the cases in which I have served as an expert/witness consultant, and by the carrier in approximately ten percent of the cases in which I have been retained. In cases in which the defendant was an insurance company while I was actively in private practice, I represented the defendant ninety percent of the time, and the insured, ten percent of the time.

In 2018, I co-authored the update to Volume II of the WSAJ Auto Deskbook, Chapter 6: The Defense - Strategies & Tactics Utilized in Defending Plaintiff Personal Injury Claims.

I have consulted in numerous cases regarding Insurance and Employment Law. I have provided expert opinions in the following matters:

1. YE v. STATE FARM INSURANCE COMPANY, UIM ARBITRATION;
2. BARGE v. STATE FARM INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 2:l6-cv-00249;
3. E POLAK d/b/a VRP AUBURN v. THE CHARTER OAK FIRE INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 2:15-cv-00253;
4. JULIE LUTOVSKY v. TRAVELER'S HOME and MARINE INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 2:15-cv-01847;
5. OUNG ET AL. v. ALLSTATE INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 2:16-cv-01200;
6. TYLER v. USAA INSURANCE COMPANY, King County Superior Court Cause No. 15-2-018854-3;
7. MOHOMED v. BOBMAN ET AL., Pierce County Superior Court Case No. 16-2-08639-5;
8. SHEPARD v. USAA INSURANCE COMPANY, King County Superior Court Cause No. 16-2-07283-6;
9. DECOOK v. PROGRESSIVE INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 1:16-cv-00056;
10. LOCK v. AMERICAN FAMILY INSURANCE COMPANY, King County Superior Court Cause No. 15-2-05573-9;

11. VIGNOLA v. MUTUAL OF ENUMCLAW INSURANCE COMPANY, King County Superior Court Cause No. 16-2-21876-8;

12. CRUM & FORSTER SPECIALTY INSURANCE COMPANY v. HARBOR PACIFIC CONTRACTORS, INC., et al., U. S. District Court, Western District of Washington, Case No. 3:17-cv-05112;

13. EANW NORTHWEST PC v. SENTINEL INSURANCE COMPANY LTD, U.S. District Court, Western District ofWashington, Case No. 2:18-cv-01312;

14. SMITH v. STEADFAST, King County Superior Court, Cause No. 17-2-32914-2 SEA;

15. GUNZEL v. USAA, Franklin County Superior Court Case No. 18-2-50263-11;

16. DANIEL v. GARRISON PROPERTY & CASUALTY INSURANCE COMPANY, King County Superior Court, Cause No. 18-2-21495-5 KNT;

17. BRUCE v. AMERICAN FAMILY MUTUAL INSURANCE COMPANY ET AL., U.S. District Court, Western District of Washington, Case No. 2:2019-cv-00127;

18. LOW v. SAFECO INSURANCE COMPANY OF ILLINOIS, King County Superior Court Cause No. 19-2-11608-1 SEA;

19. MELDER RANCH, LLC ET AL. v. HYBRID HOMES v. MUTUAL OF ENUMCLAW, Lincoln County Superior Court Case No. 17-2-00092-3;

20. BONTKOWSKI v. ALLSTATE INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 3:18-cv-05790;

21. BRAY v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Pierce County Superior Court Case No. 19-2-04772-6;

22. SMAGINA v. USAA, King County Superior Court Cause No. 19-2-31249-1 SEA;

23. CAPPS v. ALLSTATE, Pierce County Superior Court Case No. 18-2-10664-3;

24. 716 WEST FOURTH AVENUE LLC v. NAVIGATORS SPECIALTY INSURANCE COMPANY, Superior Court of Alaska, Third Judicial District at Anchorage, Case No. 3AN-15-9785;

25. TACOMA SOUTH HOSPITALITY LLC v. NATIONAL GENERAL INSURANCE, Pierce County Superior Court, Cause No. 19-2-11573-0;

26. YOHANES AND GEBREKIDAN v. JAMES RIVER INSURANCE COMPANY ET AL., U.S. District Court, Western District of Washington, Case No. 2:20-CV-00101;

27. SMAGINA vs.USAA CASUALTY INSURANCE COMPANY, King County Superior Court Cause No. 19-2-31249-1 SEA;

28. LACROIX vs. UNITED SERVICES AUTOMOBILE ASSOCIATION, King County Superior Court Cause No. 19-2-31104-5 SEA;

29. BUEHLER v. BRANHAM AND FIRST NATIONAL INSURANCE COMPANY OF AMERICA ET AL., Spokane County Superior Court Case No. 19-2-05270-32;

30. PEREZ v. AMERICAN FAMILY INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 2:20-cv-00849-RSM;

31. MULUGETA ASARESU v. ALLSTATE, Snohomish County Superior Court Case No. 19-2-01711-31;

32. HAMLIN v. GRANITE STATE INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 2:19-cv-01179;

33. KORTJE v. USAA, U.S. District Court, Western District of Washington, Case No. 2:20-cv-00873;

34. LISTON v. ALLSTATE INSURANCE COMPANY, Clark County Superior Court, Case No. 16-2-00035-9;

35. PATIENCE AND BONN v. STATE FARM INSURANCE COMPANY, King County Superior Court Cause No. 21-2-03446-9 SEA;

36. BROOKS v. USAA, U.S. District Court, Western District of Washington, Case No. 3:21-cv-05249;

37. VALENCIA ET ANO vs USAA CASUALTY INSURANCE CO, King County Superior Court Cause No. 20-2-15039-8 SEA;

38. DRYKE v. AMERICAN FAMILY INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 3:20-cv-05723;

39. MONTGOMERY v. USAA, U.S. District Court, Eastern District of Washington, Case No. 2:20-cv-00264;

40. COOPER v. FARMERS INSURACE COMPANY OF WASHINGTON, Snohomish County Superior Court Case No. 21-2-01138-31;

41. BLEIFUSS v STROEVE, King County Superior Court Cause No. 18-2-54855-1;

42. YOUNG v. THE STANDARD FIRE INSURANCE CO., U.S. District Court, Eastern District of Washington, Case No. 2:18-cv-00031;

43. JOHNSON v. STATE FARM AUTOMOBILE INSURANCE COMPANY, Jefferson County Superior Court Case No. 20-2-00078-16;

44. HUNT v. USAA GENERAL INDEMNITY COMPANY. U.S. District Court, Western District of Washington, Case No. 3:20-cv-05536;

45. BAUDINO V. FNIC/LIBERTY MUTUAL, U.S District Court, Eastern District of Washington, Case No. 2:20-cv-00457- TOR-6;

46. CAPRICE JOHNSON V. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No: 3-20-cv-05208-JCC;

47. MCKEAG v. PEMCO MUTUAL INSURANCE COMPANY, Jefferson County Superior Court Case No. 22-2-00124-16;

48. MELROSE v. FIRST NATIONAL INSURANCE COMPANY OF AMERICA, King County Superior Court Cause No. 20-2-15942-5;

49. KILLINGER v. PROGRESSIVE INSURANCE COMPANY, Grant County Superior Court Case No. 21-2-00768-13;

50. NOLAN v. NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 3:20-cv-06198;

51. O'CONNOR v. JAMES RIVER INSURANCE COMPANY (Pre-litigation);

52. BUEHLER v BRANHAM ET AL., Spokane County Superior Court Cause No. 19-2-05270-32;

53. NGETHPHARAT & KELLEY V. STATE FARM/ FAYSAL AND JAMA V. STATE FARM, U.S. District Court, Western District of Washington, Case No. C20-454 MJP/ U.S. District Court, Western District of Washington, Case No. 20-652 MJP;

54. DEZELL V. IDS PROPERTY CASUALTY INSURANCE COMPANY, UIM Claim No. 2565633-BR318;

55. PAULUS v. ALLSTATE INSURANCE COMPANY, U.S. District Court, Eastern District ofWashington, Case No. 2:19-CV-0287-TOR.

56. JOHNSON v. STATE FARM MUTUAL INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No 3:20-cv-05208;
57. AGERE v. SHIFERAW & NATIONWIDE, Spokane County Superior Court Cause No. 19-2-03579-32;
58. KOCHHAR ET AL. vs. STANDARD FIRE INS. CO ET AL, U.S. District Court, Western District of Washington, Case No. C21-1192 JCC-MLP;
59. CASTRO-FLORES ET ANO. V. FIRST NATIONAL INSURANCE COMPANY OF AMERICA; U.S. District Court, Western District of Washington, Case No. 2:22-cv- 00596-MJP;
60. VALENCIA ET ANO vs USAA CASUALTY INSURANCE CO, King County Superior Court Cause No. 20-2-15039-8 SEA;
61. KASEL V. ESTATE OF GRURASIC ET AL., King County Superior Court Cause No. 18- 2-55142-1 SEA;
62. CURTIS V. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 3:22-cv-05436-BHS
63. DAWSON V. STATE FARM FIRE & CASUALTY COMPANY (Pre-Litigation);
64. FOULGER V. BAUMGARTNER, King County Superior Court Case No. 21-2-09096-2 KNT;
65. KINSALE V. WEEPING RIDGE, LLC ET AL, U.S. District Court, Eastern District of Washington, Case No. 2:21-CV-186-SAB
66. HUEBNER V. AMERICAN FAMILY CONNECT PROPERTY AND CASUALTY INSURANCE COMPANY, United States District Court, Western District of WA, Case No. 2:22-cv-00882-RSL;
67. KIZIS V. AMERICAN FAMILY INSURANCE COMPANY, King County Superior Court Cause No. 20-2-03627-7 KNT;
68. DAVID MYDANS V. FARMERS INS. CO. OF WASHINGTON, King County Superior Court Cause No. 22-2-11999-3 SEA;
69. NELSON V. MCKINLAY ET ANO., King County Superior Court Cause No. 22-2-05738-6 KNT;
70. NEWELL ET AL. vs. USAA INS. CO., King County Superior Court, Cause No. 20-2-14814-8 SEA;
71. PALUSKA vs. USAA INS. CO., King County Superior Court, Case No. 20-2-14584-0;
72. SCHOR & WINKLER V. MID-CENTURY INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 2:21-cv-1690 LK;
73. SCHWERZLER ET AL. V. STATE FARM INS. CO., Mason County Superior Court Case No. 21-2-00149-23;
74. JACOBS V. AMERICAN FAMILY INSURANCE ET AL., King County Superior Court Cause No. 22-2-09897-0 SEA;
75. WEBER V. USAA, Snohomish County Superior Court Case No. 20-2-03303-31;
76. SHIN V. ALLSTATE INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 2:21-cv-01524-DWC;
77. WRIGHT v. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, U.S. District Court, Case No. 2:21-cv-00335-DGE;
78. YOAKUM V. REGENCE BLUE SHIELD, Okanagan County Superior Court Case

#19- 20028924;

79. KLOCH v. ALLSTATE INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 2:22 -cv-01852-JHC;

80. HAGEL v. MCCARTNEY & STANDARD FIRE INSURANCE COMPANY, King County Superior Court Cause No. 22-2-10396-5 KNT;

81. CUNLIFFE v. HICKS ET AL., Snohomish County Superior Court Case No. 22-2-00171-31;

82. FETCHERO v. AMICA MUTUAL INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 2:22-cv-00400-TL;

83. SZTROIN v. DITURI CONSTRUCTION COMPANY & AMERICAN ALTERNATIVE INSURANCE CORPORATION, Grays Harbor County Superior Court Case No. 22-2-00400-14;

84. MULVANEY v. USAA INSURANCE COMPANY, Snohomish County Superior Court Case No. 22-2-02522-31;

85. BARNETT and LAY V. SMITH ET ANO., King County Superior Court Cause No. 22-2-07315-8 SEA;

86. BURKE v. STANDARD FIRE INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 2:23−cv−00691−TL;

87. HEREDIA ET AL. vs. VUONG ET AL, King County Superior Court Cause No. 22-2-02836-KNT;

88. YERIN v. ALLSTATE INSURANCE COMPANY, King County Superior Court Cause No. 22-2-20865-1 SEA;

89. MANN v. FARMERS INSURANCE COMPANY, Spokane County Superior Court Case No. 22-2-03945-32;

90. MILLER v. UNITED FINANCIAL CASUALTY COMPANY & SAFECO INSURANCE, King County Superior Court Cause No. 22-2-02836-0 KNT;

91. JONES v. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; U.S. District Court, Western District of Washington, Case No. 3:23-cv-05704-BHS;

92. CARLSON v. AMERICAN FAMILY INSURANCE COMPANY, King County Superior Court Cause No. 23-2-02463-0 KNT;

93. SARLY & ROH v. AMERICAN FAMILY CONNECT PROPERTY AND CASUALTY INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 2:23−cv−00048-MJP;

94. ORTIZ v. ALLSTATE INSURANCE COMPANY, U.S. District Court, Eastern District of Washington, Case No. 1:23-cv-03202-SAB; and,

95. HERNANDEZ ET AL. v. INTERSTATE FIRE AND CASUALTY COMPANY; U.S. District Court, Western District of Washington, Case No. 2:23-cv-01440.

I have been deposed in the following cases:

1. E POLAK d/b/a VRP AUBURN v. THE CHARTER OAK FIRE INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 2:15-cv- 00253;

2. JULIE LUTOVSKY v. TRAVELER'S HOME and MARINE INSURANCE COMPANY, U.S. District Court, Western District of Washington, No. 2:15-cv-01847;

3.  OUNG ET AL. v. ALLSTATE INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 2:16-cv-01200;
4.  VIGNOLA v. MUTUAL OF ENUMCLAW INSURANCE COMPANY, King County Superior Court Cause No. 16-2-21876-8;
5.  CHOE ET AL. v. AAIC ET AL., U.S. District Court, Western District of Washington, Case No. 3:17-cv-05978;
6.  LOW v. SAFECO INSURANCE COMPANY OF ILLINOIS, King County Superior Court Cause No. 19-2-11608-1 SEA;
7.  JOHNSON v. STATE FARM MUTUAL INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No 3:20-cv-05208;
8.  MONTGOMERY v. USAA, U.S. District Court, Eastern District of Washington, Case No. 2:20-cv-00264;
9.  AGERE v. SHIFERAW & NATIONWIDE, Spokane County Superior Court Cause No. 19-2-03579-32;
10.  HAGEL v. MCCARTNEY & STANDARD FIRE INSURANCE COMPANY, King County Superior Court Cause No. 22-2-10396-5 KNT;
11.  FETCHERO v. AMICA MUTUAL INSURANCE COMPANY, U.S. District Court, Western District of Washington, Case No. 2:22-cv-00400-TL;
12.  BARNETT and LAY V. SMITH ET ANO., King County Superior Court Cause No. 22-2-07315-8 SEA;
13.  MILLER v. UNITED FINANCIAL CASUALTY COMPANY & SAFECO INSURANCE, King County Superior Court Cause No. 22-2-02836-0 KNT; and,
14.  JONES v. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; U.S. District Court, Western District of Washington, Case No. 3:23-cv-05704-BHS.

I have also provided trial testimony in the following cases:

1.  LOCK v. AMERICAN FAMILY INSURANCE COMPANY, King County Superior Court Cause No. 15-2-05573-9;
2.  VIGNOLA v. MUTUAL OF ENUMCLAW INSURANCE COMPANY, King County Superior Court Cause No. 16-2-21876-8;
3.  YOUNG v. THE STANDARD FIRE INSURANCE CO., U.S. District Court, Eastern District of Washington, Case No. 2:18-cv-00031;
4.  JOHNSON v. STATE FARM AUTOMOBILE INSURANCE COMPANY, Jefferson County Superior Court Case No. 20-2-00078-16;
5.  AGERE v. SHIFERAW & NATIONWIDE, Spokane County Superior Court Cause No. 19-2-03579-32; and,
6.  MANN v. FARMERS INSURANCE COMPANY, Spokane County Superior Court Case No. 22-2-03945-32.

I served as Discovery Master in the following cases:

1.  PONDERAY NEWSPRINT COMPANY V. PUBLIC UTILITY DISTRICT NO. 1 OF PEND O'REILLE COUNTY ET AL., Spokane County Superior Court Case No. 16-2-

00072-4 (2017 - 2018); and

2.  RHODES V. BARNETT, Spokane County Superior Court Case No. 14-2-4684-1 (2017 - 2018).

I was appointed as Special Mediation Master in the following cases:

1.  GONZALES V. UNITED STATES OF AMERICA, United States District Court, Eastern District of Washington, Case No. 1:18-CV-3027-RMP (2020); and
2.  MAGALLON AND PADILLA V. UNITED STATES OF AMERICA, United States District Court, Eastern District of Washington, Case No. 2:16-CV-283-RMP (2017).

## EXPERT FEES AND COSTS

My billing rate is $425.00 per hour. Court appearances and/or expert testimony will be billed at a rate of $550.00 per hour. Deposition and court testimony requires at least one-week advance written notice and is subject to a two (2) hour minimum charge. Standby fees are billed as a two (2) hour minimum charge.

# Exhibit C

# MARY E. OWEN, ESQ.

3023 18th Avenue Ct. N.W., Gig Harbor, WA 98335
Tel. No. (206) 406 - 6104 | mary@maryowenconsulting.com

## Admissions

Ms. Owen is admitted to practice in the United States Supreme Court, Washington State Courts, and U.S. District Courts for the Western and Eastern Districts of Washington.

## Experience

**Mary E. Owen, Esq., Consulting and Mediation**
**Arbitrator/Mediator/Expert Consultant (August 2015- Present)**

Arbitrates and mediates matters involving personal injury and insurance litigation, including, but not limited to, cases involving coverage issues, bad faith, IFCA claims, duty to defend, medical malpractice, and employment litigation; in addition, provides expert consultation services in the areas of claims handling, statutory and regulatory compliance issues, witness and trial preparation, general insurance litigation matters, and contract issues.

- Appointed Special Discovery Master

  *Ponderay Newsprint Company v. Public Utility District No. 1 of Pend O'Reille County et al.*, Spokane County Superior Court Case No. 16-2-00072-4 (2017 – 2018)
  Appointed by the trial court to preside over complex discovery motions presented by multiple parties in litigation and prepare recommendations and report to the trial court for adoption.

  *Rhodes v. Barnett*, Spokane County Superior Court Case No. 14-2-4684-1 (2017 – 2018)
  Appointed by the trial court to preside over discovery motions presented by parties in a case involving allegations of employment discrimination and prepare recommendations and report to the trial court for adoption.

- Appointed Special Mediation Master

  *Gonzales v. United States of America*, United States District Court, Eastern District of Washington, Case No. 1:18-CV-3027-RMP (2020)
  Appointed by the federal trial court to assist in the resolution of a multi-million dollar medical malpractice case.

  *Magallon and Padilla v. United States of America*, United States District Court, Eastern District of Washington, Case No. 2:16-CV-283-RMP (2017)
  Appointed by the federal trial court to assist in the resolution of a multi-million dollar medical malpractice case.

**Law Offices of Mary E. Owen & Associates**
**GEICO Staff Counsel / Managing Attorney (May 1997 – September 2014)**

Established the first GEICO Staff Counsel office in Washington State; managed and oversaw the handling of thousands of cases, from the initial assignments through settlement and trials, while litigating her own insurance defense cases. Under Ms. Owen's management, GEICO Staff Counsel grew from employing one attorney and one legal secretary to operating two separate law offices in Seattle and Tacoma.

**Borhnson and Owen PC**
**Managing Partner (1993 – 1997)**

Managed casualty insurance defense firm, focused on handling and litigating first and third party claims involving bodily injury and property damage arising from motor vehicle/trucking accidents, as well as commercial casualty and property insurance defense for accidents, fire, construction defect, safety violations, employment matters and fraud cases; advised clients on proper claims handling procedures; and handled business litigation matters.

**Kappelman and Owen PC**
**Partner (1989 – 1993)**

Practice focused on advising and litigating property issues, personal injury, insurance coverage claims and insurance claims handling procedures; advised corporate clients regarding standards and best practices relative to the establishment of employment procedures, grievance resolution and training programs to assist compliance; served as a liaison between the local Bar members and physicians regarding disputes arising from testimonial requirements in personal injury cases.

**Southwell O'Rourke Jalbert and Kappelman, P.S.**
**Associate Attorney (1984 – 1989)**

Practice focused on bankruptcy law, insurance defense, business litigation, employment and corporate law; assisted partners with all aspects of litigation, including preparing cases for trial, conducting depositions, client and witness interviews, briefing and arguing motions, and assisting in and trying jury and bench trials.

**Carl Maxey and Associates**
**Associate Attorney (1981 – 1984)**

Practice focused on criminal and civil litigation, including civil rights actions, personal injury, contract disputes, and family law; assisted senior attorney in the preparation of all matters proceeding to jury and bench trials, while independently litigating cases to resolution or trial.

**Quackenbush and Dean PS**
**Associate Attorney (1977 – 1981)**

Law Clerk Rule 9 intern and associate attorney to the Honorable Justin L. Quackenbush of the United States Federal District Court for the Eastern District of Washington prior to his appointment to the Federal bench; assisted senior attorneys in representation of municipalities, the Spokane Airport Board, and numerous insurance and corporate clients; performed legal research and assisted in the preparation of cases for litigation, while maintaining a personal case load as an associate attorney.

<u>EDUCATION</u>

**Gonzaga University School of Law**
Juris Doctor (J.D.)

**University of Washington**
Bachelor's Degree, European History

**The American College in Paris**
French Studies