# EXHIBIT 17

**Mullaly, Michael T.**

| | |
|---|---|
| **From:** | Mullaly, Michael T. |
| **Sent:** | Monday, March 3, 2025 11:52 AM |
| **To:** | Ronda McNae |
| **Cc:** | Will McNae; Benjamin Roesch |
| **Subject:** | RE: Meet and Confer - McNae et al. v. ARAG [I-AMS.FID5425010] |

Good morning, Ronda and Will.

While we are not in a position to share a draft motion for partial summary judgment with you prior to filing, the fundamental points are set forth in ARAG's prior motion for leave to file amended answer, see ECF #26, ARAG's responses and supplemental responses to your second set of interrogatories, and documents produced in response to your second set of requests for production (both ARAG's initial and supplemental productions).

Moreover, in order to engage in a meaningful meet and confer, ARAG provides the following statement of its position to the forthcoming motion: The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., preempts your state law claims arising under ARAG Policy No. 10377 issued to Microsoft Corporation ("Microsoft") for the policy period January 1, 2022 through December 31, 2022 ("Microsoft Policy"). The Microsoft Policy includes the Group Legal Insurance Certificate and Service Plan ("Microsoft Certificate") provided to participants under, and incorporated within, the Microsoft Policy.  The Microsoft Policy is an employee benefit consisting of "prepaid legal services" that Mr. McNae, as a then-Microsoft employee, obtained for himself and his spouse under the Microsoft Corporation Welfare Plan ("Microsoft Welfare Plan")—an "employee welfare benefit plan" and "employee benefit plan" as defined in 29 U.S.C. §§ 1002(1) and 1002(3) that is therefore governed by ERISA pursuant to 29 U.S.C. § 1003.  Moreover, the Voluntary Plan Safe Harbor does not apply to the Microsoft Policy. Application of the safe harbor requires, among other things, that "[t]he sole functions of [Microsoft] with respect to the [Microsoft Policy] are, without endorsing the [Microsoft Policy], to permit [ARAG] to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to [ARAG]." 29 C.F.R. § 2510.3-1(j)(3).

Please let us know your position with respect to ARAG's forthcoming motion for partial summary judgment on these issues at your earliest convenience but in no event later than 5:00 Pacific time on Tuesday, March 4.  Thank you.

Regards,
Michael

---

**From:** Ronda McNae <prose.rmcnae@gmail.com>
**Sent:** Monday, February 24, 2025 4:56 PM
**To:** Mullaly, Michael T. <michael.mullaly@squirepb.com>
**Cc:** Will McNae <prose.wmcnae@gmail.com>; Benjamin Roesch <benjamin.roesch@jmblawyers.com>;
ann.cosimano@araglegal.com; Gabe Baker <gabe.baker@jmblawyers.com>
**Subject:** [EXT] Re: Meet and Confer - McNae et al. v. ARAG [I-AMS.FID5425010]

Follow-Up on Last Week's Conversation – Meet and Confer

Dear Michael,

Following some reflection, I have considered an alternative approach for the immediate situation. I acknowledge receipt of your request and desire to meet and confer regarding ARAG's forthcoming motion for partial summary judgment.

I am still on medication due to a flare of an autoimmune disease, which at times affects my ability to process complex matters in real time. I have another week of this medication. Additionally, I have my niece and nephew home from school with high fevers, making a telephone call nearly impossible without distraction.

Given these circumstances, I am unable to participate in a meet and confer call at this time.

However, if ARAG intends to proceed with filing the motion, I would appreciate the opportunity to review a copy so I can provide my position to the best of my ability.

Although I am unable to engage in real-time discussions, reviewing the motion as an alternative to a call per your request would allow me to assess it more thoroughly, provide a meaningful response, and help facilitate progress toward resolving the matter.

That said, I still believe it is premature to file a motion for summary judgment and would appreciate ARAG holding off until I am able to secure new counsel. However, if ARAG chooses to proceed despite this request, I would appreciate the opportunity to review the motion so I can respond accordingly.

Best regards,
Ronda McNae

Ronda Mcnae

---

**From:** Mullaly, Michael T. <michael.mullaly@squirepb.com>
**Sent:** Friday, February 21, 2025 1:32:03 PM
**To:** Ronda McNae <prose.rmcnae@gmail.com>; Will McNae <prose.wmcnae@gmail.com>
**Cc:** Benjamin Roesch <benjamin.roesch@jmblawyers.com>
**Subject:** RE: Meet and Confer - McNae et al. v. ARAG [I-AMS.FID5425010]

Good afternoon, Ronda and Will.  Thanks for your reply below.  I am addressing only scheduling matters here.

I understand from the reply that Ronda is unable meet and confer with us over the next couple days, to include today and Monday.  I wanted to make one more attempt to see whether we could please agree today on a time for us to meet and confer with you both by telephone regarding the motion for partial summary judgment that ARAG intends to file.  Ben and I can be available any time on Tuesday (Feb. 25) before 9:15 AM or after 10:45 AM (Pacific).  Please let us know your availability that day.  Thank you.

Regards,

2

Michael

---

**From:** Ronda McNae <prose.rmcnae@gmail.com>
**Sent:** Friday, February 21, 2025 3:44 AM
**To:** Mullaly, Michael T. <michael.mullaly@squirepb.com>; Will McNae <prose.wmcnae@gmail.com>; ann.cosimano@araglegal.com
**Cc:** Benjamin Roesch <benjamin.roesch@jmblawyers.com>
**Subject:** [EXT] Re: Meet and Confer - McNae et al. v. ARAG [I-AMS.FID5425010]

All,

I have spent a significant amount of time reviewing the discovery produced in this case, including voice recordings. I understand ARAG's justification regarding its communication with opposing counsel in relation to the protective order, but after listening to additional recordings, more has come to light.

While I wouldn't expect new legal counsel to immediately recognize these discrepancies, they were part of our lived experience—one of constant dodging, denying, and deflecting. Frankly, it makes my stomach turn.

One glaring issue on your end: an ARAG representative mentioned the restraining order to another individual and disclosed a name. You may not be aware, but that case involved a minor. The claim that this information is easily accessible through King County records is incorrect. When we completed our Home Study and ICPC to adopt our niece and nephew, the agency could not locate these documents, and I had to proactively provide them. This was after being falsely accused by a parent from our children's school, only to later discover that their legal counsel also happened to practice in the Southern District of Florida.

For the record, the case was dismissed, and the judge explicitly stated that the young boy reached out to me as a mentor as he disclosed things to me I had to then report to CPS.

 I am more than happy to provide our judge with all the character references and expert analyses of the text messages from that case. Lastly, I think this Court will find it absurd when they that the only individual who wrote a character reference in that case on behalf of the parents was Michael Fitzgerald.

3

Lastly, blaming my initial counsel for the agreement falling through is completely inaccurate. Such an allegation could severely impact her professional reputation, especially among Miami colleagues aware of her involvement in my case. This is deeply disappointing.

Due to a current illness requiring strong medication, I am unable to participate in a conference call in the next few days. Additionally, I am awaiting the judge's ruling.

Regards,

Ronda

---

**From:** Ronda McNae <prose.rmcnae@gmail.com>
**Sent:** Thursday, February 20, 2025 8:29:42 PM
**To:** Mullaly, Michael T. <michael.mullaly@squirepb.com>; Will McNae <prose.wmcnae@gmail.com>; ann.cosimano@araglegal.com <ann.cosimano@araglegal.com>
**Cc:** Benjamin Roesch <benjamin.roesch@jmblawyers.com>
**Subject:** Re: Meet and Confer - McNae et al. v. ARAG [I-AMS.FID5425010]

All,

At a quick glance, I noticed that a representative listed for ARAG stated that there were no alerts or complaints reported as they would know due to their role. I wanted to make sure you were aware that these were either sent via mail or submitted online. Some agencies may not provide alerts to your company if the allegations escalate to higher levels of authority.

Let me know if you need any further clarification.

Regards,


Ronda McNae

---

**From:** Mullaly, Michael T. <michael.mullaly@squirepb.com>
**Sent:** Thursday, February 20, 2025 4:41:16 PM
**To:** Ronda McNae <prose.rmcnae@gmail.com>; Will McNae <prose.wmcnae@gmail.com>
**Cc:** Benjamin Roesch <benjamin.roesch@jmblawyers.com>
**Subject:** Meet and Confer - McNae et al. v. ARAG [I-AMS.FID5425010]

Dear Mr. and Ms. McNae,-


I write pursuant to Section III.G of Judge Lin's Standing Order, to request that you meet and confer regarding ARAG's forthcoming motion for partial summary judgment on the basis that the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., preempts Plaintiffs' state law claims arising under ARAG Policy No. 10377 issued to Microsoft Corporation ("Microsoft") for the policy period January 1, 2022 through December 31, 2022 ("Microsoft Policy"). The Microsoft Policy includes the Group Legal Insurance Certificate and Service Plan ("Microsoft Certificate") provided to participants under, and incorporated within, the Microsoft Policy.  The basic legal and factual bases for this document driven, legal determination are set forth in ARAG's Motion for Leave to File Amended Answer Instanter, ECF #26, the accompanying Declaration of Michael Mullaly and exhibits attached thereto, ECF #27 and 27-1 through 27-5, ARAG's responses to your Second Interrogatories and Requests for Production in August 2024, and documents produced in response thereto.  In addition, ARAG supplemented its document production, initial disclosures, and interrogatory responses shortly ago today.


Please provide, at your earliest opportunity, your availability to meet and confer by telephone today (February 20), tomorrow (February 21), and Monday (February 24).  Please note that we are requesting to meet and confer with both of you.  We look forward to your timely response.  Thank you.


Regards,

Michael

**Michael T. Mullaly**

Senior Associate

Squire Patton Boggs (US) LLP

2000 Huntington Center

41 South High Street

Columbus, Ohio 43215

T  +1 614 365 2793

O  +1 614 365 2700

F  +1 614 365 2499

M  +1 609 577 6951

**michael.mullaly@squirepb.com** | squirepattonboggs.com

Find Us: Twitter | LinkedIn | Facebook | Instagram

Over 40 Offices across 4 Continents

This message is confidential and may be legally privileged or otherwise protected from disclosure. If you are not the intended recipient, please telephone or email the sender and delete this message and any attachment from your system; you must not copy or disclose the contents of this message or any attachment to any other person.

For information about how Squire Patton Boggs processes personal data that is subject to the requirements of applicable data protection laws, please see the relevant Privacy Notice regarding the processing of personal data about clients and other business contacts at www.squirepattonboggs.com.

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities. Please visit

www.squirepattonboggs.com for more information.

#US