UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM MCNAE and RONDA MCNAE, husband and wife,<br><br>                  Plaintiffs,<br>       v.<br><br>ARAG INSURANCE COMPANY,<br><br>                  Defendant. | CASE NO. 2:24-cv-00211-TL<br><br>ORDER ON EMERGENCY MOTION TO STAY |

This matter is before the Court on Plaintiffs William and Ronda McNae's "Emergency Motion to Stay Proceedings Expedited Relief Requested Pursuant to LCR 7(D)(1)." Dkt. No. 43. Plaintiffs "move this Court for an Emergency Stay of proceedings due to a recently reactivated criminal investigation by the Miami Beach Police Department ('MBPD') as of February 11, 2025, which directly overlaps with the legal and factual issues in this case." *Id.* at 7. Having reviewed Defendant ARAG Insurance Company's response (Dkt. No. 46) and the relevant record, the Court GRANTS IN PART and DENIES IN PART the motion.

1        "[D]istrict courts have the inherent authority to manage their dockets and courtrooms

2 with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S.

3 40, 47 (2016) (collecting cases). This includes "discretionary power to stay proceedings in its

4 own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N.*

5 *Am. Co.*, 299 U.S. 248, 254 (1936)). When a stay is proposed, the court must weigh the

6 competing interests impacted, including "the possible damage which may result from the

7 granting of a stay, the hardship of equity which a party may suffer in being required to go

8 forward, and the orderly course of justice measured in terms of the simplifying or complicating

9 of issues, proof, and questions of law which could be expected to result from a stay." *Id.* at 1110

10 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). "The proponent of a stay bears

11 the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*,

12 299 U.S. at 255). Here, the relevant interests weigh in favor of *some* relief, though not the precise

13 relief requested by Plaintiffs.

14        First, as to the possible damage from granting a stay, Defendant asserts that it would be

15 harmed by delays in dispositive motions, discovery, and subpoenas. *See* Dkt. No. 46 at 12–13.

16 But these harms are little beyond the prejudice inherent in any stay. This interest is neutral.

17        Second, as to the hardship or inequity in being required to go forward, Plaintiffs explain

18 that they are simultaneously litigating two related cases in Florida and attempting to finalize the

19 adoption of two children in Iowa, creating severe burdens on their ability to litigate here. *See*

20 Dkt. No. 43 at 11–17, 20–26. Defendant points out that Plaintiffs stipulated in October 2024 to

21 the current trial schedule (*see* Dkt. No. 41), with full knowledge of the Florida cases, and that

22 Plaintiffs initiated the instant matter, thus imposing the burden of multi-court litigation on

23 themselves. *See* Dkt. No. 46 at 13–14. The Court agrees with Defendant that Plaintiffs chose

24 when to file their lawsuit and agreed to the trial schedule while litigating the Florida cases. And

1   while the Court is certainly empathetic regarding Plaintiffs' adoption of their niece and nephew,

2   it appears that Plaintiffs were aware of the needs of their niece and nephew at the time the suit

3   was filed, since parental rights were terminated in July 2024—just three months after filing. *See*

4   Dkt. No. 43 at 16; Dkt. No. 1. Plaintiffs also argue that they need time to retain counsel (*see* Dkt.

5   No. 43 at 20), though Defendant notes that it already stipulated to a prior 120-day continuance of

6   the trial schedule to allow Plaintiffs to do just that (*see* Dkt. No. 46 at 15). This interest is neutral.

7         Third, as to the orderly course of justice, Plaintiffs argue that the reopened Miami

8   criminal investigation into Michael Fitzgerald, the plaintiff in the Florida cases, "directly

9   overlaps" with this matter, and proceeding here would "[i]nterfere" with the investigation, "risk

10  inconsistent rulings" between this matter and the investigation, and cause "[u]ndue prejudice" to

11  Plaintiffs, who are "key witnesses" in the investigation. Dkt. No. 43 at 10–11, 26–28. However,

12  as Defendants argue (*see* Dkt. No. 46 at 15–17), Plaintiffs do not explain how proceeding with

13  this insurance matter would interfere with the Miami criminal investigation or otherwise

14  prejudice Plaintiffs, let alone create inconsistent rulings where there is no parallel criminal

15  proceeding. Further, as Defendants also argue (*see id.* at 17–19), Plaintiffs do not explain how

16  the Florida cases will simplify or resolve the factual or legal issues in this matter. Merely stating

17  such assertions does not make them true. This interest weighs against a stay.[1]

18        Given all the interests detailed above, the Court finds that a six-month continuance of the

19  trial schedule is appropriate here, especially as Defendant previously offered to stipulate to a 90-

20  day, 120-day, or six-month continuance. *See* Dkt. No. 43 at 24–25; Dkt. No. 46 at 21. Such a

21  continuance accommodates Plaintiffs' litigation burdens and personal hardships while

---

[1] Plaintiffs also note that they have filed multiple regulatory complaints against Defendant. *See* Dkt. No. 43 at 10, 19. Defendant states that these complaints were filed "a year after commencing this action." Dkt. No. 46 at 19. In the briefing, neither Party details the timeline or status of these complaints, nor does any Party supply any documentation of the complaints. This information is therefore too indeterminate to weigh for or against a stay.

ORDER ON EMERGENCY MOTION TO STAY - 3

recognizing Defendant's interest in proceeding with this matter. Plaintiffs' requested stay—until after the conclusion of the Miami criminal investigation, the resolution of regulatory investigations, *and* the resolution of the Florida cases (Dkt. No. 43 at 30)—is so indeterminate as to be indefinite. The Court will not authorize such a stay based on the record before it.

Finally, to the extent that Plaintiffs request preliminary injunctive relief (*see* Dkt. No. 43 at 29–30), their request is not properly presented. *See* Dkt. No. 46 at 22. Plaintiffs may separately request such relief if and when they deem it appropriate, and the Court will consider their request at that time.

Accordingly, Plaintiffs' Emergency Motion to Stay Proceedings (Dkt. No. 43) is GRANTED IN PART and DENIED IN PART. It is hereby ORDERED:

(1) This matter is STAYED until **September 5, 2025**. The trial date, and all remaining pretrial deadlines that have not yet passed, are STRICKEN.

(2) The Parties SHALL, **by September 19, 2025**, meet and confer and file a joint status report including a proposed schedule for all remaining pretrial deadlines and trial.

(3) Plaintiffs' Motion for Leave to File Supplemental Evidence in Support of Motion to Stay (Dkt. No. 50) is STRICKEN as an impermissible reply (*see* Dkt. No. 45).

(4) Defendant's Motion for Partial Summary Judgment (Dkt. No. 51) is STRICKEN with leave to refile after the expiration of the stay.

Dated this 6th day of March 2025.

Tana Lin
United States District Judge