UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM MCNAE and RONDA MCNAE, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>ARAG INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 2:24-cv-00211-TL<br><br>ORDER ON MOTION TO REMAND |

This matter is before the Court on Plaintiffs' Motion for Jurisdictional Ruling and § 1447(c) Relief (Dkt. No. 85), which the Court construes as a motion to remand. The Court DENIES the motion.

While the Court does not usually rule before the noting date of a motion, the Court finds it is necessary to do so here as there is no merit to the motion and a need to stem the tide of inappropriate filings in this case. The Court takes this action as an exercise of "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and

expeditious disposition of cases." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (citation modified); see also *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) ("There is a well established principle that district courts have inherent power to control their dockets." (citation modified)).

Plaintiffs, who are proceeding pro se, originally filed the instant motion in the early morning of October 20, 2025, entering it on the docket as "MOTION to Remand *JURISDICTIONAL RULING*." Between 8:51 a.m. and 9:55 a.m. on the same day, Plaintiffs made six additional filings, all purporting or attempting to correct errors in the original filing. Dkt. Nos. 86–91. One of these, a Notice of Errata, "clarifies that Docket No. 85, currently captioned on the docket as 'Motion to Remand,' was intended to be filed as Plaintiffs' Motion for Jurisdictional Ruling and §1447(c) Relief (Addressing Defendant's Misrepresentation of ERISA Plan Status)." Dkt. No. 86 at 1. But the relief available under 28 U.S.C. § 1447(c) *is* remand. And, Plaintiffs clearly request "a jurisdictional ruling confirming that this Court lacks subject-matter jurisdiction" (Dkt. No. 85 at 5), which would require remand. 28 U.S.C. § 1447(c). As such, the Court is unsure what clarification was intended by Plaintiffs' notice of errata. Plaintiffs' motion, brought under the Rule governing remand and seeking relief that would require remand, is a motion for remand and will be considered as such.

The statute that governs procedure after removal, provides, in pertinent part, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In the instant motion, Plaintiffs allege "that this Court lacks subject-matter jurisdiction because the ARAG 'UltimateAdvisor' legal-services product is not governed by ERISA. On January 31, 2024, Defendant ARAG Insurance Company removed this action from King County Superior Court to this Court, asserting federal jurisdiction under ERISA based on the claim that Microsoft acted as the 'Plan Administrator.'" Dkt. No. 85

ORDER ON MOTION TO REMAND – 2

at 5. The basis for Plaintiffs' statement, which has no citation to the record, is unclear. Defendant removed this case under 28 U.S.C. § 1332, based only on diversity of citizenship. *See generally* Dkt. No. 1. ERISA is not mentioned in the removal notice. *Id.* Additionally, while Defendant previously filed a Motion for Partial Summary Judgment based on its assertion of ERISA preemption (Dkt. No. 51), the Court is not aware that Defendant has ever claimed ERISA as a basis for subject-matter jurisdiction over the case.

Because the basis for the Court's jurisdiction is diversity of citizenship, and Plaintiffs do not argue that the requirements of 28 U.S.C. § 1332 are not met, the Court cannot find that it lacks subject matter jurisdiction over this case. The motion to remand is therefore DENIED.

The Court additionally notes that, although this motion is purportedly brought under 28 U.S.C. § 1447(c), Plaintiffs' arguments and specific prayers for relief (*see* Dkt. No. 85 at 18–19; 85-1 (proposed order), 90 (second proposed order)) appear targeted at Defendant's potential arguments around ERISA preemption.[1] Defendant's Motion for Partial Summary Judgment was stricken with leave to refile when the Court previously stayed the case at Plaintiffs' request (Dkt. No. 54), and Defendant has indicated it intends to raise its motion again (Dkt. No. 80 (Joint Status Report) at 4). However, there is currently no issue related to ERISA before the Court. In the Parties' Joint Status Report, Plaintiffs indicated that they intend to move for a "Protective order limiting ERISA preemption." Dkt. No. 80 at 17. Since then, Plaintiffs have filed multiple irregular "notices" relating to the ERISA issue which, again, is not before the Court. Dkt. Nos. 82, 83. The Court will issue a separate order related to those notices and representations. In the interest of avoiding additional unnecessary filings, however, Plaintiffs are hereby advised that the appropriate forum to address Defendant's ERISA-related arguments is as part of a proper

---

[1] The Court does not consider Plaintiffs' non-jurisdictional pleas for relief, which are inconsistent with Plaintiffs' request for relief under 28 U.S.C. § 1447(c), and for which Plaintiffs provide no legal basis.

ORDER ON MOTION TO REMAND – 3

response, under Local Civil Rule 7(b)(2), to Defendant's ERISA-related motion, if and when such motion is made. Until that time, filings on the subject are unnecessary, and worse: they impose a burden on the Court and its staff, as well as the Clerk of Court, and they do not help Plaintiffs' case.

Similarly, Plaintiffs are hereby advised that "the courts have adopted the rules of civil procedure and the local rules of procedure in part to avoid incoherent situations created by multiple, piecemeal filings." *Wright v. Pierce Cnty.*, No. C11-5154, 2013 WL 3777157, at *1 (W.D. Wash. July 17, 2013). The instant motion—filed, corrected, and re-corrected across seven filings—is one such incoherent situation. *See* Dkt. Nos. 85–91. As Plaintiffs' have been previously admonished, "'Parties are expected to file accurate, complete documents' the first time." Dkt. No. 78 at 6 (Order on Expedited Motion to Extend Stay) (quoting LCR 7(m)). The Court credits Plaintiffs' acknowledgement that "earlier filings that appeared inconsistent or urgent were made out of genuine panic and fear," (Dkt. No. 85), but with this self-knowledge comes responsibility. The Court expects Plaintiffs—*both* Plaintiffs—to learn from past mistakes and exercise their self-awareness as a brake on future hasty filings that are either unnecessary or require extensive correction.

Finaly, the Court notes that, while the Docket indicates the instant motion was filed on behalf of "All Plaintiffs," it is not signed by Mr. McNae. Dkt. No. 85 at 20. "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Additionally, the included certificate of service is not validly signed in accordance with this District's Local Civil Rules. *See id.* at 21; *see also* LCR 11(a)(6)(A)(iii) (allowing pro se litigants to use the "s/ [Name]" convention as a signature only where not authenticating a statement made under penalty of perjury). In the future, the Court "might not consider improperly signed or unsigned documents." LCR 10(e)(4).

Accordingly, it is hereby ORDERED:

(1) Plaintiffs' Motion to Remand (Dkt. No. 85) is DENIED.

(2) Plaintiffs' filings at Docket Nos. 86, 88, 89, 90, and 91 are summarily STRICKEN pursuant to the Court's previous order that "future filings in support of or in opposition to pending motions, other than properly filed responses under LCR 7(2), replies under LCR 7(3), or [proper] praecipes under 7(m), will be summarily stricken." (Dkt. No. 78 at 15). Future filings requiring praecipes also may result in sanctions unless the party filing the praecipe shows there was good cause for the error.

(3) The Declaration of Ronda McNae (Dkt. No. 87), along with all attachments thereto, is STRICKEN as a duplicate filing.

(4) Plaintiffs are REMINDED that they are both pro se, and neither represents the other. Accordingly, each Plaintiff must sign any filing submitted on his or her behalf using a valid method of signature in accordance with Local Civil Rule 11(a).

Dated this 20th day of October, 2025.

Tana Lin
United States District Judge