THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM MCNAE and RONDA MCNAE, )
                                )
                Plaintiffs,     )   Case No. 2:24-cv-00211-TL
                                )
        v.                      )   DEFENDANT ARAG INSURANCE
                                )   COMPANY'S MOTION TO STRIKE
                                )   ECF #93 AND PLAINTIFFS'
ARAG INSURANCE COMPANY,         )   SUPPORTING DOCUMENTS
                                )
                Defendant.      )   NOTED FOR: NOVEMBER 13, 2025
_____)

DEFENDANT ARAG INSURANCE COMPANY'S MOTION
TO STRIKE ECF #93 AND PLAINTIFFS' SUPPORTING
DOCUMENTS - 1
NO. 2:24-cv-00211-TL

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ………………………………………………………5

II.     FACTUAL BACKGROUND …………………………………………….6

     A.      The LCR 37(a)(2) Joint Submission Drafts …………………………………..7

          1.      Plaintiffs' October 7, 2025 draft ………………………………………7

          2.      Plaintiffs' October 9, 2025 draft and ARAG's October 16, 2025 response ……………………………………………………………………7

     B.      Plaintiffs' File the Draft in Support of Their Motion to Remand ……………7

     C.      Plaintiffs File an LCR 37(a)(2) Submission that Incorporates New Exhibits and Post-Response Edits to Their "Moving Party's Argument" Sections ……………………………………………………………………8

          1.      Plaintiffs' as-filed joint submission substituted a new set of exhibits in support of their arguments …………………………………….....8

          2.      Plaintiffs' as-filed joint submission included revisions to their "Moving Party's Argument" sections, and exceeded the per-request word limit of LCR 37(a)(2)(E) ……………………………………………..……..9

     D.      Plaintiffs Reject ARAG Requests that They Submit a Corrected Joint Submission, and Are Thereafter Unavailable to Meet and Confer ………….11

III.    ARGUMENT ……………………………………………………………..12

     A.      LCR 37(a)(2) Does Not Permit Plaintiffs to Edit Their "Moving Party's Argument" for any Disputed Discovery Request After Receiving ARAG's Responses …………………………………………………………………12

     B.      Plaintiffs Improperly Revised Their Initial Arguments and Substituted Exhibits After Receiving ARAG's Response...……………………………...……13

          1.      There is no dispute that Plaintiffs changed their opening arguments regarding the disputed discovery requests and introduced new exhibits when they filed the joint submission …………………………….....13

          2.      Plaintiffs' justifications for these changes are unavailing …………..14

DEFENDANT ARAG INSURANCE COMPANY'S MOTION
TO STRIKE ECF #93 AND PLAINTIFFS' SUPPORTING
DOCUMENTS - 2
NO. 2:24-cv-00211-TL

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

C.    The Court Should Strike ECF #93 and Plaintiffs' Supporting Documents, Summarily Deny Plaintiffs' Requested Relief or Consider their Pre-Revision Arguments, and Impose Appropriate Sanctions ……………………………16

IV.    Conclusion ………………………………………………………………..……17

DEFENDANT ARAG INSURANCE COMPANY'S MOTION
TO STRIKE ECF #93 AND PLAINTIFFS' SUPPORTING
DOCUMENTS - 3
NO. 2:24-cv-00211-TL

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

1

## TABLE OF AUTHORITIES

2

Local Civil Rule 37(a)(2) …………………………………………………………….. throughout

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

DEFENDANT ARAG INSURANCE COMPANY'S MOTION
TO STRIKE ECF #93 AND PLAINTIFFS' SUPPORTING
DOCUMENTS - 4
NO. 2:24-cv-00211-TL

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

## I.    **INTRODUCTION**

Just before the stroke of midnight on October 20, 2025, Plaintiffs filed what purported to be the parties' LCR 37(a)(2) joint submission addressing several disputed discovery requests. ECF #93.  But as confirmed by documents filed by Plaintiffs earlier that same day, ECF #93 and its supporting documents are improper and deeply concerning in several ways.  First, ***after receiving ARAG's portion of the joint filing on October 16***, Plaintiffs swapped in a raft of new exhibits to support their "Moving Party's Position."  Second, Plaintiffs use those new exhibits in edits to the "Moving Party's Argument" sections of the joint submission, again ***after receiving ARAG's portion*** and as distinguished from their "Reply" sections, which effectively respond to ARAG's "Responding Party's Position" sections.  Indeed, the timing of Plaintiffs' numerous October 20 filings confirms that these impermissible changes to the text and exhibits Plaintiffs initially served upon ARAG on October 9 were made that day, i.e., October 20, and likely after this Court's order denying their motion to remand.

Plaintiffs' actions are contrary to the drafting process for LCR 37(a)(2) submissions and present a distorted view of the discovery dispute to this Court.  Their new substituted exhibits and post-response edits both deprived ARAG of any opportunity to respond and falsely create the impression that ARAG did (or could) not respond to Plaintiffs exhibits and arguments – particularly because Plaintiffs also included "Replies" to ARAG's position in the "joint submission."  And indeed, two of those replies appear to exceed LCR 37(a)(2)(D)'s 175-word limit, despite Plaintiffs' certification to the contrary.

Plaintiffs refused ARAG's request that they correct these issues voluntarily, providing no reasonable justification.  In addition, Plaintiffs initially did not respond to ARAG's October 21 request for times to meet and confer, and when ARAG followed up, Ms. McNae again declined to provide a time, stating that she needed to consult with Mr. McNae, but that

DEFENDANT ARAG INSURANCE COMPANY'S MOTION TO STRIKE ECF #93 AND PLAINTIFFS' SUPPORTING DOCUMENTS - 5
NO. 2:24-cv-00211-TL

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

1  any meet and confer may be delayed multiple days.  Plaintiffs then emailed the next day flatly

2  refusing to meet and confer, and reaffirming their refusal to make any corrections "absent a

3  court order."

4         ARAG therefore requests that the Court strike ECF #93 and Plaintiffs' supporting

5  declaration and exhibits,[1] ECF #93-1 through 93-3 – or at least those portions that do not

6  comport with the drafting process for and word limits of LCR 37(a)(2) – and instead either deny

7  Plaintiffs' requested relief summarily or consider the discovery dispute with reference to

8  Plaintiffs' unaltered arguments and exhibits (which they filed with the Court as an exhibit to

9  their motion to remand at ECF #87-6)[2] and such portions of Plaintiffs' "replies" in ECF #93

10  that comply with LCR 37(a)(2)'s word limits.

11        ARAG has not previously asked for sanctions, but in light of these fundamental issues,

12  Plaintiffs' unwillingness to correct them, and ECF#93's proximity to Plaintiffs' prior improper

13  filings and the Court's warnings, *see* ECF #85 through 91; ECF #92, now requests that the

14  Court impose such sanctions or take such actions as the Court deems necessary and sufficient

15  "to stem the tide of inappropriate filings in this case."  ECF #92 at p. 1.

16                    **II.    FACTUAL BACKGROUND**

17        Plaintiffs contend that ARAG has not fully responded to certain discovery requests in

18  this matter and previously indicated that they intended to file a motion to compel.  *See* ECF

19

20  [1] Among Plaintiffs' supporting materials, ECF #93-4 (Plaintiffs' "Exhibit 6") alone was
   actually served upon ARAG on October 9 pursuant to LCR 37(a)(2), albeit with a different
21  exhibit number ascribed.  Mullaly Decl., Ex. 5 at pp. 54-59.  ECF #93-5 through 93-8 are
   ARAG's supporting materials, which ARAG served upon Plaintiffs together with ARAG's
22  response on October 16, in accordance with LCR 37(a)(2). Mullaly Decl., Ex. 6.

23  [2] ARAG notes, however, that said filing omitted ARAG's supporting materials, as identified in
   the preceding footnote. *Compare* ECF #87-6 with Mullaly Decl., Ex. 6 at pp. 43-96.

24

DEFENDANT ARAG INSURANCE COMPANY'S MOTION
TO STRIKE ECF #93 AND PLAINTIFFS' SUPPORTING
DOCUMENTS - 6
NO. 2:24-cv-00211-TL

#81-1 at p. 17.  As part of the meet-and-confer process, counsel for ARAG informed them of this Court's order that the parties use the LCR 37(a)(2) mechanism for any discovery disputes. Mullaly Decl. at ¶¶ 2-3; *see* Mullaly Decl., Ex. 1.

**A.    The LCR 37(a)(2) Joint Submission Drafts**

**1.    Plaintiffs' October 7, 2025 draft**

On October 7, Plaintiffs sent a 20-plus page "Draft Motion to Compel Production of ERISA Plan Documents and Administrative Record."  Mullaly Decl., Ex. 2.  This document did not comport with the requirements of LCR 37(a)(2) or the exemplar provided as Appendix B to the Local Rules.  Among other things, it did not include the discovery requests, responses, or a clear place for ARAG to insert its argument.  *Id.*

The next day, counsel for ARAG explained this (and provided a copy of the relevant Rule and Appendix for reference) and requested that the McNaes withdraw that draft and provide a new, compliant one.  Mullaly Decl., Ex. 3.  Plaintiffs agreed to do so.  Mullaly Decl., Ex. 4.

**2.    Plaintiffs' October 9, 2025 draft and ARAG's October 16, 2025 response**

Plaintiffs provided a second draft of their initial statement and "Moving Party's Argument" sections – this time compliant with the structure indicated in the Local Rules – as well as a declaration and exhibits, on October 9, 2025.  *See* Mullaly Decl., Ex. 5.

Pursuant to LCR 37(a)(2), ARAG provided its responsive portion of the joint submission, together with two declarations and two exhibits, to Plaintiffs on October 16, 2025. Mullaly Decl., Ex. 6.

**B.    Plaintiffs' File the Draft in Support of Their Motion to Remand.**

After receiving ARAG's response, Plaintiffs decided not to proceed with the joint submission, but instead filed a motion to remand on October 20, *see* ECF #85-91, stating that

DEFENDANT ARAG INSURANCE COMPANY'S MOTION
TO STRIKE ECF #93 AND PLAINTIFFS' SUPPORTING
DOCUMENTS - 7
NO. 2:24-cv-00211-TL

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

they would "defer" proceeding with the joint submission until the Court ruled on their October 20, 2025 remand motion.  ECF #87 at pp. 3-4.  Plaintiffs attached the then-current draft of the joint submission, however, with their declaration and exhibits in support of their remand motion.  *See* ECF #87-6.

The Court denied Plaintiffs' motion to remand the same day.  *See* ECF #92.

**C.     Plaintiffs File an LCR 37(a)(2) Submission that Incorporates New Exhibits and Post-Response Edits to Their "Moving Party's Argument" Sections.**

Six hours and three minutes after the Court denied their motion to remand, Plaintiffs filed what purported to be a joint LCR 37(a)(2) submission.  *See* ECF #93.  However, that submission differed in material ways from the drafts exchanged by the parties and the version Plaintiffs had filed with the Court earlier that day.

**1.     Plaintiffs' as-filed joint submission substituted a new set of exhibits in support of their arguments.**

Inexplicably, Plaintiffs' as-filed joint submission was supported by a different declaration, ECF #93-1, and a different set of exhibits, than Plaintiffs had provided to ARAG with their October 9, 2025 draft, *see* Mullaly Decl., Ex. 5 at pp. 28-30 (original declaration), 31-69 (original Exhibits 1-7),[3] or than they filed as the joint submission draft in support of their unsuccessful motion to remand.  *See* ECF #87-6 at pp. 39-41 (original declaration), 42-80 (original Exhibits 1-7).  Specifically, all or some portions of Exhibits 1, 2, 3, 4, and 5 to the McNaes' declaration at ECF #93-1 were not a part of the joint submission drafts exchanged by the parties.  *See id.*; *see also* note 1, *supra*.  However, some of these had been filed in connection

---

[3] Citations to page numbers within exhibits reflect the page of the PDF file (including exhibit cover page) and should align with the page number assigned by the ECF, rather than any pagination reflected within the exhibits itself.

DEFENDANT ARAG INSURANCE COMPANY'S MOTION TO STRIKE ECF #93 AND PLAINTIFFS' SUPPORTING DOCUMENTS - 8
NO. 2:24-cv-00211-TL

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

with ECF #85, Plaintiffs' unavailing motion to remand.  *See* ECF #93-1 (incorporating ECF #85-1 as Exhibit 1; incorporating ECF #85-2 as Exhibit 2; attaching ECF #93-2 as Exhibit 3; incorporating ECF #85-7 as Exhibit 4; and attaching ECF #93-3 as Exhibit 5); *see also* note 1, *supra* (regarding Exhibit 6).  Correspondingly, Plaintiffs omitted from the ultimate filing of the "joint" submission all or portions of their original Exhibits 1, 2, 3, 4, 6, and 7, which had been served upon ARAG on October 9, 2025, Mullaly Decl., Ex. 5 at pp. 31-53, 60-69, and are also reflected in the McNae's filing of the unmanipulated submission in connection with their motion for remand, *see* ECF #87-6 at pp. 42-45 (original Exhibit 1), 46-50 (original Exhibit 2), 51-61 (original Exhibit 3), 62-64 (original Exhibit 4), 71-76 (original Exhibit 6), and 77-80 (original Exhibit 7).

Plaintiffs did not cite any of the new exhibits designed in ECF #93-1 in their ***replies*** to ARAG's positions.  *See generally* ECF 93.  ***Instead, these new exhibits were incorporated into revised versions of Plaintiffs' "Moving Party's Argument" sections*** – that is, their previously served-and-responded-to opening statement with respect to each of the disputed requests.  *See generally id*.

## 2. Plaintiffs' as-filed joint submission included revisions to their "Moving Party's Argument" sections, and exceeded the per-request word limit of LCR 37(a)(2)(E).

In addition to substituting exhibits, various "Moving Party's Arguments" in the joint submission submitted as ECF #93 differ from those in the document served upon ARAG pursuant to LCR 37(a)(2) on October 9, 2025.  ARAG's initial review has identified the following differences, though others may also be present:

DEFENDANT ARAG INSURANCE COMPANY'S MOTION TO STRIKE ECF #93 AND PLAINTIFFS' SUPPORTING DOCUMENTS - 9
NO. 2:24-cv-00211-TL

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

- The Moving Party's Argument with respect to Interrogatory No. 8 includes the following text not present in Plaintiffs' 10/9/2025 draft or ECF #87-6: ECF #93 at p. 5 line 21 ("ARAG's claim that Microsoft") through p. 6 line 2.

- The Moving Party's Argument with respect to RFP No. 21 includes the following text not present in Plaintiffs' 10/9/2025 draft or ECF #87-6: ECF #93 at p. 9 line 16 ("ARAG's claim that Microsoft …") through p. 9 line 20.

- The Moving Party's Argument with respect to RFP No. 22 includes the following text not present in Plaintiffs' 10/9/2025 draft or ECF #87-6: ECF #93 at p. 16 line 7 ("ARAG's claim that Microsoft …") through p. 16 line 10.

- The Moving Party's Argument with respect to RFP No. 23 omits text present in the draft sent to ARAG and ECF 87-6 at p. 18 ("That information goes directly to the threshold legal question of ERISA preemption and to Plaintiffs' Washington Consumer Protection Act and bad faith claims."), and appears to change an exhibit citation.  See ECF #93 at p. 20 lines 13-14.

- The Moving Party's Argument with respect to RFP 24 omits text present in the draft sent to ARAG and filed as ECF #87-6 at p. 22 ("Under Rule 26(b)(1), such marketing communications bear directly on (1) whether ERISA preemption applies; (2) ARAG's representations of coverage scope and fiduciary responsibility; and (3) the deceptive-practice element of Plaintiffs' CPA claim.").  It also appears that the final paragraph of the moving party's argument was edited.  *Compare* ECF #87-6 at p. 22 lines 13-17 *with* ECF #93 at p. 24 lines 11-14.

DEFENDANT ARAG INSURANCE COMPANY'S MOTION
TO STRIKE ECF #93 AND PLAINTIFFS' SUPPORTING
DOCUMENTS - 10
NO. 2:24-cv-00211-TL

**JENSEN MORSE BAKER PLLC**
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

- The Moving Party's Argument with respect to RFP No. 26, at ECF #93 at p. 27 line 12, was edited to reference ECF #85-7 – a conversion plan document that was not included in Plaintiffs 10/9/2025 exhibits. *See* Mullaly Decl., Ex. 5.

In addition, legal citations and other citations to exhibits appear to have been changed in various "Moving Party's Arguments."

Based upon ARAG's review, it also appears that Plaintiffs' replies with respect to Request for Production Nos. 24 (185 words) and 29 (193 words)[4] exceed the 175-word limit of LCR 37(a)(2)(D), and that Plaintiffs' certification that "[n]o individual reply exceeds 175 words" is inaccurate.

**D.    Plaintiffs Reject ARAG Requests that They Submit a Corrected Joint Submission, and Are Thereafter Unavailable to Meet and Confer.**

Upon review of ECF #93 the morning after it was filed, ARAG discovered the above-described issues, and emailed Plaintiffs to request that they submit an errata or praecipe correcting the filing by 5:00 that afternoon. Mullaly Decl., Ex. 7. As ARAG explained, time was of the essence because the joint submission was noted for consideration that same day. *Id.* ARAG also requested that Plaintiffs indicate immediately if they believed no errata or praecipe was necessary, and provide their availability to meet and confer regarding this motion if they disagreed. *Id.*

Plaintiffs responded, and while they did not address the word-count issue or dispute that they had made changes to their "Moving Party's Argument" section, they declined to make any

---

[4] ARAG's calculations are based on copying and pasting the relevant portions into Microsoft Word and using the "word count" tool.

DEFENDANT ARAG INSURANCE COMPANY'S MOTION TO STRIKE ECF #93 AND PLAINTIFFS' SUPPORTING DOCUMENTS - 11
NO. 2:24-cv-00211-TL

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

corrections, stating "[w]e do not agree that an errata or praecipe is warranted" and that "[i]f ARAG elects to file a motion, we will respond accordingly." Mullally Decl., Ex. 8 at pp. 4-5.

ARAG, at 3:11 PM, then sought to meet and confer with Plaintiffs before filing this motion, offering to speak any time that afternoon, or before noon the following day. *Id.* at pp. 4. In response, Ms. McNae stated that they were unavailable that afternoon, but that she would consult with Mr. McNae and revert to ARAG. *Id.* at pp. 3-4. The following morning, Plaintiffs' responded again, refusing to meet and confer concerning this motion, gravely mischaracterizing its subject matter by stating that "no rule authorizes opposing counsel to dictate post-filing corrections absent a court order," and concluding for various improper reasons that "no further conferral is required" and that, "[i]f ARAG elects to raise its objections through motion practice, we will respond accordingly." *Id.* at p. 2.

## III.    ARGUMENT

### A.    LCR 37(a)(2) Does Not Permit Plaintiffs to Edit Their "Moving Party's Argument" for any Disputed Discovery Request After Receiving ARAG's Responses.

LCR 37(a)(2) sets forth a straightforward procedure leading up to the joint submission. First, the moving party provides a draft with its introductory statement, the disputed discovery requests (with responses thereto), and "[i]mmediately below that, the moving party shall describe its position and the legal authority which supports the requested relief." LCR 37(a)(2)(B). Second, within seven days the responding party serves its introductory statement, rebuttal with respect to each disputed request, and any supporting documentation. LCR 37(a)(2)(C) and (F). Third, within four days the moving party inserts any reply (up to 175 words per disputed discovery request) and files the joint submission together with any declarations and exhibits. LCR 37(a)(2)(D) and (H). Further, as before mentioned, undersigned

DEFENDANT ARAG INSURANCE COMPANY'S MOTION
TO STRIKE ECF #93 AND PLAINTIFFS' SUPPORTING
DOCUMENTS - 12
NO. 2:24-cv-00211-TL

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

1    counsel sent the text of LCR 37(a)(2) and the Court's exemplar in Appendix B to Plaintiffs at

2    the outset of this process.  Mullaly Decl., Ex. 3.

3        On its face, LCR 37(a)(2) does not permit a moving party to edit – and particularly to

4    add argument or exhibits to – its opening argument with respect to any disputed discovery

5    requests after sending its introductory statement and argument to the responding party and

6    receiving the responding party's response.  Instead, LCR 37(a)(2)(D) permits the moving party,

7    upon receiving the response. to "either add its reply and file the joint submission with the court,

8    or notify the opposing party that it no longer intends to move for the requested relief."  Just as

9    a moving party cannot retroactively change its argument in a filed motion to compel, a moving

10   party's attempt to retroactively change its initial argument in a joint submission is contrary to

11   both the letter and spirit of LCR 37(a)(2).

12   **B.    Plaintiffs Improperly Revised Their Initial Arguments and Substituted Exhibits**

13   **After Receiving ARAG's Response.**

14   **1.    There is no dispute that Plaintiffs changed their opening arguments**

15   **regarding the disputed discovery requests and introduced new exhibits**

16   **when they filed the joint submission.**

17       As detailed above (with record citation), Plaintiffs swapped in a raft of new exhibits –

18   substituting them for the exhibits that ARAG considered when drafting its response – when

19   they filed the "joint" submission.  Tellingly, these exhibits were not cited in any of Plaintiffs'

20   "reply" statements, but were instead *inserted into their initial arguments* with respect to the

21   disputed requests.  *See* ECF #93 (throughout).  In addition, at least some of them had been filed

22   in connection with Plaintiffs' unavailing motion to remand.  *See* ECF #93-1 (cross-referencing

23   exhibits with ECF #85-1, -2, and -7).  Plaintiffs also *revised their initial arguments* with respect

24

DEFENDANT ARAG INSURANCE COMPANY'S MOTION
TO STRIKE ECF #93 AND PLAINTIFFS' SUPPORTING
DOCUMENTS - 13
NO. 2:24-cv-00211-TL

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

1   to the disputed discovery requests to incorporate these new exhibits and advance additional

2   theories.  *See generally supra*.

3          None of this is permissible under LCR 37(a)(2), and all of it interferes with the integrity

4   of the joint submission.  For example and without limitation, Plaintiffs' post-response textual

5   insertions and exhibit additions deprive ARAG of the opportunity to respond to Plaintiffs'

6   arguments and exhibits in the joint submission, while also creating the false appearance that

7   ARAG either declined or could not respond to what was, in fact, newly-inserted argument and

8   substituted exhibits.  In addition, by inserting new material into its initial argument, Plaintiffs

9   elided the 175-word limit for replies with respect to each disputed response.  *See*

10  LCR 37(a)(2)(D).

11         Plaintiffs appear to have made these improper insertions and edits to their initial

12  arguments at some time after 9:02 AM on October 20, 2025, when they filed the prior version

13  of their initial arguments (and ARAG's responses but not ARAG's declarations and exhibits)

14  as an exhibit to Ms. McNae's declaration.  *See* ECF #87 and 87-6.  Moreover, since that

15  declaration indicated that Plaintiffs were holding off on proceeding with the LCR 37(a)(2) joint

16  submission until after the Court ruled on their motion to remand, *see* ECF #87 at p. 4, it appears

17  likely that the insertions were made at some time between the Court's 4:56 PM order, ECF #92,

18  and Plaintiffs' 11:59 PM filing.  ECF #93.

19         **2.    Plaintiffs' justifications for these changes are unavailing.**

20         Plaintiffs do not dispute that they changed their "Moving Party's Argument" sections

21  and introduced new exhibits, and instead try to excuse these actions in several ways that do not

22  hold water.

23         First, Plaintiffs claim that their edits were limited to formatting and citation cleanup,

24  and were non-substantive.  Mullaly Decl., Ex. 8 at p. 5.  Plaintiffs' documents tell a different

DEFENDANT ARAG INSURANCE COMPANY'S MOTION
TO STRIKE ECF #93 AND PLAINTIFFS' SUPPORTING
DOCUMENTS - 14
NO. 2:24-cv-00211-TL

**JENSEN MORSE BAKER PLLC**
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

1    story.  As recited above, some of Plaintiffs edits substantively characterize ARAG's position,

2    *see, e.g.*, ECF #93 at p. 5 line 21 ("ARAG's claim that Microsoft …"), and those and others

3    incorporate new exhibits that change or add to the factual basis for Plaintiffs' motion.  These

4    edits echo arguments made in Plaintiffs' motion to remand, and if they were truly non-

5    substantive, it is doubtful that they would have been made at all.  It is also hard to understand

6    how new exhibits could be "non-substantive."

7        Second, Plaintiffs suggest that the edits were "to ensure clarity for the Court."  Mullaly

8    Decl., Ex. 8 at p. 5.  But any revisions necessary for the Court to understand Plaintiffs'

9    arguments would be, by the same token, necessary for ARAG to understand (and respond) to

10   those same arguments (which would result in even more clarity for the Court).  Moreover, this

11   Court has emphasized that the parties are expected to take care in preparing documents and

12   submit correct documents the first time.  ECF #92 at p. 4.  The same principle applies to the

13   LCR 37(a)(2) drafting process – Plaintiffs should not be permitted to provide their "first draft"

14   (or, here, their second draft (*see* Mullaly Decl., Exs. 2-5)) for ARAG's review and response,

15   and then to revise it later, with the unfair advantage of knowing ARAG's response while doing

16   so.

17       Third, Plaintiffs state that "[n]o new … evidence [was] introduced," Mullaly Decl.,

18   Ex. 8 at p. 5, but this is flatly contrary to the exhibits Plaintiffs (a) provided to ARAG with

19   Plaintiffs' draft and filed in connection with their motion to remand, and (b) filed in connection

20   with ECF #93.  *See* Section II-C-1, *supra*.

21       Fourth, Plaintiffs seek to excuse their substitution of substantially all exhibits by stating

22   that "all referenced materials were already in ARAG's possession."  Mullaly Decl., Ex. 8 at

23   p. 5.  This is beside the point.  ARAG cannot, and is not required to, divine what documents,

24   among tens of thousands produced in this case, Plaintiffs might change their mind and rely upon

DEFENDANT ARAG INSURANCE COMPANY'S MOTION
TO STRIKE ECF #93 AND PLAINTIFFS' SUPPORTING
DOCUMENTS - 15
NO. 2:24-cv-00211-TL

when drafting its response to Plaintiffs' *specific* arguments supported by their *specifically referenced* exhibits provided with Plaintiffs' initial arguments in the LCR 37(a)(s) process. This assertion is also materially false. The first time undersigned counsel saw what ultimately became Exhibit 1 to the "joint" submission (i.e., ECF #85-1, incorporated as Exhibit 1 by Plaintiffs' substituted declaration (ECF #93-1 at ¶ 2) **in any form** was when Plaintiffs filed it on October 20, 2025, as ECF #85-1, in connection with their meritless motion to remand—***four days after ARAG, on October 16, 2025, had served its contributions to the "joint" LCR 37(a)(2) submission***. Mullay Decl. at ¶ 11; Mullay Decl., Ex. 6.

Fifth, Plaintiffs state that their "adjustments" were made to "ensure … consistency with the cited record." It is unclear what they mean by this, since Plaintiffs are the ones citing the record. It appears that Plaintiffs may be trying to achieve consistency with the documents filed in connection with their motion to remand, as several of Plaintiffs' swapped in exhibits were filed in support of that motion. But that is also unavailing because, as previously detailed, Plaintiffs' wholesale substitution of exhibits itself was highly irregular, unfair, and violative of LCR 37(a)(2) – and the Court had already denied their motion to remand. ECF #92.

Ultimately, Plaintiffs can provide no colorable explanation for their improper revisions and exhibit-switching.

**C.    The Court Should Strike ECF #93 and Plaintiffs' Supporting Documents; Summarily Deny Plaintiffs' Requested Relief or Consider Only Their Pre-Revision Arguments and Exhibits; and Impose Appropriate Sanctions.**

The LCR 37(a)(2) joint submission is not properly before the Court because Plaintiffs failed to follow the drafting procedure set forth in that rule. ARAG therefore requests that the Court strike ECF #93 and Plaintiffs' supporting documents (ECF #93-1 through 93-4), and

DEFENDANT ARAG INSURANCE COMPANY'S MOTION
TO STRIKE ECF #93 AND PLAINTIFFS' SUPPORTING
DOCUMENTS - 16
NO. 2:24-cv-00211-TL

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

1   either summarily deny the relief requested by Plaintiffs therein or consider the discovery dispute

2   with reference to Plaintiffs' pre-revision arguments and original exhibits.

3       ARAG has not previously requested that the Court impose sanctions in this matter.

4   However, the deeply concerning nature of Plaintiffs' LCR 37(a)(2) "joint" submission, which

5   they filed mere hours after the Court's Order on Motion to Remand warned them against

6   improper filings, *see generally* ECF #92, indicates that sanctions are necessary.   Indeed,

7   because Plaintiffs had strategically decided not to file the LCR 37(a)(2) joint submission until

8   *after* the Court had ruled on their motion to remand, *see* ECF #87 at p. 4, and the "draft" joint

9   submission they submitted in support of that remand motion did not include their improper edits

10  and substituted exhibits, *see* ECF #87-6, ***it appears that Plaintiffs undertook these actions as***

11  ***a result of the Court's Order earlier that day***.  In addition, Plaintiffs have explicitly refused to

12  correct their filings or meet and confer, even though the urgency for ARAG to file this motion

13  was created entirely by Plaintiffs' improper "joint" submission with an immediate noting date.

14  *See* Mullaly Decl., Ex. 8.

15      ARAG therefore requests that the Court impose such sanctions, monetary or otherwise,

16  as may be appropriate and necessary to prevent further inappropriate filings by Plaintiffs,

17  pursuant to the Court's authority to manage its docket, *see generally* ECF #92 at pp. 1-2 and 4

18  (discussing cases permitting a court to control its docket), although ARAG is admittedly at a

19  loss as to what sanctions might suffice to stem Plaintiffs' "tide of inappropriate filings."  *Id.*

20  at p. 1.

21              **IV.    <u>CONCLUSION</u>**

22      ARAG respectfully requests that the Court strike ECF #93 and Plaintiffs' supporting

23  documents (ECF #93-1 through 93-4); either summarily deny the relief requested by Plaintiffs

24

DEFENDANT ARAG INSURANCE COMPANY'S MOTION
TO STRIKE ECF #93 AND PLAINTIFFS' SUPPORTING
DOCUMENTS - 17
NO. 2:24-cv-00211-TL

**JENSEN MORSE BAKER PLLC**
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

1   therein or consider the discovery dispute with reference to Plaintiffs' pre-revision arguments

2   and original exhibits; and impose such sanctions that it deems appropriate.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

DEFENDANT ARAG INSURANCE COMPANY'S MOTION
TO STRIKE ECF #93 AND PLAINTIFFS' SUPPORTING
DOCUMENTS - 18
NO. 2:24-cv-00211-TL

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

1

## CERTIFICATE OF CONFERRAL

2   The undersigned counsel for ARAG certifies that ARAG made a meaningful attempt to

3   meet and confer before filing this motion.  At 11:44 AM on October 21, 2025 – as soon as

4   possible upon identifying the issues raised herein – counsel for ARAG sent a detailed email to

5   Plaintiffs requesting that they either (a) correct the issues, or (b) provide their availability to

6   meet and confer on an expedited basis regarding this motion.  Mullaly Decl., Ex. 7.  Plaintiffs

7   responded by email at 2:52 PM that day, refusing to make a correction and not providing a time

8   to meet and confer.  Mullaly Decl., Ex. 8 at pp. 4-5.  Counsel for ARAG followed up at 3:11 PM,

9   requesting that Plaintiffs meet and confer with them that afternoon or the morning of

10  October 22.  *Id.* at p. 4.  Ms. McNae responded that Plaintiffs were unavailable on October 21

11  and might be unavailable on October 22 pending consultation with Mr. McNae.  *Id.* at pp. 3-4.

12  The following morning (October 22), at 10:50 AM, in an email from Mr. McNae signed "Ronda

13  and Will McNae," Plaintiffs declined to meet and confer regarding the subject of this motion in

14  a response that, in ARAG's view, does not faithfully acknowledge the facts or the character of

15  ARAG's concerns, which ARAG expended considerable effort to convey:

16          We do not agree that a praecipe or errata is warranted.  All
            modifications were formatting or citation clarifications that did
17          not alter substance.  Plaintiffs complied in good faith with LCR
            37(a)(2), and no rule authorizes opposing counsel to dictate post-
18          filing corrections absent a court order.

19          Because the issue you raise concerns formatting and word-count
            allegations rather than a live discovery dispute, it is not a proper
20          subject for an LCR 37(a)(1) conference.  Plaintiffs have already
            provided their written position in good faith, and no further
21          conferral is required.  If ARAG elects to raise its objections
            through motion practice, we will respond accordingly.

22  Mullaly Decl., Ex. 8 at p. 1.

23

24

DEFENDANT ARAG INSURANCE COMPANY'S MOTION
TO STRIKE ECF #93 AND PLAINTIFFS' SUPPORTING
DOCUMENTS - 19
NO. 2:24-cv-00211-TL

JENSEN MORSE BAKER PLLC
520 PIKE STREET; SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

As noted above, time was of the essence for ARAG to file this motion because Plaintiffs' adulterated LCR 37(a)(2) "joint" submission was noted for the day of filing, October 21, 2025, such that any delay in filing the instant motion runs the risk of rendering it moot (as the Court could rule on the submission at any time) and could potentially require ARAG instead to file a motion for reconsideration (which are disfavored) if the Court ruled adversely in the interim. ARAG respectfully submits that it has satisfied its obligation to make a meaningful attempt to meet and confer, including multiple written requests to Plaintiffs before they ultimately and in express terms refused to participate.

DEFENDANT ARAG INSURANCE COMPANY'S MOTION
TO STRIKE ECF #93 AND PLAINTIFFS' SUPPORTING
DOCUMENTS - 20
NO. 2:24-cv-00211-TL

JENSEN MORSE BAKER PLLC
520 PIKE STREET, SUITE 2375
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

1    I certify that this memorandum contains 3,875 words (not including the table of

2   contents, table of authorities, and certificate of conferral, in compliance with the Local Civil

3   Rules.

4        DATED: October 23, 2025.

5                                    JENSEN MORSE BAKER PLLC

6
                                     By  *s/Benjamin Roesch*
7                                        Gabriel Baker, WSBA No. 28473
                                        gabe.baker@jmblawyers.com
8                                        Benjamin Roesch, WSBA No. 39960
                                        benjamin.roesch@jmblawyers.com
9                                        520 Pike Street, Suite 2375
                                        Seattle, WA  98101
10
                                        Attorneys for Defendant ARAG Insurance
11                                       Company

12                                       SQUIRE PATTON BOGGS (US) LLP

13                                       Michael T. Mullaly (*pro hac vice*)
                                        michael.mullaly@squirepb.com
14                                       2000 Huntington Center
                                        41 South High Street
15                                       Columbus, OH  43215

16                                       Attorneys for Defendant, ARAG Insurance
                                        Company
17

18

19

20

21

22

23

24

DEFENDANT ARAG INSURANCE COMPANY'S MOTION
TO STRIKE ECF #93 AND PLAINTIFFS' SUPPORTING
DOCUMENTS - 21
NO. 2:24-cv-00211-TL

1

## CERTIFICATE OF SERVICE

2    The undersigned certifies under penalty of perjury under the laws of the United States

3  of America that, on the 23rd day of October, 2025, the document attached hereto was delivered

4  to the below in the manner indicated:

5  *Pro Se Plaintiff*                         ☒ Via CM/ECF
                                              ☐ Via electronic mail
6  William McNae                             ☐ Via U.S. Mail, postage prepaid
   504 11th Place                            ☐ Via Facsimile
7  Kirkland, WA  98033                       ☐ Via Courier
   prose.wmcnae@gmail.com                    ☐ Via Overnight delivery

8

9  *Pro Se Plaintiff*                         ☒ Via CM/ECF
                                              ☐ Via electronic mail
10 Ronda McNae                               ☐ Via U.S. Mail, postage prepaid
   504 11th Place                            ☐ Via Facsimile
11 Kirkland, WA  98033                       ☐ Via Courier
   prose.rmcnae@gmail.com                    ☐ Via Overnight delivery

12

13

14    DATED this 23rd day of October, 2025, in Seattle, WA.

15

       By *s/ Benjamin Roesch*
16                Benajamin Roesch, WSBA #39960

17

18

19

20

21

22

23

24

DEFENDANT ARAG INSURANCE COMPANY'S MOTION
TO STRIKE ECF #93 AND PLAINTIFFS' SUPPORTING
DOCUMENTS - 22
NO. 2:24-cv-00211-TL