UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

William MCNAE and RONDA MCNAE, husband and wife,

Plaintiffs,

v.

ARAG INSURANCE COMPANY,

Defendant.

CASE NO. 2:24-cv-00211-TL

PLAINTIFFS' OPPOSITION TO DEFENDANT ARAG'S MOTION TO STRIKE (DKT. 95)

## I. INTRODUCTION

Defendant's Motion to Strike, Dkt. 95, should be denied. Two days earlier, the Court recognized Plaintiffs' filing as a proper discovery motion under LCR 37(a)(2). Dkt. 94 at 2–3. Striking the same joint submission elevates form over substance. Plaintiffs acknowledge limited variances from LCR 37(a)(2)'s sequence and reply caps. After receiving ARAG's portion, Plaintiffs made modest edits to align citations and reflect documents already in ARAG's possession. This included removing a reference to an exhibit that was not filed and trimming non-

substantive text. The Washington Office of Insurance Commissioner ("OIC") correspondence confirming ARAG's legal-services status was sent to ARAG before filing. No prejudice resulted. Any variance is fully curable through narrow remedies addressed below. Motions to strike are a drastic remedy and are disfavored. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–74 (9th Cir. 2010). The Local Rules favor practical resolution. LCR 1(c) permits flexibility "in the interest of justice," and LCR 7(e)(6) authorizes the Court to disregard minor variances rather than strike a filing outright. The appropriate course is to apply a tailored fix if the Court finds any technical noncompliance. Plaintiffs consolidated the dispute into the LCR 37(a)(2) joint mechanism the Court directed. The Court should deny striking or sanctions and reach the discovery issues on a complete record.

## II. PROCEDURAL BACKGROUND

1. **October 6, 2025**. the Court directed the parties to use the expedited joint-motion procedure under LCR 37(a)(2) for discovery disputes. (Dkt. 92.)
2. **Oct. 16, 2025.** The Washington OIC transmitted the Microsoft Benefits email directly to ARAG. That evening at 10:49 p.m. PT, ARAG served its LCR 37(a)(2) contribution. These facts show ARAG already possessed the challenged Microsoft content before filing day.
3. **October 20, 2025**. Plaintiffs filed the parties' LCR 37(a)(2) Joint Submission (Dkt. 93) formatted per Appendix B and containing side-by-side positions for each disputed request.
4. **October 23, 2025**. The Court struck earlier "notices" but confirmed the parties had properly used LCR 37(a)(2) for the live dispute. "If a dispute requires a ruling by the Court, the parties must file a motion to compel using the expedited briefing procedure set forth in Local Civil Rule 37(a)(2) … as the Parties have now done (see Dkt. No. 93)." Dkt. 94 at 2–3.

4. **Later Oct. 23, 2025.**, ARAG filed Dkt. 95 moving to strike Dkt. 93 as “improper” and to impose sanctions.

## III. ARGUMENT

**A. The Court directed use of LCR 37(a)(2). Striking the joint submission is unnecessary and disproportionate.**

The Court has recognized that this discovery dispute belongs in an LCR 37(a)(2) joint submission. Dkt. 94 at 2–3. Striking that filing would elevate form over substance where any variance is readily curable. ARAG’s motion calls the submission “adulterated” and “improper,” yet identifies no authority to strike a discovery brief the Court has already directed the parties to use. To the extent ARAG’s rhetoric suggests bad faith, that charge is unsupported by the record. Sanctions require a specific finding of bad faith or comparable misconduct, not curable, technical variances. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). The appropriate course is a narrow procedural fix, not punishment.

A Rule 12(f) motion to strike targets pleadings, not discovery motions. *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973–74 (9th Cir. 2010); *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Even setting Rule 12(f) aside, the Court’s inherent authority and LCR 1(c) counsel proportional correction rather than erasure. *Ready Transportation, Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010); *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007).

ARAG identifies no authority to strike an LCR 37 joint submission the Court has already directed the parties to use. If the Court finds a technical variance, it can deem challenged sentences reply content and disregard any words beyond 175 under LCR 37(a)(2) and LCR 7(e)(4), allow a short

surreply limited to those sentences and exhibits under LCR 7(g), or permit a corrected joint submission. Those remedies resolve the issue without prejudice and keep the dispute on the track the Court set.

**B. ARAG's sanctions request fails; proportional remedies, not punishment, are appropriate.**

The Court has already recognized Dkt. 93 as the proper LCR 37(a)(2) vehicle. Dkt. 94 at 2–3. Sanctions require more than curable formatting or sequencing variances; they require bad faith or comparable misconduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Courts may enforce local rules, but harsh outcomes must account for fairness. *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995). The better course, consistent with FRCP 1 and LCR 1(c), is a narrow fix, not punitive measures.

Plaintiffs acted in good faith to align citations and reflect documents already in ARAG's possession. No prejudice has been shown. If the Court identifies any variance, Plaintiffs propose the same tailored cures: (i) deem the sentences reply content and disregard any words beyond 175 for the affected requests (LCR 37(a)(2); LCR 7(e)(4)), (ii) permit a surreply limited to those sentences/exhibits, capped at 175 words per affected request (LCR 7(g)), or (iii) allow a corrected joint submission restoring the original opening and relocating any affected sentences to the reply boxes. Those remedies fully address the issue without sanctions.

The Court's prior order (Dkt. 92) cautioned against improper "notices" and piecemeal filings. The LCR 37(a)(2) joint submission is the precise mechanism the Court requires for discovery disputes. Plaintiffs used that mechanism.

**C. Plaintiffs' limited variances are curable and caused no prejudice**

Plaintiffs acknowledge that the reply boxes for RFP 24 and RFP 29 exceeded LCR 37(a)(2)'s 175-word limit. **Exhibits 1–2** reproduce the original filed pages and visually highlight the specific words that exceed the cap. Plaintiffs respectfully request that the Court consider only the first 175 words of each reply pursuant to LCR 7(e)(6) and LCR 7(e)(4). If the Court prefers, Plaintiffs will submit corrected ≤175-word replies within three business days, or the Court may permit a short surreply limited to these two requests, capped at 175 words per affected request under LCR 7(g).

Plaintiffs also acknowledge limited post-response edits to align citations and reflect documents already in ARAG's possession. The updated OIC correspondence was **sent directly to ARAG on or about October 16, 2025**. ARAG's own coverage certificate and an email authored by its counsel were likewise within ARAG's files. No new argument was introduced. To the extent the Court prefers these references appear only in reply boxes, Plaintiffs ask that the Court deem the sentences reply content and disregard any words beyond 175, or allow a short, targeted sur-reply. Plaintiffs are also prepared to file a corrected joint submission within three business days that restores the opening text as served and relocates any affected sentences to the reply boxes. *See* **Exhibit 3 (Provenance Table)** identifying, for each exhibit, the source, date ARAG received it, and how it was cited.

The Declaration of Ronda McNae confirms that the OIC correspondence (Ex. 4 to Dkt. 93-1) was served on ARAG on September 17, 2025, well before the joint submission was filed. The later OIC letter simply updated the same regulator communication. The joint filing aligned citations to the most current version. ARAG already possessed these materials, so there was no surprise and no prejudice.

These are curable, non-prejudicial variances. LCR 37(a)(2) provides the reply-box structure. The Court's inherent authority and LCR 1(c) permit a proportional fix "in the interest of justice." Striking or sanctions are unnecessary where a narrow remedy fully addresses the issue.

**D. Acknowledgment and narrow, proportional cure**

Plaintiffs acknowledge limited post-response edits to align citations, remove a reference to an exhibit not filed, and trim non-substantive text. No new arguments were added. The documents referenced were already in ARAG's possession, so there was no surprise or prejudice. If the Court finds a technical variance under LCR 37(a)(2), a narrow cure will fully resolve it. Plaintiffs respectfully propose that the Court:

1. Deem any challenged sentences reply content and disregard any words beyond the 175-word reply cap for the affected requests (LCR 37(a)(2); LCR 7(e)(4)).
2. Permit ARAG a short sur-reply limited to those sentences and the identified exhibits, capped at 175 words per affected request (LCR 7(g)).
3. Allow Plaintiffs to file a corrected reply text within three business days, or to submit a corrected joint submission relocating any affected sentences to the reply boxes.

These tailored remedies are consistent with LCR 1(c) and the Court's inherent authority to manage filings efficiently. Striking or sanctions are unnecessary where a simple correction eliminates any procedural concern.

**E. The only real prejudice is from unresolved Rule 26 deficiencies. Striking would reward noncompliance.**

Under Rule 26(a)(1)(A)(ii), 26(e), 26(g), and 26(b)(5)(A), ARAG must disclose the documents it may use, supplement incomplete responses, certify completeness or state what is

being withheld, and provide a compliant privilege log. The joint submission seeks an order compelling that basic Rule 26 compliance. ARAG's motion to strike avoids those obligations. That is the practical prejudice in this posture. The documents at issue bear directly on classification, administration, and claim-handling, which anchor relevance and proportionality for the requests at stake. The challenged exhibits and brief citations were included to ensure the Court had an accurate record bearing on **why** the requested discovery matters.

For example, updated regulator correspondence and ARAG's own documents go to **classification, plan administration, and claim-handling**, which in turn inform **relevance and proportionality**. ARAG already possessed these materials. No surprise occurred. If the Court prefers stricter sequencing, the narrow cures proposed by Plaintiffs (deem the sentences reply content, disregard any words beyond 175, allow a short, request-specific sur-reply, or permit a corrected joint submission) resolve any variance without impairing Rule 26 enforcement. *See* **Exhibit 3 (Provenance Table)**.

Striking the joint submission would shield and delay resolution of live Rule 26 issues and would not serve the "just, speedy, and inexpensive" determination of the action. The proper course is to apply a tailored fix to any technical variance and then reach the discovery questions on a complete, accurate record.

**F. ERISA-Record Discovery is relevant to threshold issues. The Dispute Should Be Resolved on Substance, not procedure.**

ARAG asserts it has produced what matters. Yet it has not certified completeness under Rule 34(b)(2)(C), supplemented as required by Rule 26(e), signed a completeness certification under Rule 26(g), or served a privilege log compliant with Rule 26(b)(5)(A). The joint submission

seeks enforcement of those baseline duties. Striking would postpone that enforcement without curing anything.

The materials at issue go to classification, administration, and claim-handling. Those categories anchor **relevance and proportionality** and inform preemption and standard-of-review questions. See *Abatie v. Alta Health & Life Ins. Co.,* 458 F.3d 955, 970–71 (9th Cir. 2006) (en banc). See also 29 C.F.R. § 2560.503-1(m)(8) and (b). The point here is not to decide those merits. It is to ensure the record needed to decide they exist.

Plaintiffs' requests target narrow, identifiable items: plan instruments and any delegation, written claim procedures and training used for this claim, claim-file logs, recordings and their metadata, and a Rule 26(b)(5)(A) privilege log if anything is withheld. ARAG already possessed the exhibits referenced in the joint filing. No surprise occurred. If the Court prefers stricter sequencing, the narrow cures will solve that. The proper course is a tailored fix to any technical variance, then resolution of the live Rule 26 issues on the merits.

**G. ARAG's Own Records Confirm the Need for Production and Show No Prejudice**

ARAG's internal entries and claim-file materials underscore why the requested categories matter. Plan instruments and any delegations. Written claim procedures and training used for this claim. Claim-file logs, recordings, and associated metadata. These items bear on classification, administration, and claim-handling. They go to relevance and proportionality.

ARAG already possessed the documents cited in the joint submission, including the case-management entries and related communications. There is no surprise from Plaintiffs' citations. If the Court prefers stricter sequencing, the narrow cures resolve any variance.

Questions about authenticity, hearsay, or foundation can be addressed after production with proper custodial declarations and metadata. They are not grounds to strike the joint submission.

The proportional course is to apply a tailored fix, then reach the live Rule 26 issues on a complete record.

**H. Pro Se Status explains context, but the outcome turns on curable, non-prejudicial variances**

Plaintiffs are self-represented and have worked to follow the Court's directives. We acknowledge minor technical deviations, including two reply boxes exceeded 175 words, and limited post-response edits aligned citations and removed non-substantive text. The referenced documents were already in ARAG's possession. No prejudice resulted.

Plaintiffs are **not** seeking leniency. If the Court identifies any variance under LCR 37(a)(2), narrow, efficient cures are available consistent with FRCP 1 and LCR 1(c): (i) deem any challenged sentences reply content and disregard words beyond the 175-word cap for the affected requests (LCR 37(a)(2); LCR 7(e)(4)), (ii) permit ARAG a short surreply limited to those sentences/exhibits, capped at 175 words per affected request (LCR 7(g)), or (iii) allow Plaintiffs to file a corrected joint submission within three business days restoring the opening as originally served and relocating any affected sentences to the reply boxes. The Court's inherent authority supports proportional correction rather than striking. *Ready Transportation, Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010); *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995).

**I. Conferral Statement**

ARAG devotes a page to "failure to confer." LCR 37(a)(1) requires a good-faith conference for motions to compel. However, it does not impose a conferral prerequisite for a motion to strike. Plaintiffs nonetheless tried to accommodate a call. Plaintiffs acknowledge the Court's expectation that parties confer promptly on procedural issues. Plaintiffs wish they had been capable of

accommodating a same-day call regarding ARAG's October 21, 2025 request to discuss formatting concerns. A scheduling conflict and scheduled deposition the following day in the McNae's Florida court case on October 22 prevented immediate coordination.

Plaintiffs proposed meeting the following week after ARAG's anticipated supplemental production. There was no intent to delay, and no prejudice resulted: ARAG filed its Motion to Strike on October 23. This was the same issue the call was intended to address. Once ARAG chose motion practice, further conferral was moot. Schedule was not affected. No prejudice. Plaintiffs will make themselves appropriately available and consent to narrow cures if the Court identifies any technical variance. *See* **Exhibit 8 (complete email correspondence)**.

A cooperative approach is also consistent with guidance received from the Washington OIC, which encouraged direct resolution of procedural concerns wherever possible.

Separately, on November 4, 2025, Plaintiffs sent Defendant's counsel a detailed letter titled *"Proposed Path Toward Resolution"* (**Exhibit 4**), summarizing recent developments, new evidence, and a framework for resolving the ARAG matter without additional motion practice. The letter invited counsel to confer before the reply deadline on ARAG's Motion to Strike, expressly offering to avoid further filings if a cooperative resolution could be reached. Plaintiffs also advised that they would update the Washington OIC if a constructive resolution occurred, demonstrating transparency and coordination with regulatory oversight. This correspondence demonstrates Plaintiffs acting in good faith to make reasonable efforts to resolve the issues consistent with LCR 37(a)(1) and Judge Lin's directives encouraging practical, cooperative case management.

### J. Clarification Regarding OIC Communications

ARAG overlooks that, while Plaintiffs are pro se in this action, they remain Washington policyholders entitled to fair-claims treatment under RCW 48.01.290. Representation status in federal court does not extinguish ARAG's ongoing contractual and regulatory duties. Reporting concerns to the Washington OIC was both appropriate and protected. Plaintiffs opened the OIC complaint after ARAG invoked ERISA preemption and withheld plan-related materials. Acting diligently, they sought to verify ARAG's regulatory classification and compliance with Washington insurance law.

Direct confirmation from the OIC establishes that such complaints are formal inquiries requiring insurer response. In a November 6, 2025 chat (**Exhibit 5**), OIC staff explained that regulated entities must respond electronically through the Company Response System within fifteen business days, that extensions must be formally justified, and that these complaints are "kept on record and usually used as evidence or data to justify any actions or inquiries into a company and their business practice." The OIC added that these matters are "handled at a much higher level" when multiple complaints surface, triggering oversight or investigation. This rebuts ARAG's suggestion that the OIC process was "informal" or outside agency review.

The OIC transmitted Plaintiffs' October 30 submission to ARAG and logged ARAG's formal response on October 31 (Complaint No. 1769089; **Exhibit 6**). Plaintiffs' communications followed WAC 284-30-360 and were entirely transparent. The OIC record shows that Plaintiffs' October 16 upload/submission was made viewable to ARAG that same day, and ARAG's response was received two weeks later. This verified timeline contradicts counsel's sworn statement (Dkt. 96 ¶ 11) claiming ARAG first saw the materials on October 20.

Plaintiffs had also directly notified ARAG on October 16 of their intent to supplement the record regarding Microsoft's involvement and referenced WAC 284-30-360 (**Exhibit 7** ["Notice of Supplemental Filing" email]). The contemporaneous OIC log confirms the same materials were

then transmitted through official channels, underscoring Plaintiffs' procedural good faith and regulatory compliance.

Accordingly, the Court should reject ARAG's mischaracterization and direct the parties to proceed with discovery. Defendant's attempt to portray routine consumer-regulator communications as "abusive motion practice" reflects the very procedural weaponization Judge Lin has cautioned against. The record shows that Plaintiffs acted transparently, in full compliance with OIC protocol and both federal and state discovery obligations. ARAG's own case-management notes and the OIC's verified oversight record reveal the same pattern: ARAG operating simultaneously as insurer and litigation coordinator without transparency. This underscores why full discovery is necessary. These regulatory records confirm that Plaintiffs followed proper oversight procedures and that ARAG had contemporaneous notice of all materials well before filing Dkt. 95. *See* **Declaration of Ronda & Will McNae ¶¶ 8–9 & Exs. 6–7**.

**H. Timing and Noting Date**

Plaintiffs noted the motion consistent with local practice. If the Court prefers a different noting date, Plaintiffs will renote as directed. The schedule has not been affected, and ARAG has fully briefed its position. Plaintiffs filed the joint submission on the date required by LCR 37(a)(2). The evening filing reflects work schedules, not gamesmanship, and caused no prejudice. The remand order issued the same day is coincidental. The discovery schedule and the remand motion proceeded on separate tracks. Nothing about the filing time violated any rule or disadvantaged ARAG.

## IV. RELIEF REQUESTED AND CONCLUSION

This is a discovery submission the Court has recognized as proper. Any formatting or sequencing variance is curable and caused no prejudice. A narrow remedy, not striking or sanctions, is the proportional response. Plaintiffs respectfully request that the Court:

1. Deny Defendant's Motion to Strike and for Sanctions (Dkt. 95);
2. Consider the parties' LCR 37(a)(2) Joint Submission on the merits, Dkt. 93;
3. If the Court finds any noncompliance, apply a tailored cure:

   (a) Disregard any text beyond the 175-word reply limits for RFP 24 and RFP 29 as shown in Exhibits 1–2;

   (b) Permit ARAG a short sur-reply limited to the identified exhibits and sentences, capped at 175 words per affected request.

   (c) Allow Plaintiffs to file a corrected joint submission within three business days that restores the opening text as originally served and relocates any added sentences to the reply boxes, each reply not to exceed 175 words.
4. Deny sanctions and remind both parties to continue cooperative discovery under LCR 37.

RESPECTFULLY SUBMITTED this **7th day of November, 2025**.

I certify that this notice contains 3,255 words in compliance with Local Civil Rules.

By: /s/ *Ronda Delapina McNae*
Ronda McNae
Pro se Plaintiff
504 11th PL
Kirkland, WA 98033
(206) 914-6752
Prose.Rmcnae@gmail.com
Prose.Wmcnae@gmail.com

By: /s/ *Will McNae*
Will McNae
Pro se Plaintiff
504 11th PL
Kirkland, WA 98033
(206) 914-6752
Prose.Wmcnae@gmail.com

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury under the laws of the United States of America and the State of Washington that on November 7, 2025, I caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record listed below. I also served courtesy copies by electronic mail as indicated:

***Counsel for Defendant ARAG Insurance Company:***

Michael T. Mullaly (pro hac vice)
Squire Patton Boggs (US) LLP 2000 Huntington Center 41 South High Street Columbus, OH 43215
michael.mullaly@squirepb.com

☒ Via CM/ECF
☐ Via electronic mail
☐ Via U.S. Mail, postage prepaid
☐ Via Facsimile
☐ Via Courier
☐ Via Overnight delivery

***Counsel for Defendant ARAG Insurance Company:***

Benjamin Roesch, WSBA No. 39960
Jensen Morse Baker PLLC
520 Pike St, Suite 2375
Seattle, WA 98101
Benjamin.roesch@jmblawyers.com

☒ Via CM/ECF
☐ Via electronic mail
☐ Via U.S. Mail, postage prepaid
☐ Via Facsimile
☐ Via Courier
☐ Via Overnight delivery

DATED this 7th day of November, 2025, in Kirkland, WA.

By: /*s/ Ronda McNae*
Ronda McNae (Pro se)

By: */s/ William McNae*
William McNae (Pro se)