1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11 | WILLIAM MCNAE and RONDA
MCNAE, husband and wife,

12 | Plaintiffs,

13 | v.

14 | ARAG INSURANCE COMPANY,

15 | Defendant.

16

CASE NO. 2:24-cv-00211-TL

ORDER ON MOTION TO STRIKE

17        This matter is before the Court on Defendant's "Motion to Strike ECF #93 and Plaintiffs'

18 Supporting Documents." Dkt. No. 95. Having considered the motion, Plaintiffs' response (Dkt.

19 No. 97), and the relevant record, and finding it in the best interests of all Parties to rule before

20 receiving Defendant's reply, the Court GRANTS the motion and SANCTIONS Plaintiffs.

21 //

22 //

23 //

24 //

1

## I.    BACKGROUND

Under Local Civil Rule ("LCR") 37(a)(2), parties may jointly file their briefing on a

discovery dispute and note the submission as a same-day motion. The Rule lays out the briefing

steps as follows:

> (B) The moving party may draft an introductory statement, setting
> forth the context in which the dispute arose and the relief
> requested. Each disputed discovery request and the opposing
> party's objection/response thereto shall be set forth in the
> submission. Immediately below that, the moving party shall
> describe its position and the legal authority which supports the
> requested relief. The moving party shall provide the opposing party
> with a draft of the LCR 37 submission and shall also make the
> submission available in computer-readable format.
>
> (C) Within seven days of receipt of the LCR 37 submission from
> the moving party, the opposing party shall serve a rebuttal to the
> moving party's position for each of the disputed discovery requests
> identified in the motion. The opposing party may also include its
> own introductory statement. The opposing party's rebuttal for each
> disputed discovery request shall be made in the same document
> and immediately following the moving party's statement in support
> of the relief requested. . . .
>
> (D) Within four days of receipt of the LCR 37 submission from the
> opposing party, the moving party will either add its reply and file
> the joint submission with the court, or notify the opposing party
> that it no longer intends to move for the requested relief. The
> moving party's reply, if any, in support of a disputed discovery
> request shall follow the opposing party's rebuttal for such request
> in the joint submission and shall not exceed 175 words . . . .

LCR 37(a)(2)(B)–(D). Parties may use the joint filing procedure if they agree to do so. LCR

37(a)(2). Here, previous Orders of the Court require the Parties to use this procedure for all

discovery disputes. *See* Dkt. No. 32 at 4 (ordering Parties to comply with LCR 37(a)); Dkt.

No. 94 at 2–3 (clarifying that Parties must use the expedited joint motion procedure under LCR

37(a)(2)).

On October 20, 2025, Plaintiffs filed what purported to be a joint submission prepared in accordance with the expedited briefing procedure under Local Civil Rule 37(a)(2). Dkt. No. 93. But on October 23, 2025, Defendant moved to strike the stipulated joint filing. Dkt. No. 95. In its motion, Defendant informs the Court of the following:

(1)    After receiving Defendant's responses to their discovery motion for inclusion in the joint filing, Plaintiffs not only wrote replies, but also rewrote portions of their "moving party's argument" and added new exhibits without informing Defendant and without giving Defendant an opportunity to modify its responses. Dkt. No. 95 at 5.

(2)    Two of Plaintiffs' reply sections, though certified to be shorter than the maximum-allowable 175 words, in fact exceeded the limit. *Id.*

(3)    When Defendant contacted Plaintiffs, to inform them of the issue and request that they either "submit an errata or praecipe correcting the filing by 5:00 that afternoon" or meet and confer regarding a motion to strike, Plaintiffs declined to do either, writing:

> We do not agree that a praecipe or errata is warranted. All modifications were formatting or citation clarifications that did not alter substance. Plaintiffs complied in good faith with LCR 37(a)(2), and no rule authorizes opposing counsel to dictate post-filing corrections absent a court order.
>
> Because the issue you raise concerns formatting and word-count allegations rather than a live discovery dispute, it is not a proper subject for an LCR 37(a)(1) conference. Plaintiffs have already provided their written position in good faith, and no further conferral is required. If ARAG elects to raise its objections through motion practice, we will respond accordingly.

*Id.* at 11, 19; Dkt. No. 98-8 (first email correspondence) at 2.

## II.    DISCUSSION

### A.    Preliminary Matter

Plaintiffs' responsive briefing contains numerous mischaracterizations of the authorities that they cite. In the most egregious case, Plaintiffs rely heavily on "Local [Civil] Rule . . . 1(c)," which they claim "permits flexibility 'in the interest of justice.'" Dkt. No. 97 at 2; *see also id.* at 2, 3, 4, 6, 9. But Local Civil Rule 1(c), whose purpose is to define terms such as "Chief Judge" and "Stipulated Order," neither addresses this topic nor contains this quote. Federal Rule of Civil Procedure 1, which Plaintiffs also cite, apparently for the same proposition (*see* Dkt. No. 97 at 4, 9), is just as irrelevant. The basis of Plaintiffs' misrepresentations is unclear, as there is *no* Local Civil Rule that "permits flexibility 'in the interest of justice,'" and the only place the phrase "interest of justice" appears in the Local Civil Rules at all is in reference to attorney discipline. *See* LCR 83.3(c)(7)(B). Quite to the contrary, Plaintiffs have been repeatedly put on notice that they are expected to comply fully and completely with the local rules. *See, e.g.*, Dkt. No. 94 at 4–5, Dkt. No. 92 at 4, Dkt. No. 78 at 6, Dkt. No. 66 at 10, Dkt. No. 55 at 2.

In the Rule 37(a)(2) submission that is the subject of the instant Motion to Strike, Defendant points out another apparently fabricated quote when it observes "Abatie does not contain the quote—'factual materials underlying an ERISA determination are discoverable'— attributed to it by Plaintiffs." Dkt. No. 93 at 16–17. Removing the offending "quote" appears to be among the edits Plaintiffs made to their arguments after receiving Defendants' briefing, but the draft Plaintiffs previously attached to an unrelated motion shows that, indeed, Plaintiffs at one time represented this statement as a quotation from *Abatie v. Alta Health & Life Insurance Co.*, 458 F.3d 955, 971 (9th Cir. 2006), which Defendants note involved neither a discovery dispute nor the question of whether ERISA preempted state law. Dkt. No. 85-6 (Joint

Submission Draft); Dkt. No. 93 at 17. More alarmingly, the "quotation" does not seem to exist anywhere—at least, nowhere within the ambit of a Google or Westlaw search.

It should go without saying that by enclosing material in quotation marks, Plaintiffs represent to the Court that that material is a direct quotation on whose accuracy the Court can rely. While the Court will give Plaintiffs the benefit of the doubt and assume these were honest, if careless, mistakes, Plaintiffs are again reminded of their duty under Federal Rule of Evidence 11 to make accurate representations to the Court.

**B.    Motion to Strike**

Local Civil Rule 37(a)(2) does not explicitly prohibit a moving party from making any alteration to statements in support of the relief after sharing them with opposing counsel, and at least one court in this District has interpreted Local Civil Rule (a)(2)(B) to require sharing of an "initial" rather than a "final" draft. *See Collins v. Am. Bankers Ins. Co. of Fla.*, No. C23-1959, 2024 WL 3992476, at *2 (W.D. Wash. Aug. 29, 2024). As for any *substantive* changes, however, this Court is persuaded by Defendant's common-sense argument: "Just as a moving party cannot retroactively change its argument in a filed motion to compel, a moving party[ may not] retroactively change its initial argument in a joint submission . . . ." Dkt. No. 95 at 13. It is self-evident as a matter of fairness that any substantive changes made to a moving party's arguments after receipt of the non-moving party's responses must, at the very least, be shared with the non-moving party so that its responses may be adapted accordingly. Plaintiffs' failure to do so not only gave them "the unfair advantage of knowing ARAG's response" while rewriting their arguments (Dkt. No. 95 at 15), but also risked the false appearance that Defendant had ignored, and thus waived, new arguments that in truth were never presented to it.

//

//

1    Accordingly, fairness requires that the Court strike the "joint submission," which, under

2 the circumstances, is not a truly joint submission nor an accurate representation of Plaintiffs'

3 arguments or Defendant's responses to those arguments.

4 **C.    Leave to Refile**

5    The Joint Submission is stricken without prejudice, and may be updated and refiled if

6 needed, subject to the requirements of Local Civil Rule 37(a)(2) and this Order. However, based

7 on the record currently before the Court, such motion would likely be denied at this time. A joint

8 submission under Local Civil Rule 37(a)(2):

9          must include a certification that the moving party has 'in good
          faith conferred or attempted to confer with the person or party
10         failing to make disclosure or discovery in an effort to resolve the
          dispute without court action.' Fed. R. Civ. P. 37(a)(1). The
11         certification requirement is more than a formalistic prerequisite to
          judicial resolution. *Cardoza v. Bloomin' Bands, Inc.,* 141 F. Supp.
12         3d 1137, 1145 (D. Nev. 2015). It must certify that the conferral
          attempt resulted in an impasse, which ensures that the parties have
13         exhausted their attempts to resolve their dispute before seeking the
          Court's intervention. *See Beasley v. State Farm Mut. Auto. Ins.*
14         *Co.*, 2014 WL 1268709, slip op. at 1 (W.D. Wash. 2014) ("A good
          faith effort to resolve discovery disputes requires an exchange of
15         information until no additional progress is possible.").

16 *Collins*, 2024 WL 3992476, at *2. Where the record shows that the non-moving party "remain[s]

17 open to supplementing its productions . . . the parties . . . have not[ ]reached an impasse

18 justifying the Court's intervention[ and] have not met the meet and confer certification

19 requirements of Rule 37." *Id.*; *see also Selim v. Fivos, Inc.*, No. C22-1227, 2023 WL 3172467, at

20 *2 (W.D. Wash. May 1, 2023) ("Post-conference communications showed that the parties agreed

21 and expected that Defendant would continue to supplement its discovery responses. Ongoing

22 discussions after an LCR 37 conference preclude a finding that no additional progress was

23 possible." (internal record citation omitted)).

24

The email correspondence filed by Plaintiffs indicates that discovery discussions are ongoing and that Defendant made a voluminous production on or around October 29, 2025. *See* Dkt. No. 98-8 at 1–2. As of now, therefore, there is no impasse and no basis for a Rule 37(a)(2) motion. If at some future time the Parties do find themselves at an impasse, beyond which further progress is impossible, Plaintiffs may update and renew their motion for consideration on the merits.

**D.    Sanctions**

**1.    Defendant's Motion for Sanctions**

Defendant asks the Court to "impose such sanctions, monetary or otherwise, as may be appropriate and necessary to prevent further inappropriate filings by Plaintiffs, pursuant to the Court's authority to manage its docket . . . ." Dkt. No. 95 at 17. A "district court has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." *Fink v. Gomez,* 239 F.3d 989, 992 (9th Cir. 2001). Conduct may also be sanctionable under specific statutes and procedural rules. In this district, Local Civil Rule 11(c) provides:

> An attorney or party who without just cause fails to comply with any of the Federal Rules of Civil or Criminal Procedure, these rules, or an order of the court, or who presents to the court unnecessary motions or *unwarranted opposition to motions*, or who fails to prepare for presentation to the court, or who otherwise so *multiplies or obstructs the proceedings in a case* may, in addition to or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs and may be subject to such other sanctions as the court may deem appropriate.

(Emphasis added).

Here, it is clear that Plaintiffs' opposition is unwarranted, because Plaintiffs seem to have no real objection either to Defendant's pre-filing request that they "file an errata or praecipe with the Court," Dkt. No. 98-8 at 5, or to the Court's now striking the motion and allowing them to

refile it. To the contrary, Plaintiffs repeatedly urge the Court to cure any prejudice by allowing

them to submit corrections—in technical terms, a praecipe—or to file "a corrected joint

submission . . . that restores the opening text as served and relocates any affected sentences to the

reply boxes"—in which case the original submission would be stricken. Dkt. No. 97 at 5; *see*

*also id.* at 3–4, 6, 7, 9, 13.

Put differently, it appears the Parties are in some degree of agreement as to what should

happen here. This matter could have been, and should have been, settled without the Court's

involvement. Plaintiffs assert that their actions caused no prejudice. Dkt. No. at 97 at 4. But

Plaintiffs' uncompromising pronouncement that "no further conferral is required" (Dkt. No. 98-8

at 2) multiplied proceedings by inducing the filing of a motion, a response, and now this Order,

all of which would have been completely avoidable had Plaintiffs conferred in good faith (and all

of which resulted from Plaintiffs' desire for Court intervention when the Parties were not at an

actual impasse). This is sanctionable conduct under the Local Rules—especially in light of the

Court's prior warnings to Plaintiffs regarding acting in good faith and in accordance with the

rules (*see, e.g.*, Dkt. No. 78 at 6–7)—and the Court will order a sanction of $100 to be paid by

Plaintiffs to Defendant's counsel for the partial reimbursement of the unnecessary fees and costs

incurred by Defendant in bringing this motion.

### 2.    Plaintiffs' False Statements About the Status of their Representation

Since Defendant moved for sanctions, the Court has become aware of additional

sanctionable behavior by Plaintiffs. As an exhibit to Plaintiffs' response to the motion to strike,

Plaintiffs provided the Court with a series of emails between themselves and Defendant's

counsel dated November 4 and 5, 2025. Dkt. No. 98-4 (second email correspondence). In these

emails, Plaintiffs represented to opposing counsel that they had retained an attorney for this case,

whose application for admission to the bar of this Court was currently pending. *Id.* at 2, 3, 12.

1  The Court issued an Order requiring Plaintiffs to clarify the status of their representation and to

2  provide contact information for their attorney, if any, to Defendant's counsel. Dkt. No. 99.

3          Plaintiffs timely filed a notice as directed, stating, in relevant part:

4              Plaintiffs have not retained any attorney to represent them in this
               matter. No attorney is advising Plaintiffs in connection with this
5              case. Plaintiffs have identified a prospective attorney who is
               pursuing Washington State Bar admission. Plaintiffs have not
6              retained that attorney, and that attorney is not providing Plaintiffs
               with any legal advice regarding this case unless and until properly
7              admitted.

8  Dkt. No. 100 ("notice") at 1–2. While this notice clarifies the status of Plaintiffs' representation,

9  it blatantly contradicts numerous representations Plaintiffs made in their emails to Defendant's

10 counsel, which Plaintiffs then filed with the Court:

11     •   "For transparency, **we have officially retained counsel** for the ARAG bad-faith

12         case, and **formal admission is pending Clerk of Court sign-off**." Dkt. No. 98-4

13         at 2 (boldface added).

14     •   "**We have formally retained counsel** for the ARAG bad-faith case, with

15         **admission pending Clerk of Court sign-off**." *Id.* at 3 (boldface added).

16     •   "Last Friday morning, I received an email from **the attorney who will be**

17         **representing us in this matter** . . . ." *Id.* (boldface added).

18     •   "To clarify, we are in an interim stage where **counsel has been retained** for the

19         ARAG bad-faith matter, but their **admission to the Western District of**

20         **Washington is still pending**." *Id.* at 12 (boldface added).

21         If Plaintiffs' representations in their notice can be believed, the statements they made to

22 opposing counsel clearly cannot. More than unbelievable, the statements are plainly false. It

23 cannot be true that Plaintiffs "have not retained any attorney to represent them in this matter,"

24 and also that they have "officially" and "formally retained" "the attorney who will be

ORDER ON MOTION TO STRIKE – 9

representing us in this matter." It cannot be true that an attorney (or "prospective attorney") who is "pursuing Washington State Bar admission" can also have their "admission to the Western District of Washington" "pending Clerk of Court sign-off." While mistaken details of attorney admission might be plausibly attributed to innocent confusion, there is no question that Plaintiffs knew very well that they had *not* retained an attorney for this matter when they told opposing counsel that they had. They knew, and they lied.

The Court had previously advised Plaintiffs "that pro se litigants are subject to Federal Rule of Civil Procedure 11, which permits district courts to impose sanctions on parties and attorneys for inaccurate representations." Dkt. No. 78 at 11. In addition, courts have inherent authority to sanction a party that "has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice," up to and including by dismissing an action. *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). "It is well settled that dismissal is warranted where, as here, a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings." *Anheuser-Busch, Inc. v. Nat. Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) (collecting cases).

The Court will not impose a sanction for Plaintiffs' false statements to opposing counsel this time. However, the Court hopes Plaintiffs realize how poorly their actions reflect on them. Going forward, Plaintiffs are expected to be truthful in their representations to both opposing counsel and the Court, and they are advised that any similar conduct in the future will expose them to sanctions, up to and including additional financial sanctions and/or dismissal of their case with prejudice.

//

//

//

### III.     CONCLUSION

Accordingly, the Court ORDERS as follows:

(1)     Defendant's motion (Dkt. No. 95) is GRANTED, and Docket No. 93 is STRICKEN.

(2)     As a sanction for Plaintiffs' abuse of the joint submission process, and to avoid future such abuses, Plaintiffs are ORDERED to include in any future LCR 37(a)(2) submission a certification that (a) opposing counsel has been provided with the final version of the joint submission at least one full business day before filing, (b) no changes have been made to the joint submission after it was shared with opposing counsel, and (c) the Parties have reached an impasse.

(3)     As a sanction for Plaintiffs' unreasonable refusal to resolve this issue without Court intervention, Plaintiffs are ORDERED to pay a $100 sanction toward the fees and costs incurred by Defendant in bringing the motion to strike. Plaintiffs SHALL file a notice within **fourteen (14) days** of the date of this Order confirming that payment has been made to the law firm representing Defendant in this matter.

(4)     Plaintiffs are ADVISED that they are expected to resolve all disputes, to the extent possible, without Court involvement. Should the Court again find the Plaintiffs have presented "unnecessary motions or unwarranted opposition to motions" without making a good-faith effort to resolve the matter with opposing counsel, Plaintiffs may be ordered to reimburse Defendant for the entirety of its unnecessary costs incurred due to Plaintiffs' intransigence.

Dated this 13 day of November, 2025.

Tana Lin
United States District Judge