UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM MCNAE and RONDA MCNAE, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>ARAG INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 2:24-cv-00211-TL<br><br>ORDER ON EMERGENCY MOTION FOR EXTENSION OF TIME |

This matter is before the Court on Plaintiffs' "Emergency Motion for Extension of Time and for Limited Stay to Protect the Court's Jurisdiction." Dkt. No. 109. Having considered the motion, Defendant's response (Dkt. No. 112), and the relevant record, the Court GRANTS IN PART AND DENIES IN PART the motion.

Plaintiffs' motion was noted for expedited briefing as a request for extension of deadline under this Court's Standing Order for All Civil Cases. *See* Judge Tana Lin, Standing Order for All Civil Cases ("Standing Order"), Section III.A., https://www.wawd.uscourts.gov/sites/wawd/files/LinStandingOrderreCivilCases_0.pdf (last updated Nov. 1, 2024). Plaintiffs seek

ORDER ON EMERGENCY MOTION FOR EXTENSION OF TIME – 1

(a) a 40-day extension of their deadline to respond to Defendant's pending motion for partial summary judgment (Dkt. No. 101) from December 4, 2025, to January 8, 2026, with no corresponding extension of Defendant's time to reply (*see* Dkt. No. 109 at 8), and (b) injunctive relief "to prevent levy, sale, assignment, or transfer of this federal cause of action" pursuant to a judgment entered in another case (*id.* at 10).

Plaintiffs' request for injunctive relief is summarily denied because (a) Plaintiffs did not meet and confer with Defendant regarding this request (Dkt. No. 112 at 5); (b) the expedited briefing process is available for deadline extensions, and additional requests cannot be expedited by shoehorning them into such motions; and (c) Plaintiffs do not appear to have addressed the legal standard applicable to injunctive relief. The Court does not consider the merits of this issue.

As to the requested deadline extension, the Court "may grant relief from fixed deadlines . . . only 'for good cause.'" *Allstate Indem. Co. v. Lindquist*, No. C20-1508, 2022 WL 1443676, at *2 (W.D. Wash. May 6, 2022) (quoting Fed. R. Civ. P. 6(b)). "This standard primarily considers the diligence of the party seeking the amendment." *Id.* (citation modified) (quoting *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000)). Plaintiff argues that good cause for an extension exists because of the fallout from the King County Sheriffs' execution of a writ at Plaintiffs' home on November 19, 20205, which "triggered a **severe** PTSD episode" for Plaintiff Ronda McNae, leading to an urgent-care visit the following day. Dkt. No. 109 at 6; *see id.* at 5–7. Plaintiffs also cite "the [Thanksgiving] holiday schedule and the children's school break" as good cause for a stay. *Id.* at 5.[1]

While the Court is sympathetic to the disruption to Plaintiffs and their family caused by enforcement actions related to Plaintiffs' other litigation, and to the health impacts of these

---

[1] The Court does not consider Plaintiffs' arguments that they require extra time to examine allegedly new evidence in this case. *See* Dkt. No. 109 at 7–8. The evidence in question does not appear relevant to the motion for partial summary judgment, and thus does not constitute good cause to delay briefing on the motion.

ORDER ON EMERGENCY MOTION FOR EXTENSION OF TIME – 2

events on Ms. McNae in particular, the totality of the circumstances demonstrates that there are no exigent circumstances that would justify the 40-day extension that Plaintiffs seek—especially as a party's diligence is the primary factor the Court considers. The relevant circumstances are detailed below.

First, Plaintiffs initially contacted Defendants on November 14, 2025, to request a stipulated extension due to the December 4, 2025, deadline "fall[ing] immediately after Thanksgiving, effectively compressing a full week of preparation due to holiday closures and family commitments." (Dkt. No. 113-1 at 16 (Parties' email exchange)). Although Defendant initially offered to stipulate to a seven-day extension (*Id.* at 14), Plaintiffs objected, confusingly, that this extension "does not actually provide more time [but] only moves our deadline through Thanksgiving week . . . ." *Id.* at 11. Defendant ultimately offered to stipulate to an extension until noon on December 15, 2025—that is, to an 11-day extension of the usual 21 days allowed for opposition to a summary judgment motion. *Id.* at 9; *see* LCR 7(d)(4).

Upon learning of the events of November 20–21, Defendant suggested to Plaintiffs:

> that you consider accepting the stipulated extension that has been offered, so that your deadline is extended until noon on December 15 and ours to 11:59 PM on December 23, with the understanding that, if there are medical issues that continue or arise before December 15, you may present documentation of them from the treating medical professionals and we can discuss any further extension that may be appropriate in view of them (and, absent an agreement after conferring, you can bring your request to the Court).

*Id.* at 4–5. Plaintiffs refused this stipulation. *Id.* at 3. Accordingly, any "emergency" or urgency to Plaintiffs' request (and any need for the expedited briefing allowed by the Court's standing order) is **entirely of Plaintiffs' own making**. The record shows Defendant and Defendant's counsel have behaved reasonably and tried to reach a resolution without the Court's involvement, and Plaintiffs have not. "The Court will not prioritize [a motion to extend a

deadline] simply because the Parties have waited until a deadline is imminent before filing a motion to extend," and certainly not because a Party has created false urgency by refusing to stipulate to a lesser extension. Standing Order, Section III.A; *see also* LCR 1(a)(c) ("'Meet and Confer' means a good faith conference in person or by telephone to attempt to resolve the matter in dispute without the court's involvement.")

As to Plaintiffs' diligence, Defendants point out that this is an unusual situation in which a substantially similar motion was already filed, and stricken, over eight months ago. Dkt. No. 112 at 2 (citing Dkt. Nos. 51–54). As such, Plaintiffs have had extensive opportunity to formulate their response, and neither the nature of the motion for partial summary judgment nor the volume of exhibits merit an extended response window. The Court further notes that the time Plaintiffs expended drafting the instant motion, proposed order (Dkt. No. 109-1), and accompanying declaration (Dkt. No. 110)—well over 20 pages of text—could have been put toward their opposition to summary judgment (especially in light of the 11-day stipulated extension offered by Defendant).

The Court will assume that Plaintiffs' children's school is closed two days for the Thanksgiving holiday, and finds good cause to grant Plaintiffs an extension of **four court days** (six days total) of their time to respond to the motion for partial summary judgment, comprising **two (2) days** for their children's school closure, **one (1) day** for the work day lost or partially lost to the disruption caused by the writ execution, and **one (1) day** for the work day lost or partially lost to Ms. McNae's visit to urgent care. The Court will also add four court days (six days total) to the seven-day reply period originally allowed to Defendant under LCR 7(d)(4).

As to Defendants' request for sanctions, the Court agrees that Plaintiffs did not attempt in good faith to reach agreement on this matter but disagrees that the motion (which was noted for Tuesday, November 25, 2025, and which Defendant responded to in just over 24 hours)

ORDER ON EMERGENCY MOTION FOR EXTENSION OF TIME – 4

"require[ed] over-the-weekend briefing." To the extent that this was not a genuine emergency meriting expedited briefing, the Court would have considered a short motion resetting Defendants' response deadline, but Defendant chose instead to file an early response on a Saturday. Under these circumstances, and considering the limited relief granted to Plaintiffs and summary denial of one of their requests, the Court does not find that further sanction is warranted.

Accordingly, the motion IS GRANTED IN PART AND DENIED IN PART. Plaintiffs' deadline to respond to Defendant's motion for partial summary judgment is EXTENDED to **December 10, 2025**. Defendant's reply deadline is EXTENDED to **December 23, 2025**. The Clerk is DIRECTED to reset the deadlines accordingly and re-note the Motion for Partial Summary Judgment (Dkt. No. 101) for December 23, 2025.

Dated this 26th day of November, 2025.

Tana Lin
United States District Judge