UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM MCNAE and RONDA MCNAE, husband and wife,

Plaintiffs,

v.

ARAG INSURANCE COMPANY,

Defendant.

CASE NO. 2:24-cv-00211-TL

ORDER ON MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION AND EXHIBITS

This matter is before the Court on Plaintiffs' "Motion for Leave to File Supplemental Declaration and Exhibits." Dkt. No. 130. Having considered the Motion, Defendant's Response (Dkt. No. 133), and the record in this case, and for the reasons explained below, the Court DENIES the motion, STRIKES the motion's attachments, STRIKES other unauthorized notices from the docket, and IMPOSES filing restrictions on Plaintiffs.[1]

Plaintiffs' Motion seeks "leave to file the attached Supplemental Declaration of William McNae and four [attached] exhibits consisting of ARAG authored correspondence and ARAG

[1] Plaintiffs did not file a reply in support of their motion.

ORDER ON MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION AND EXHIBITS – 1

litigation counsel communications transmitted during December 2025 and January 2026." Dkt. No. 130 at 1. Plaintiffs assert that filing the attachments, which do not appear to relate to any matter currently before the Court, is necessary to "preserve the record" so that "the record accurately reflects these post filing developments and so the parties and the Court have a common reference point as litigation proceeds, including on issues of claims handling, plan administration, and discovery." *Id.* at 1, 2.

The Court has repeatedly admonished Plaintiffs about unsolicited filings that do not seek relief and stricken them from the docket. *See* Dkt. No. 66 (Order on Motion for Temporary Restraining Order); Dkt. No. 78 (Order on Expedited Motion to Extend Stay); Dkt. No. 92 (Order on Motion to Remand); Dkt. No. 94 (Order Striking Improper Notices). The Court has been clear that "'[n]otices' that seek to inform to Court of the context surrounding a discovery dispute without seeking relief are inappropriate. . . . **If a discovery dispute does not require the Court's ruling, it also does not require the Court's attention.**" Dkt. No. 94 at 3–4. It should go without saying that the same is true for *all* disputes with an opposing party.

Despite these clear instructions, Plaintiffs persist in filing notices that do not seek relief, each of which requires attention from clerk and chambers staff and burdens the Court's limited resources. The attachments to the instant motion are only some of several documents and notices Plaintiffs has filed in recent months, unattached to any matter before the Court.

On December 15, 2025, Plaintiffs filed a "Notice of Related Appellate Proceedings and Filing of Exemplar Appellate Materials," purportedly "for the limited purpose of informing the Court of related appellate proceedings that form part of the factual background of this action." Dkt. No. 121 at 1. An attachment contains 75 pages of documents filed in another case. Dkt. No. 121-1. Plaintiffs had already made the Court aware of the existence of this external litigation. This filing was not solicited by the Court, does not appear to be related or relevant to

ORDER ON MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION AND EXHIBITS – 2

any pending motion, and is not authorized by any law, order, or procedural rule. Therefore, it will be stricken.

On December 21, 2025, Plaintiff filed a "Notice of Recent Development and Record Preservation Issue," reporting, without seeking relief, on communications between the Parties. Dkt. No. 122. This filing was not solicited by the Court, does not appear to be related or relevant to any pending motion, and is not authorized by any law, order, or procedural rule. Therefore, it will be stricken.

On December 28, 2025, Plaintiffs filed a "Notice Regarding Defective State-Court Levy Referenced in Dkt. No. 115 and Dkt. 120." Dkt. No. 125. On January 7, 2025, Plaintiffs filed a "Notice of Attempted Execution Against Pending Federal Action." Dkt. No. 129. While these filings are understandable, given the "Notice of Sheriff Lien on Causes of Action in this Proceeding" filed by Michael Fitzgerald (Dkt. No. 115), they are unnecessary and unauthorized. The Notice of Sheriff Lien was required to be filed in this case under RCW 6.17.160(7) in order to levy on Plaintiffs' claims in this action pursuant to a writ of execution arising from an external case. The Court did not request further information from the Parties about those proceedings. At the present time, Plaintiffs' objections to the sheriff's lien are properly raised in the forum handling enforcement of the relevant judgment. The Court has no doubt that Plaintiffs raised their objections in that forum, and that the record of their objections has been preserved in that case, where it should be. Any objection to a potential substitution of parties in this action pursuant to the sale of Plaintiffs' claims is not yet ripe; that is, Plaintiffs can object to a motion to substitute "if and when such motion is made." Dkt. No. 92 at 4. "Until that time,"—as Plaintiffs have already been advised—"filings on the subject are unnecessary, and worse: they impose a burden on the Court and its staff, as well as the Clerk of Court, and they do not help Plaintiffs' case." *Id.*; *see also* Dkt. No. 94 at 3 (piecemeal filings outside the structure established by the

ORDER ON MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION AND EXHIBITS – 3

applicable civil rules place "excessive burden" upon the Court and opposing counsel). These two unsolicited filings are not authorized by any law, order, or procedural rule and will be stricken.

On December 30, 2025, Plaintiffs filed a Notice of Newly Filed Related Action. Certain one-time notices informing the Court of the existence of other pending litigation are required under Local Rule 3(g) and 3(h). Dkt. No. 127. Without finding that the newly filed action is "related" within the meaning of the rules (and thus that this filing was *required*), the Court finds that this filing was appropriately made. This filing will not be stricken.

On December 31, 2025, Plaintiffs submitted a "Notice of Material Developments Affecting Pending Proceedings," which they describe as being filed "solely for the Court's situational awareness." Dkt. No. 128 at 2. This notice purports to inform the Court about external proceedings and about Defendant's commercial relationships. This filing was not solicited by the Court, does not appear to be related or relevant to any pending motion, and is not authorized by any law, order, or procedural rule. Therefore, it will be stricken.

On January 13, 2026, Plaintiffs filed a "Notice of Bankruptcy Filing and Automatic Stay," indicating that Plaintiff Ronda McNae had filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on January 8, 2026, and collection actions against her are therefore stayed. Dkt. No. 135. Local Civil Rule 89 requires any party that files for bankruptcy during the pendency of an action to notify the Court within three days by filing a Notice of Bankruptcy Filing. Such notice "must identify the filing party, the date of the filing, the court where the filing occurred, and set forth the party's position regarding whether the action is subject to the automatic stay of 11 U.S.C. § 362." LCR 89. Although Plaintiffs' notice was untimely and does not indicate their position on an automatic stay of this case as the Local Rules require, Plaintiff *were* required to file a notice of this type under the Local Rules. Accordingly, this filing was appropriately made and will not be stricken. Further, the Court finds

that because bankruptcy was filed by a plaintiff, not a defendant, the automatic stay does not apply, and this case is not stayed. *See, e.g.*, *Lehman Com. Paper, Inc. v. Palmdale Hills Prop., LLC* (*In re Palmdale Hills Prop., LLC*), 423 B.R. 655, 663 (9th Cir. BAP 2009) (automatic stay "inapplicable to lawsuits initiated by debtor"), *aff'd*, 654 F.3d 868 (9th Cir. 2011).

On February 2, 2026, Plaintiffs filed a "Supplemental Notice of Publicly Available Materials," which they describe as being "provided for completeness of the record only." Dkt. No. 136 at 2. Plaintiffs attach two exhibits they identify as "a SoftwareONE case study and an ARAG press release." *Id.* This filing was not solicited by the Court, does not appear to be related or relevant to any pending motion, and is not authorized by any law, order, or procedural rule. Therefore, it will be stricken.

Contrary to Plaintiffs' repeated refrain, unauthorized filings do not serve to "preserve the record" in any valuable way. *E.g.* Dkt. No. 122 at 1, Dkt. No. 130 at 1. First, these documents are not *part* of the record of proceedings in this case; they are informational updates on external proceedings or disputes between the parties—updates that the Court does not need and has ordered Plaintiffs not to file. Second, there is no indication that any of the information in question needs to be "preserved"—that is, that it is at risk of being lost if Plaintiffs do not file it here. If Plaintiffs believe certain information, such as communications with opposing counsel, may be relevant to a motion or other matter before the Court in the future, the proper repository for that information is their personal files, where it may be "preserved" until it merits the Court's attention. For example, if certain communications become relevant to a request Plaintiff wishes to make of the Court or in response to a request made by Defendant of this Court, then those communications may be discussed and attached to a motion or response. Otherwise, the Court docket is not the general repository for a party. *See* LCR 7 (procedure for filing of motions and other papers); *cf* LCR 5(d) (expert reports and discovery documents "must not be filed unless

ORDER ON MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION AND EXHIBITS – 5

they are used in the proceedings or the court orders filing"). As for any potential future appellate record, that record will consist of the matters that are before the Court—which only involve a narrow claim regarding a contract for an insurance policy between the Parties—not external matters Plaintiffs believe will be a "common reference point as litigation proceeds" (Dkt. No. 130 at 2).

For the foregoing reasons, and because, yet again, "Plaintiffs' improper notices are not authorized by any rule, statute, or order of this Court" (Dkt. No. 94 at 4), the Court will deny the motion and direct the Clerk of Court to strike all improper notices from the record. Additionally, as Plaintiffs have repeatedly ignored this Court's instruction to desist from filing unauthorized "notices" that do not seek relief, the Court will impose filing restrictions on Plaintiffs as detailed below.

Accordingly, the Court ORDERS as follows:

(1)    The Motion for Leave to File Supplemental Declaration and Exhibits (Dkt. No. 130) is DENIED. The clerk is DIRECTED to STRIKE all exhibits attached to the motion (Dkt. Nos. 130-1–130-5).

(2)    The Clerk is further DIRECTED to STRIKE from the docket the documents at Docket Numbers 121, 121-1, 122, 125, 128, 128-1, 129, and 136.

(3)    Henceforth, Plaintiffs are PROHIBITED from making any filing without prior authorization unless that filing is authorized by Local Civil Rule 7 (motions, responses, replies, and their supporting documents), Local Civil Rule 3(g) or 3(h) (notices informing the Court of the existence of other pending litigation not previously brought to the Court's attention), Local Civil Rule 10(f) (change of address), or Local Civil Rule 89 (Notice of Bankruptcy Filing). Plaintiffs SHALL

seek prior authorization to file a notice or any other filing that does not seek relief by filing a brief Motion for Leave to File. Such motion:

(a)   SHALL identify the legal basis for allowing the notice to be filed.

(b)   SHALL NOT detail the specific facts the proposed notice will convey.

(c)   SHALL NOT attach any declaration, exhibit, or other document.

A Motion for Leave to File made in compliance with this Order may be noted as a same-day motion and excepted from the meet-and-confer requirement.

Dated this 9th day of February, 2026.

Tana Lin
United States District Judge